IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| XOCKETS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION, MICROSOFT CORPORATION, and RPX CORPORATION,<br><br>        Defendants. | Civil Action No. 6:24-cv-453-ADA |

**DEFENDANTS' EMERGENCY MOTION (OPPOSED) FOR CONTINUANCE OF PRELIMINARY INJUNCTION HEARING, EXTENSION OF PRELIMINARY INJUNCTION BRIEFING SCHEDULE, AND EXPEDITED BRIEFING ON THIS EMERGENCY MOTION**

NVIDIA Corporation ("NVIDIA"), Microsoft Corporation ("Microsoft"), and RPX Corporation ("RPX") respectfully move for: (1) a 30-day extension, to October 16, 2024 at 12:00pm CT, to file their response to Xockets, Inc.'s ("Xockets'") Motion for Preliminary Injunction ("the Motion"); (2) a 30-day continuance of the hearing on the Motion currently set for September 19, 2024 to October 21, 2024 (or to a date as soon thereafter when the Court is next available)[1]; and, (3) expedited briefing on this Emergency Motion with Xockets' response due by 5:00pm CT on Wednesday September 11, 2024 (Defendants will waive their Reply on this Emergency Motion). NVIDIA's counsel consulted Xockets' counsel regarding this request, but Xockets did not agree to the relief requested.

The Complaint in this case was filed on September 5, 2024 (just five days ago) and includes Sherman Act antitrust claims against three separate, unrelated Defendants: NVIDIA,

---

[1] Defendants would not oppose an additional one-week extension of the hearing date should Xockets request more time to file a Reply.

1

Microsoft, and RPX. On the same day it filed its original Complaint, Xockets filed an Amended Complaint that added, among other things, claims of patent infringement asserting seven patents against both NVIDIA and Microsoft. Defendants were served on September 6, 2024. Defendants were not provided with the unredacted version of the Amended Complaint until September 9, 2024.

Pursuant to the Scheduling Order issued on September 5, 2024 (ECF No. 14, Order Setting Zoom Preliminary Injunction Hearing), Defendants' response to Xockets' Motion is currently due on September 16, 2024. Here, good cause exists to extend the schedule. Fed. R. Civ. P. 6(b)(1).

First, Xockets' Motion and 41 exhibits total more than 850 pages. Although Xockets' Sherman Act and patent claims are wholly without merit, given the sheer size and scope of the Motion, its exhibits (which include an expert declaration), and the underlying pleadings, which allege both antitrust and patent infringement claims, providing Defendants adequate and fair time to address the allegations is in the interests of justice.

Second, the relief Xockets seeks is both unclear and <u>not</u> narrowly tailored, which increases the difficulty of investigating and responding to the Motion. The language of the requested injunction is as follows: "RPX, NVIDIA, and Microsoft shall refrain from continuing, effectuating, or enforcing any agreement between or among each other or any other entity (other than Xockets) relating to the purchase, use or license of Xockets' technology." (ECF No. 4 at 40, Motion for Preliminary Injunction). The fact that this unprecedented relief seeks to cover activity not only among the three named Defendants, but also with other unnamed third parties, increases the scope of issues to be addressed through the Motion.

Third, nothing in Xockets' motion provides evidence of any impending urgency. A short extension to allow Defendants sufficient time to respond should not cause any, much less undue, prejudice to Xockets. While framed as seeking injunctive relief, the principal harm alleged is financial, which is not a proper basis for claiming irreparable harm. (ECF No. 4 at 31, Motion (alleging Defendants' conduct depressed the value of Xockets' patents, diminishing the company's sales value)). In addition, Xockets claims that NVIDIA's predecessor had been infringing the Xockets' patents since 2016, more than eight years before Xockets filed its complaint and preliminary injunction motion. (ECF No. 7 at ¶¶ 22-24, 33, Amended Complaint). Nearly six months have passed since the meetings that allegedly form the basis of Xockets' antitrust claims took place. (ECF No. 7 at ¶¶ 281-82). *Finally*, the section of Xockets' motion addressing the need for preliminary relief is a single paragraph that provides no evidence as to why the issue should be addressed now rather than after the normal course of discovery. (ECF No. 4 at 33, Motion for Preliminary Injunction). As noted, Xockets claims it faces licensing program harm because it must either license at below-market rates, or refuse to license at all thus causing its business to fail. *Id.* at 31-32. But, such speculation is belied by Xockets' decision to wait years to bring this lawsuit. And whether any of the Defendants would license Xockets' technology at all, or at what rates, cannot be decided on a preliminary basis.

Lastly, the Motion attacks RPX's business model, and RPX specifically is entitled to adequate time to present evidence that refutes Plaintiff's baseless claims.

Accordingly, a short extension is both reasonable and in the interest of justice. Given the compressed timeline, Defendants request an expedited briefing schedule on this Emergency Motion with Xockets' response due at 5:00pm CT on Wednesday, September 11, 2024. Defendants will waive any right to a Reply on this Emergency Motion.

Because ample good cause exists, Defendants respectfully request that the Court:

- **GRANT** Defendants a 30-day extension (until October 16, 2024 at 12:00pm CT) to respond to the Motion for Preliminary Injunction;

- **GRANT** a 30-day continuance of the currently scheduled hearing on the Preliminary Injunction; and

- **ORDER** an expedited briefing schedule on this Emergency Motion with Xockets' response due Wednesday, September 11, 2024 at 5:00pm CT (with Defendants waiving Reply).

Date:  September 10, 2024

Respectfully submitted,

*/s/      John M. Guaragna*
John M. Guaragna
Texas Bar No. 24043308
Michael Saulnier
Texas Bar No. 24131647
**DLA Piper LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701
Tel:  512.457.7000
Fax:  512.457.7001
John.guaragna@us.dlapiper.com
Michael.saulnier@dlapiper.com

Mark Fowler
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
East Palo Alto, CA  94304
Tel:  650.833.2000
Fax:  650.833.2001
Mark.fowler@dlapiper.com

**ATTORNEYS FOR DEFENDANT NVIDIA CORPORATION**

*/s/ Thomas M. Melsheimer*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Samuel W. Riebe
State Bar No. 24136101
SRiebe@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453 6500
Facsimile: (214) 453 6400

Kelly C. Hunsaker
CA State Bar No. 168307
KHunsaker@winston.com
Matthew R. McCullough (pro hac vice)
MRmccullough@winston.com
WINSTON & STRAWN LLP
225 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

Jeffrey L. Kessley (pro hac vice)
JKessler@winston.com
Aldo A. Badini (pro hac vice pending)
ABadini@winston.com
Susannah Torpey (pro hac vice forthcoming)
STorpey@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

**ATTORNEYS FOR DEFENDANT MICROSOFT CORPORATION**

*/s/ Deron R. Dacus*
Deron R. Dacus
Texas Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX  75701
ddacus@dacusfirm.com

        Garrard R. Beeney (*Pro hac vice* forthcoming)
Steven L. Holley (*Pro hac vice* forthcoming)
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY  10004
Tel.:    (212) 558-4000
Fax:    (212) 558-3588
beeneyg@sullcrom.com
holleys@sullcrom.com

Adam S. Paris (*Pro hac vice* forthcoming)
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, CA  90067
(310) 712-6600
(310) 712-8800
parisa@sullcrom.com

**ATTORNEYS FOR DEFENDANT RPX CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 10, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b)(1).  Any other counsel of record will be served by a facsimile and/or first-class mail.

        */s/ John M. Guaragna*
        John M. Guaragna

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for NVIDIA has conferred with counsel for Plaintiff in a good faith effort to resolve the matter presented herein. Counsel for Plaintiff did not agree to the relief requested.

*/s/ John M. Guaragna*
John M. Guaragna
