## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

XOCKETS, INC.
             Plaintiff,

vs.

NVIDIA CORPORATION, MICROSOFT
CORPORATION, and RPX CORPORATION,
             Defendants.

Case No.: 6:24-cv-453-LS

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
### MOTION TO WITHDRAW (DKT. 105)

RPX Corporation ("RPX"), Microsoft Corporation, and NVIDIA Corporation (together, "Defendants") oppose in part Xockets, Inc.'s ("Xockets" or "Plaintiff") Motion for Leave to File Motion to Withdraw (Dkt. 105), which was filed simultaneously with Plaintiff's Motion to Substitute the Declaration of Brian Hinman (Dkt. 4-35) with the Declaration of Robert Cote (Dkt. 106) ("Substitution Mot.").

Faced with incontestable documentary evidence, Plaintiff reached the unavoidable conclusion that both Hinman Declarations (Dkt. 4-35; Dkt. 99-4) contain false testimony and must be withdrawn from the record. (Dkt. 105-1 at 1-2.)[1] In light of the showing in the McCurdy Sur-reply Declaration (Dkt. 104-1), no other conclusion can be reached. However, Xockets may not avoid the consequences of submitting false testimony—including an inexplicable "screen shot" message to Robert Cote falsely memorializing a meeting that did not occur—by trying to excise it under the guise of a mere "disagreement" over "irrelevant" facts (Dkt. 105-1 at 1). The Cote

---

[1]     If Mr. Hinman knowingly submitted inaccurate testimony, Defendants reserve the right to seek further relief as warranted.

Declaration[2] is not a mere "replacement" as Plaintiff claims—it omits altogether Mr. Hinman's allegations that RPX's CEO, Mr. McCurdy, "contacted [Mr. Hinman]," "flew from New York and asked to have dinner with [Mr. Hinman]," and "made statements to the effect that Mr. McCurdy was being directed by [RPX] members." (Dkt. 4-35 ¶9, Dkt. 99-4 ¶¶2–3.) These allegations, which Xockets cites to show Defendants' alleged conspiracy to only negotiate through RPX, Dkt. 5-1 at 14, are now replaced with the note, "Intentionally left blank". (Dkt. 106-1 ¶9.)

        Plaintiff has not amended its Motion or other papers to omit these false assertions, and these are not, as Plaintiff argues, "disputes over collateral facts." (Dkt. 106 at 2.) *First*, they are no longer disputed: the events as related by Mr. Hinman did not occur; and *second*, Plaintiff relied heavily on these points in its Motion for Preliminary Injunction to support its claim of a conspiracy. Plaintiff relied on Mr. Hinman's testimony to argue that "NVIDIA and Microsoft's refusal to respond to Xockets, *coupled with RPX's sudden appearance*, is strong evidence that NVIDIA and Microsoft were acting collusively through RPX;" that "*it was RPX who reached out to Xockets*"; and that Mr. McCurdy claimed to be "acting on behalf of [RPX's] 'members'"— assertions Xockets now seeks to downplay. (Dkt. 4 "Mot. for Preliminary Injunction" at 14 (emphasis added).) These issues are not mere "collateral facts," but rather concern the alleged conspiracy to create a "buyers' cartel." *See e.g.* Dkt. 8-1 (First Am. Compl.) (alleging "Microsoft interacted with RPX to form a conspiracy with NVIDIA to create a buyers' cartel by refusing to negotiate individually [and] only negotiating through RPX" (¶282); and "RPX's CEO, Dan McCurdy, contacted Xockets' representative to have a call and set up a subsequent dinner meeting. During the conversations, Mr. McCurdy made statements to the effect that Mr. McCurdy was being

---

[2]     Mr. Cote is not an executive or employee of Xockets, but rather is one of the company's founding investors. (Dkt. 106.)

directed by members who were aware of an available portfolio of intellectual property" (¶ 283).) The false declarations bear not just on Xockets' credibility, they demonstrate the baseless nature of the alleged conspiracy as one of many reasons Plaintiff's Motion for Preliminary Injunction fails.

Not only does Plaintiff seek to sanitize the record and avoid the consequence of submitting and relying on demonstrably false testimony, but Xockets even relied on Mr. Hinman's false testimony to argue in its reply that the sworn declaration of RPX's CEO Mr. McCurdy was untruthful and "contradicts the record facts." (Dkt. 99 "Reply" at 2.) Plaintiff cited Mr. Hinman's false testimony to argue that Mr. McCurdy's representations to the Court in his declaration were "wildly inaccurate," claiming that "[t]he omission of flying to Houston to meet with Mr. Hinman reflects, at a minimum, that Mr. McCurdy is not a reliable declarant." *Id*. at 15. These attacks on RPX's integrity are not swept under the rug by a motion to withdraw. To be clear, Plaintiff submitted <u>two</u> false declarations in support of its Motion for Preliminary Injunction—even in the face of inconsistent contemporaneous emails from Mr. Hinman himself—which should have alerted Xockets and its attorneys that the testimony was false. This is not a small or collateral matter. To borrow Plaintiff's phraseology, the Hinman declarations reflect, at a minimum, that Xockets representatives are not reliable declarants. More fundamentally, it bears on Xockets' credibility and the absence of the alleged conspiracy that cannot be avoided by a "Motion to Withdraw" or "Motion to Substitute."

For the foregoing reasons, Defendants respectfully request that the Court (a) deny Plaintiff's Motion for Leave to File Motion to Withdraw (Dkt. 105), as Plaintiff continues to rely on the now-admittedly false assertions in its briefing and the Court and the public should be apprised of those falsehoods; and (b) strike all portions of Plaintiff's briefs and other papers that

cite to, or rely on, allegations from Mr. Hinman that Plaintiff is seeking to withdraw from this case. As to the Motion to Substitute Hinman's Declaration with Cote's Declaration (Dkt. 106), while the new declaration may suffer from other problems (including untimeliness), Defendants do not oppose presentation of that declaration, which omits the admittedly false statements.[3]

---

[3]    Defendants may seek further relief arising from Xockets' false testimony and other litigation conduct at the appropriate time.

DATED: October 22, 2024          Respectfully submitted,

/s/ *Adam S. Paris*

Deron R. Dacus
Texas Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
E-mail: ddacus@dacusfirm.com

Garrard R. Beeney (*pro hac vice*)
Steven L. Holley (*pro hac vice*)
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
beeneyg@sullcrom.com
holleys@sullcrom.com

Adam S. Paris (*pro hac vice*)
Caroline M.L. Black (*pro hac vice*)
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
Telephone: (310) 712-6600
parisa@sullcrom.com
blackcar@sullcrom.com

**ATTORNEYS FOR DEFENDANT
RPX CORPORATION**

/s/ *Mark N. Osborn*

Mark N. Osborn
Texas Bar No. 15326700
Valerie R. Auger
Texas Bar No. 24076251
**KEMP SMITH LLP**
221 N. Kansas, Suite 1700
El Paso, Texas 79901
915 546-5214
mosborn@kempsmith.com
valerie.auger@kempsmith.com

Charles Loughlin (*Pro Hac Vice*)
Justin Bernick (*Pro Hac Vice*)
Christopher Fitzpatrick (*Pro Hac Vice*)
**HOGAN LOVELLS US LLP**
555 Thirteenth St., NW
Washington, DC 20004
(202) 637-5600
Chuck.Loughlin@hoganlovells.com
Justin.Bernick@hoganlovells.com
Chris.Fitzpatrick@hoganlovells.com

John M. Guaragna
Texas Bar No. 24043308
Michael Saulnier
Texas Bar No. 24131647
**DLA Piper LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701
Tel: 512.457.7000
Fax: 512.457.7001
John.guaragna@us.dlapiper.com
Michael.saulnier@dlapiper.com

Mark Fowler
Carrie Williamson (*Pro hac vice*)
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
East Palo Alto, CA 94304
Tel: 650.833.2000
Fax: 650.833.2001
Mark.fowler@us.dlapiper.com
Carrie.williamson@us.dlapiper.com

**ATTORNEYS FOR DEFENDANT
NVIDIA CORPORATION**


 /s/ *Thomas M. Melsheimer*
Thomas M. Melsheimer (SBN: 13922550)
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Tel: (214) 453-6500
Fax: (214) 453-6400
tmelsheimer@winston.com

Kelly C. Hunsaker (CA Bar No: 168307)
Matthew R. McCullough (*pro hac vice*)
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Tel: (650) 858-6500
Fax: (650) 858-6550
khunsaker@winston.com
mrmccullough@winston.com

Jeffrey L. Kessler (*pro hac vice*)
Aldo A. Badini (*pro hac vice*)
Susannah P. Torpey (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com
abadini@winston.com
storpey@winston.com

Scott M. Border (*pro hac vice*)
**WINSTON & STRAWN LLP**
1901 L Street, N.W.
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100
sborder@winston.com

Bruce A. Koehler
Andres E. Almanzan
**MOUNCE, GREEN, MEYERS, SAFI,
PAXSON & GALATZAN, P.C.**
P.O. Box 1977
El Paso, Texas 79999
koehler@mgmsg.com
almanzan@mgmsg.com

**ATTORNEYS FOR DEFENDANT
MICROSOFT CORP.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of such filing to all counsel of record who have appeared in this case.

/s/ *Caroline M. L. Black*
Caroline M. L. Black
