**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **XOCKETS, INC.,** | |
| Plaintiff, | |
| v. | Civil Action No. 6:24-cv-453 |
| | **JURY TRIAL DEMANDED** |
| **NVIDIA CORPORATION,** | **PUBLIC ECF 114** |
| **MICROSOFT CORPORATION, and** | |
| **RPX CORPORATION,** | |
| Price Setting Group. | |

**PLAINTIFF XOCKETS' REPLY IN SUPPORT OF ITS REQESTS TO WITHDRAW**
**THE DECLARATIONS OF BRIAN HINMAN**

The Price Setting Group does not oppose submission of the Cote Declaration in replacement of the Hinman Declarations.[1] The Price Setting Group nonetheless opposes the motion to withdraw the Hinman Declarations on the ground that there are references to the withdrawn portions in the briefing. To be clear, with the Hinman Declarations withdrawn, the limited portions of the briefing citing to it were correspondingly withdrawn. This was the purpose of the withdrawal of the Hinman Declarations: to ensure the decision on the preliminary injunction is made on an undisputed factual record as to interactions between RPX and Xockets. If the Court desires Xockets to prepare an amended version of the briefing, it will do so.[2]

The remaining record with respect to contact between RPX and Xockets, narrowed for purposes of the preliminary injunction motion to consist only of entirely undisputed facts, is the following: ██████████████████████████████████████████ ████████████████████████████████████████████

---

[1] Dkt. 113 at 4.  "As to the Motion to Substitute Hinman's Declaration with Cote's Declaration (Dkt. 106) . . . Defendants do not oppose presentation of that declaration. . . ."
[2] Xockets offered to file amended briefs, but Price Setting Group, without explanation, stated it opposed any such filing. Redlines showing the amendments to the relevant pages of Xockets' moving brief and reply are attached as Ex. A.



(Dkt. 82-11 (emphases added).) Mr. McCurdy, RPX's CEO, and Mr. Hanneken, RPX's Vice President, both submit sworn declarations ████████████████████████████ ████████████. Mr. Hanneken states: ████████████████████████████ █████████████████████████████████████████████████████████████████ ████████ (Dkt. 82-14 ¶ 24.) Mr. McCurdy states: ████████████████████████ ████████████████████████████████████████ (Dkt. 82-3 ¶ 22.) These representations are entirely inconsistent with the limited records that RPX itself made available in this case, including ████████████████████████████████████████████████████████ █████████████████████████████████



(Dkt. 99-6 (emphases added).) These admissions are particularly significant because no member of the Price Setting Group disputes that RPX was acting on behalf of NVIDIA and Microsoft.

As noted in the Reply, the question of "who contacted whom first is irrelevant." It is irrelevant because by definition a seller must engage with a monopsony if it seeks to sell its products. *In re Beef Indus. Antitrust Litig*., 600 F.2d 1148 (5th Cir. 1979) is directly on point.  In that case, the harmed sellers dealt with the monopsony for many years, but that was not a defense to the claims asserted because, as the Fifth Circuit observed, "[i]n the monopsony or oligopsony price-fixing case . . . the seller faces a Hobson's choice: he can sell into the rigged market and take the depressed price, or he can refuse to sell at all.") *Id*. at 1158.

The fact that RPX is, in its words, "indispensable" in licensing and thus must be dealt with is not a defense to antitrust claims. For example, in *Cascades Computer Innovation LLC v. RPX,* the court observed "Beginning in March 2008 and continuing through 2011, [Cascade's counsel] 'negotiated numerous patent acquisition licensing arrangements with RPX . . . .'' 2013 WL 6247594, at *3 (N.D. Cal. Dec. 3, 2013).  Nonetheless, the court still held that by "acting only

through RPX, the Manufacturing Defendants could maintain a single-buyer market with the requisite market power to drive the price of Cascades' licenses to sub-competitive levels." 2013 WL 6247594, at *9.

Dated: October 22, 2024

Respectfully submitted,

*/s/ Jamie H. McDole*

**Henry J. Paoli**          (SBN 24032926)
**SCOTT HULSE PC**
One San Jacinto Plaza
201 E. Main St., Ste. 1100
P.O. Box 99123
El Paso, Texas 79999
Tel.: (915) 533-2493
Fax: (915) 546-8333
Email: hpao@scotthulse.com

**Max Ciccarelli**          (SBN 00787242)
**CICCARELLI LAW FIRM**
100 N 6th Street, Suite 503
Waco, Texas 76701
Telephone: 214-444-8869
Email: max@ciccarellilawfirm.com

**Jason G. Sheasby** *(pro hac vice)*
**IRELL & MANELLA LLP**
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
Tel.: 310.277.1010
Fax: 310.203.7199
Email: jsheasby@irell.com

**Jamie H. McDole**       (SBN 24082049)
           Lead Counsel
**Phillip B. Philbin**     (SBN 15909020)
**Michael D. Karson**   (SBN 24090198)
**David W. Higer**        (SBN 24127850)
**Miranda Y. Jones**    (SBN 24065519)
**Grant Tucker**          (SBN 24121422)
**Matthew L. Vitale**    (SBN 24137699)
**WINSTEAD PC**
2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
Tel.: (214) 745-5400
Fax: (214) 745-5390
Email: jmcdole@winstead.com
        pphilbin@winstead.com
        mkarson@winstead.com
        dhiger@winstead.com
        mjones@winstead.com
        gtucker@winstead.com
        mvitale@winstead.com

**Austin C. Teng**      (SBN 24093247)
**Nadia E. Haghighatian** (SBN 24087652)
**WINSTEAD PC**
600 W. 5th Street
Suite 900
Austin, Texas 78701
Tel.: (512) 370-2800
Fax: (512) 370-2850
Email: ateng@winstead.com
        nhaghighatian@winstead.com

*ATTORNEYS FOR XOCKETS, INC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 22, 2024, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service. Because the foregoing document was filed under seal, I also caused and/or instructed the foregoing document to be delivered by e-mail to all counsel of record who are deemed to have consented to electronic service.

*/s/ Jamie H. McDole*
Jamie H. McDole