**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **XOCKETS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**NVIDIA CORPORATION, MICROSOFT CORPORATION,** and **RPX CORPORATION**<br><br>Defendants. | Civil Action No. 6:24-cv-00453-LS<br><br>JURY TRIAL DEMANDED |

**Defendants' Proposed Schedule**

| Defendants' Proposed Date<br><br>(Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| December 5, 2024 | Begin FRCP 26(f) conference | |
| December 27, 2024<br><br>(45 days after Defendants' appearance [response to complaint]) | Submit proposed report of parties' planning meeting (RPPM) | |
| Thursday, December 12, 2024<br><br>(30 days after response to complaint filed) | Xockets shall serve on all parties its Preliminary Infringement Contentions, which shall contain the following information:<br><br>1) Each claim of each patent in suit that is | |

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| | allegedly infringed by each opposing party. | |
| | 2) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible, utilizing names and model numbers, if known. | |
| | 3) A chart identifying specifically where and how each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function. | |
| | 4) Whether each element of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality. | |
| | 5) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled. | |
| | 6) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim. | |
| | Accompanying document production: Accompanying the Preliminary Infringement | |

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| | Contentions, the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying: 1) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102. 2) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Section I(A)(5), *supra,* whichever is earlier. 3) A copy of the file history for each patent in suit. | |
| January 27, 2025 (30 days after RPPM) | Deadline to file Motions to Transfer. | |
| February 5, 2025 (35 days after RPPM) **+ 5 days** | Each party opposing a claim of patent infringement shall serve on all parties its Preliminary Invalidity Contentions, which shall contain the following information: 1) The identity of each item of prior art that allegedly anticipates each asserted claim or | Extended by five days due to the complexity and number of patents. |

- 3 -

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| | renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or the information known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the persons from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the persons or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s). For post-AIA claims, prior art references showing that the claimed invention was otherwise available to the public under 35 U.S.C. § 102(a)(1) shall be identified by specifying the form and nature of the reference, the manner in which the reference was made public, and the date on which the reference was made public.<br><br>2) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness. | |

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| | 3) A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function. | |
| | 4) Any grounds of invalidity based on 35 U.S.C. § 101. | |
| | 5) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(b) or enablement or written description under 35 U.S.C. § 112(a). | |
| | Accompanying Document Production: | |
| | Accompanying the Preliminary Invalidity Contentions, the party opposing a claim of patent infringement shall produce to each opposing party or make available for inspection and copying: | |
| | 1) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Preliminary Infringement Contentions. | |
| | 2) A copy of each item of prior art identified pursuant to Section III(A)(1) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced. | |

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| February 18, 2025 (10 days after service of invalidity contentions) | Parties exchange claim terms for construction. | |
| Monday, March 10, 2025 (20 days after exchange of claim terms) | Parties exchange proposed claim constructions. | |
| Monday, March 10, 2025 (20 days after exchange of claim terms) | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[1] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. | |
| Thursday, April 10, 2025 (30 days after exchange of proposed terms and extrinsic evidence) | Parties submit Joint Claim Construction and Prehearing Statement. | |

---

[1] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| Friday, May 9, 2025 (30 days from JCCS submission) | Claim Construction Discovery Close | |
| Tuesday, May 27, 2025 (15 days after close of claim construction discovery) | Plaintiff files Opening claim construction brief, including any arguments regarding indefiniteness. | |
| Monday June 23, 2025 (2 weeks from opening CC brief) **+ 1 week 6 days** | Defendants file Responsive claim construction brief. | Extended due to the complexity and number of patents. |
| Tuesday, July 3, 2025 (7 days from responsive CC brief) **+ 3 days** | Plaintiff files Reply claim construction brief. | Extended due to the complexity and number of patents. |

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| **Monday, July 14, 2025** | Defendants file Surreply claim construction brief | This deadline is not included in Judge Cardone's standing order, but Defendants have proposed adding a sur-reply brief due to the complexity and number of patents and to provide a full record for the Court in deciding claim construction. |
| Monday, July 14, 2025 (10 days before Markman + 1 day due to holiday) | Parties submit optional technical tutorials to the Court and technical adviser (if appointed). | |
| Monday, July 28, 2025 subject to the Court's convenience (21 days from submission of reply) **+ 4 days** | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. | Extended in light of above extensions to briefing schedule due to the complexity and number of patents. |
| 1 business day after Markman hearing | Fact Discovery opens. | |
| 1 business day after Markman hearing | Deadline to serve Initial Disclosures per Rule 26(a). | |

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| Monday, September 16, 2025<br><br>(60 days after Markman hearing for Final Contentions) | Deadline to serve Final Infringement Contentions.<br><br>Prior to the Final Contentions deadline, the parties must seek leave of Court only to the extent that an amendment adds patent claims. So long as claims are not added, the parties may amend infringement and invalidity contentions prior to the Final Contentions deadline, without seeking leave of Court.<br><br>After this date, leave of Court is required for any amendment to Infringement contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. | |
| Tuesday, October 7, 2025<br><br>(60 days after Markman hearing for Final Contentions) + **3 weeks** | Deadline to serve Final Invalidity Contentions.<br><br>Prior to the Final Contentions deadline, the parties must seek leave of Court only to the extent that an amendment adds patent claims. So long as claims are not added, the parties may amend infringement and invalidity contentions prior to the Final Contentions deadline, without seeking leave of Court.<br><br>After this date, leave of Court is required for any amendment to Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. | This deadline is not included in Judge Cardone's standing order, but Defendants have proposed a separate Final Invalidity Contentions deadline, consistent with the separate preliminary contentions deadlines, due to the complexity and number of patents. |

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| Wednesday, October 16, 2025 (90 days after Markman) | Deadline to amend pleadings. A motion is not required unless the amendment adds patents, patent claims, or any new non-patent claim. (Note: This includes amendments in response to a 12(c) motion.) | |
| Wednesday, December 3, 2025 | Deadline to substantially complete document production | This deadline is not included in Judge Cardone's standing order, but Defendants have proposed this as a reasonable deadline to ensure the efficient progress of discovery. |
| Friday, March 20, 2026 | Deadline for the first of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. | This deadline is not included in Judge Cardone's standing order, but Defendants have proposed this requirement to promote efficiency by narrowing the patent claims and invalidity defenses that will need to be tried. |

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| Friday, April 17, 2026 (6 months after Markman hearing) **+ 2.5 months** | Close of Fact Discovery. | Extended due to the complexity and number of patents and the potential need for often significant and time-consuming antitrust discovery, as well as to account for potential difficulty in coordinating discovery and depositions between multiple parties. |
| **Thursday, April 23, 2026** | Deadline to file Motions to Compel. | This deadline is not included in Judge Cardone's standing order, but Defendants have proposed this requirement to ensure the efficient progress of discovery. |
| Thursday, April 30, 2026 (1 week after close of fact discovery) **+ 1 week** | Deadline to serve Opening Expert Reports. | Extended due to the complexity and number of patents, and the potential need for additional experts relating to the antitrust claims. |
| Thursday, June 11, 2026 (3 weeks after opening expert reports) **+ 3 weeks** | Deadline to serve Rebuttal Expert Reports. | Extended due to the complexity and number of patents, and the potential need for additional experts relating to the antitrust claims. |

- 11 -

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| Thursday, June 18, 2026 (WDTX) | The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before this date. | |
| Thursday, July 2, 2026 (WDTX) | Each opposing party shall respond, in writing, to the written offer of settlement made by the parties asserting claims for relief by this date. | |
| Friday, July 10, 2026 (1 month after rebuttal reports) | Close of Expert Discovery. | |
| **Friday, July 17, 2026** | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. | This deadline is not included in Judge Cardone's standing order, but Defendants have proposed this requirement to promote efficiency by narrowing the patent claims and invalidity defenses that will need to be tried. |
| Friday, August 7, 2026 (1 month after close of expert discovery) | Dispositive motion deadline and *Daubert* motion deadline. | |
| Friday, September 11, 2026 (WDTX) | Deadline for the parties to complete ADR in compliance with Rule CV-88. A motion objecting to ADR must be filed not later than 60 days before this deadline. | |

- 13 -

| Defendants' Proposed Date (Deadline timing per Judge Cardone's Standing Order) | Event | Explanation of Any Variation from Judge Cardone's Standing Order |
|---|---|---|
| Monday, December 7, 2026 | Jury Selection/Trial. | |

**SIGNED** and **ENTERED** on _____, 2024.

                                                                                 _____
                                                                                 **LEON SCHYDLOWER**
                                                                                 **UNITED STATES DISTRICT JUDGE**