IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **XOCKETS, INC.,**<br><br>   Plaintiff,<br><br>   v.<br><br>**NVIDIA CORPORATION, MICROSOFT CORPORATION,** and **RPX CORPORATION**<br><br>   Defendants. | Civil Action No. 6:24-cv-00453-LS<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF XOCKETS, INC.'S OPPOSED MOTION TO COMPEL DISCOVERY**

On November 21 the parties reached an impasse on Rule 26(f) issues in a Rule 26(f) conference. (*See* ECF No. 133.) That was followed by a separate conference on December 5 that Defendants expressly characterized as a Rule 26(f) conference. (*See* Ex. 1 (Defendants confirming their availability for a continued Rule 26(f) Conference on December 5, 2024).) Regardless of the date of the Rule 26(f) conference, discovery in this case commenced no later than December 5, 2024 under Federal Rule of Civil Procedure 26(d).[1] On December 11, 2024, Xockets properly served discovery requests, including interrogatories and document requests, upon each Defendant. Under Rules 33(b)(2) and 34(b)(2)(A), Defendants' responses to these discovery requests were due no later than January 10, 2025.

Defendants responded with objections on January 10, 2025, but refused to provide any substantive interrogatory responses or document production. Until the Court rules on the pending Scheduling Order motion (*e.g.*, ECF No. 133), Defendants refuse to proceed with discovery. Defendants' consistent delay tactics since the inception of the case and refusal to participate in discovery without a Court order explicitly opening discovery reflects their disregard for the Federal Rules of Civil Procedure and for well-established jurisprudence, as set forth *infra*. Defendants' delay tactics are part of the standard game plan in what is euphemistically referred to as "efficient infringement." Per this practice, the infringer simply adopts the technology, leaving the small company to enforce its legal rights, with the infringer using delay tactics in litigation knowing few small companies will be able to afford or survive such a war of attrition that lasts years.[2]

---

[1] Defendants' refusal to provide discovery responses is the latest in a long list of Defendants' delay tactics. (*See* ECF No. 133; ECF No. 144.) Xockets re-urges adoption of the Waco procedures in this case, which would help to curb Defendants' continuous delay tactics and minimize the need for Xockets to seek the Court's relief through motions like this one. (*See* ECF No. 133.)

[2] *See* Kristen Osenga, *The Loss of Injunctions under eBay: Evidence of the Negative Impact on the Innovation Economy*, Hudson Inst., Feb 28, 2024, https://www.hudson.org/regulation/loss-

Xockets requests that the Court order each Defendant to provide complete interrogatory responses and document production in response to Xockets' December 11, 2024 discovery requests within two weeks of the Court's order, and reimburse Xockets for its fees and costs associated with this motion under Rule 37(a)(5)(A).

I.   **FACTUAL BACKGROUND**

Counsel for Xockets and Defendants NVIDIA Corporation ("NVIDIA"), Microsoft Corporation ("Microsoft"), and RPX Corporation ("RPX") first met and conferred under Rule 26 on November 21 when the parties reached an impasse on Rule 26(f) issues. (*See* ECF No. 133.) Thereafer, on December 5, 2024, the Parties again met and conferred in what Defendants expressly recognized as a continuance of the Rule 26(f) conference. (*See* Ex. 1 (Defendants confirming their availability for a continued Rule 26(f) Conference on December 5, 2024).) On December 11, Xockets served a set of interrogatories and document requests on each Defendant. (Ex. 2 (Service Email of Interrogatories and RFPs to Defendants).) On January 10, 2025, each of the Defendants timely objected under the Federal Rules, but eschewed their obligations under the rest of the Federal Rules of Civil Procedure and declined to provide *any* substantive responses or responsive document production on the premise that discovery is not yet open. (Exs. 3–8 (Defendants' objections to the interrogatories and RFPs).)

Microsoft objected to the interrogatories and Requests for Production indicating that it would not meaningfully participate in discovery until the Court affirmatively enters a discovery schedule. (Ex. 3 at para. 1 (Microsoft stating that it "will not provide substantive discovery responses or discovery while this dispute remains pending because it is the province of the Court

---

injunctions-under-ebay-evidence-negative-impact-innovation-economy (discussing "efficient" or "predatory" infringement).

to set an appropriate schedule for discovery"); Ex. 4 at para. 1 (same).) NVIDIA and RPX similarly objected to the interrogatories and RFPs on the ground that no case schedule is in place. (Ex. 5 at para. 1 (NVIDIA objecting that "no scheduling order existed and fact discovery had not yet opened"); Ex. 6 at para. 1 (same); Ex. 7 at para. 1 (RPX objecting that "no scheduling order existed and fact discovery had not yet opened"); Ex. 8 at para. 1 (same).) Defendants' collective refusal to provide substantive answers and document production has no support in the Federal Rules of Civil Procedure or case law.

The parties met and conferred on this issue on January 14, 2025, and Defendants maintained their objections without providing any support, necessitating this Motion to Compel.

## II.     APPLICABLE LAW

The Federal Rules of Civil Procedure, absent an order to the contrary, control the timing of discovery:

> **(d) Timing and Sequence of Discovery.**
>
> **(1) *Timing.*** A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

FED. R. CIV. P. 26(d)(1). Thus, discovery is open once the parties have held a Rule 26(f) conference. Unsurprisingly, voluminous case law supports what Rule 26(d) makes clear. *Health & Wellness Lifestyle Clubs, LLC v. Raintree Golf, LLC*, 808 F. App'x 338, 346 (6th Cir. 2020) (stating that, in the absence of a scheduling order, a party "was free to seek discovery at any point after the parties' initial discovery conference"); *Babakhanlou v. L.A. Cty.*, No. 2:23-cv-08682 MWC-JPR, 2024 U.S. Dist. LEXIS 219792, at *3–4 (C.D. Cal. Dec. 3, 2024) (quoting GENSLER, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY, Rule 26, at 877 (2021)) ("However, once the parties have their Rule 26(f) discovery planning meeting, 'the parties are free

to seek discovery as they see fit unless the court intervenes. The parties do not need to wait for the court to enter a scheduling order.'"); *see also S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-cv-00871, 2024 U.S. Dist. LEXIS 28155, at *6 (N.D. Ohio Feb. 20, 2024) ("Moreover, discovery opened on July 27, 2023 when the parties held their Rule 26(f) conference."); *Paul Johnson Drywall Inc. v. Sterling Grp. LP*, No. CV-21-01408-PHX-DWL, 2021 WL 5994718, at *3 (D. Ariz. Dec. 17, 2021) ("Here, because the parties held their Rule 26(f) conference on November 15, 2021, PJD was entitled from that point forward to serve discovery requests on Sterling."); *Fleming v. Tinnell*, No. 3:19-CV-00125-RGJ-CHL, 2021 WL 1579910, at *2 (W.D. Ky. Apr. 22, 2021) ("The Parties met pursuant to Rule 26(f) on May 29, 2020, and, thus, could have begun to take discovery at any point after that date, including prior to the Court's entry of a scheduling order on August 5, 2020."); *Townsend v. Brooks Sports*, No. 2:17-CV-62-FTM-99MRM, 2017 WL 3457022, at *2 (M.D. Fla. Aug. 11, 2017) ("After the Rule 26(f) conference, the parties may engage in discovery."); *XR Commc'ns, LLC v. Ruckus Wireless, Inc.*, No. CV 17-02961-AG-JC-GX, 2017 WL 10743046, at *1 (C.D. Cal. Aug. 2, 2017) (internal citations omitted) ("[U]nder Federal Rule of Civil Procedure 26(d)(1), '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).' But here, it appears that the parties conducted the contemplated conference on July 26, 2017. It follows that discovery is open."); *Manpower Inc. v. Slingshot Connections LLC*, No. 2:12-CV-01069 JAM, 2012 WL 3561974, at *1 (E.D. Cal. Aug. 17, 2012) ("the parties have already conducted a Rule 26(f) discovery conference, the parties are free to conduct discovery"); *Exhibit Icons, LLC v. XP Companies, LLC*, No. 07-80824-CIV, 2008 WL 11333232, at *2 (S.D. Fla. Oct. 29, 2008) ("Once the parties have conducted the conference required under Rule 26(f) of the Federal Rules of Civil Procedure, discovery is open for all purposes.").

### III. ARGUMENT

Absent an order to the contrary, discovery is open. *Health & Wellness,* 808 F. App'x at 346 (holding a party "was free to seek discovery at any point after the parties' initial discovery conference"); *Babakhanlou*, 2024 U.S. Dist. LEXIS 219792 at *3–4 (internal quotation omitted) (holding that after a Rule 26(f) conference "the parties are free to seek discovery as they see fit unless the court intervenes."); *Fleming*, 2021 WL 1579910 at *2 ( holding the parties could take discovery at any point after the Rule 26(f) conference).

Defendants have yet to identify any authority that the absence of an issued Scheduling Order or an "open dispute" between the parties about such an Order prevents discovery from opening. Indeed, the case law holds the opposite. *Babakhanlou*, 2024 U.S. Dist. LEXIS 219792 at *3–4 (holding that parties do not need to wait for the court to enter a scheduling order to open discovery); *Fleming*, 2021 WL 1579910 at *2 (holding that discovery opens after the Rule 26(f) conference, including prior to the Court's entry of a scheduling order). Further, Defendants wrongly characterize the dispute between the parties in ECF Nos. 133, 135, and 136 as regarding when discovery opens; it is in fact, a dispute about the Scheduling Order for this case. Unquestionably, the entry of Xockets' proposed Scheduling Order in ECF No. 133 will allow this case to move forward with appropriate haste given the ever-growing prejudice to Xockets. However, the absence of such an order does not override the clear dictate of the Federal Rules of Civil Procedure.

Additionally, Defendants' assertion that discovery is not open is inconsistent with their timely response to the interrogatories and Requests for Production. The Federal Rules apply, or they don't. If they apply, then (1) discovery is open, (2) Defendants timely served objections to Xockets' discovery requests, but (3) Defendants' failure to substantively respond to Xockets' discovery requests is facially improper. If, on the other hand, the rules do not apply, then there was

5

no need for Defendants to serve anything at all in response to Xockets' discovery requests, because the deadline to respond to premature discovery requests is 30 days after the Rule 26(f) conference—i.e., when discovery opens. FED. R. CIV. P. 34(b)(2)(A); *see* FED. R. CIV. P. 33(b)(2); *see also Tonti Mgmt. Co. v. Soggy Doggie, LLC*, No. CV 19-13134, 2020 WL 9172035, at *4 (E.D. La. Aug. 13, 2020) (holding that document prematurely served before the Rule 26(f) conference are considered properly served on the date of the Rule 26(f) conference and the response period only begins to run on that date). But Defendants ***did*** serve objections, and did so within the Federal Rules' 30-day time to respond. This reveals that even Defendants agree the Federal Rules apply and discovery is open. The Defendants' baseless refusal to provide substantive responses or produce documents in contempt of the Federal Rules of Civil Procedure is inconsistent with their adherence to the time to respond provisions of those very same rules.

## IV.  CONCLUSION

Rule 26(d) of the Federal Rules of Civil Procedure unequivocally allows for discovery requests once the parties have conferred as required under Rule 26(f). FED. R. CIV. P. 26(d). And the Federal Rules unequivocally obligate Defendants to fully and completely respond to those timely discovery requests, including the production of documents. As evidenced by their objections, Defendants improperly reject these fundamental precepts of the Federal Rules of Civil Procedure. Discovery is open and there is no justifiable basis for Defendants to continue to hold this case up. Xockets respectfully requests that this Court grant its Motion to Compel Defendants to provide substantive answers to the interrogatories propounded and produce the documents requested in Xockets' discovery requests within two weeks of the Court's order. Pursuant to Rule 37(a)(5)(A), Xockets also requests that the Court award Xockets' reasonable expenses incurred in making this motion, including its attorneys' fees, in an amount to be determined after the Court's order.

Dated: January 16, 2025

Respectfully submitted,

*/s/ Jamie H. McDole*
**Henry J. Paoli**          (SBN 24032926)
**SCOTT HULSE PC**
One San Jacinto Plaza
201 E. Main St., Ste. 1100
P.O. Box 99123
El Paso, Texas 79999
Tel.: (915) 533-2493
Fax: (915) 546-8333
Email: hpao@scotthulse.com

**Max Ciccarelli**          (SBN 00787242)
**CICCARELLI LAW FIRM**
100 N 6th Street, Suite 503
Waco, Texas 76701
Telephone: 214-444-8869
Email: max@ciccarellilawfirm.com

**Jason G. Sheasby** *(pro hac vice)*
**IRELL & MANELLA LLP**
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
Tel.: 310.277.1010
Fax: 310.203.7199
Email: jsheasby@irell.com

**Jamie H. McDole**         (SBN 24082049)
          Lead Counsel
**Phillip B. Philbin**      (SBN 15909020)
**Michael D. Karson**       (SBN 24090198)
**David W. Higer**          (SBN 24127850)
**Miranda Y. Jones**        (SBN 24065519)
**Matthew L. Vitale**       (SBN 24137699)
**Cody M. Carter**          (SBN 24131091)
**David A. Neal**           (SBN 24144868)
**WINSTEAD PC**
2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
Tel.: (214) 745-5400
Fax: (214) 745-5390
Email: jmcdole@winstead.com
        pphilbin@winstead.com
        mkarson@winstead.com
        dhiger@winstead.com
        mjones@winstead.com
        mvitale@winstead.com
        ccarter@winstead.com
        dneal@winstead.com

**Austin C. Teng**        (SBN 24093247)
**Nadia E. Haghighatian** (SBN 24087652)
**WINSTEAD PC**
600 W. 5th Street
Suite 900
Austin, Texas 78701
Tel.: (512) 370-2800
Fax: (512) 370-2850
Email: ateng@winstead.com
         nhaghighatian@winstead.com

**ATTORNEYS FOR XOCKETS, INC.**

8

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 14, 2025 counsel for the parties held a videoconference meet and confer. During the meet and confer, the parties discussed the relief sought in this Motion in a good faith effort to resolve the dispute but were unable to reach agreement. Accordingly, the parties are at an impasse.

/s/ *Jamie H. McDole*
Jamie H. McDole

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2025, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ *Jamie H. McDole*
Jamie H. McDole