# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

XOCKETS, INC.,

                    Plaintiff,

        v.

MICROSOFT CORPORATION,

                    Defendant.

Case No. 6:24-cv-00453-LS

**DEFENDANT MICROSOFT
CORPORATION'S OBJECTIONS TO
PLAINTIFF XOCKETS, INC.'S FIRST
SET OF INTERROGATORIES (Nos. 1-
11)**

**PROPOUNDING PARTY**:  PLAINTIFF XOCKETS, INC.

**RESPONDING PARTY**:    DEFENDANT MICROSOFT CORPORATION

**SET NO.**:              ONE (Nos. 1-11)

      Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Microsoft Corporation

("Microsoft") responds to Plaintiff Xockets, Inc.'s ("Xockets") First Set of Interrogatories (Nos.

1-11) as follows.

<u>**OBJECTIONS**</u>

      1.    Microsoft objects to these Interrogatories as premature because it is common

practice in this district that discovery does not open until after the Markman hearing, and the parties

have a live dispute before the Court as to when discovery should begin.  *See* Dkts. 133, 135, 136.

Xockets' attempt to force discovery to open by serving these discovery requests improperly

attempts to usurp the Court's authority to decide the parties' dispute.  Microsoft therefore serves

these objections but will not provide substantive discovery responses or production while this

dispute remains pending because it is the province of the Court to set an appropriate schedule for discovery.

2.    Microsoft objects to these Interrogatories to the extent that they attempt to impose an obligation on Microsoft different from or greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, the Court's rules and orders entered in this action, and any agreements between the parties.

3.    Microsoft objects to these Interrogatories, the Definitions, and the Instructions because they purport to require Microsoft to provide discovery relating to Fungible and/or Azure Boost products which are not properly at issue in this case.  These products are not included in the definition of "Microsoft Accused Products" in the First Amended Complaint (Dkt. 7 ¶¶ 188, 209, 244) and are thus outside the scope of the First Amended Complaint making Xockets' discovery requests relating to Fungible and/or Azure Boost not "relevant to any party's claim or defense" under Rule 26 and not a proper subject of discovery.  Further, Xockets cannot assert infringement claims for any Fungible and/or Azure Boost product in this case, further supporting that discovery into these products is not proper, because joining such claims in a case involving NVIDIA would violate both the patent joinder statute (35 U.S.C. § 299) and Federal Rule of Civil Procedure 20. Microsoft incorporates by reference its argument in its Motion to Sever and Stay Patent Claims Under the Customer-Suit Exception explaining why these products are not properly at issue in this case, which makes them not "relevant to any party's claim or defense" under Rule 26 and not a proper subject of discovery.  *See* Dkt. 139 at 13-17.

4.    Microsoft further objects that these discovery requests are not "proportional to the needs of the case" under Rule 26 because, among other reasons, Microsoft is merely a customer of NVIDIA with respect to the only properly accused products.  Xockets' discovery requests to

NVIDIA and Microsoft are substantially identical, which is not warranted given Microsoft's status as a customer and the Federal Circuit's clear guidance "to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). Microsoft therefore will not substantively respond to these overbroad requests because Xockets has not even attempted to tailor its discovery requests to only that information truly needed from a customer such as Microsoft.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

5.      Microsoft objects to the definitions of "Plaintiff" and "Xockets" (which further refer to the definition of "person") as overbroad and not proportional to the needs of the case in purporting to include numerous entities not named in this case (e.g., "predecessors," "attorneys," "partners," "attorneys," "agents," "representatives," "consultants," and "any person acting on its behalf"), not reasonably identifiable (e.g., "any person acting on its behalf"), and not relevant to any claim or defense (e.g., "attorneys"). Microsoft will treat this term as referring to Plaintiff Xockets, Inc. alone.

6.      Microsoft objects to the definition of "NVIDIA" (which further refers to the definition of "person") as overbroad and not proportional to the needs of the case in purporting to include numerous entities not named in this case (e.g., "predecessors"), not within the control of NVIDIA (e.g. "consultants"), not reasonably identifiable (e.g. "any person acting on its behalf"), and not relevant to any claim or defense (e.g., "attorneys"). Microsoft will treat this term as referring to Defendant NVIDIA Corporation alone.

7.      Microsoft objects to the definitions of "Microsoft," "You," and "Your" (which further refer to the definition of "person") as overbroad and not proportional to the needs of the case in purporting to include numerous entities not named in this case (e.g., "predecessors"), not

within the control of Microsoft (e.g. "consultants"), not reasonably identifiable (e.g. "any person acting on its behalf"), and not relevant to any claim or defense (e.g., "attorneys"). Microsoft will respond on behalf of itself, Microsoft Corporation, only.

8.      Microsoft objects to the definition of "RPX" (which further refers to the the definition of "person") as overbroad and not proportional to the needs of the case in purporting to include numerous entities not named in this case (e.g., "predecessors"), not within the control of RPX (e.g. "consultants"), not reasonably identifiable (e.g. "any person acting on its behalf"), and not relevant to any claim or defense (e.g., "attorneys"). Microsoft will treat this term as referring to Defendant RPX Corporation alone.

9.      Microsoft objects to the definition of "Data Processing Unit" or "DPU" as vague, overbroad, and requiring expert opinion because the definition requires an assessment of whether a processor has "hardware acceleration technology for offloading, accelerating, and isolating workloads … from central processing units (CPUs), graphics processing units (GPUs), and/or hybrids of these server processors in a server system." Microsoft further objects to this definition as vague and ambiguous because it is unclear what constitutes "hybrids of these server processors" because this does not have a readily ascertainable meaning and uses an ambiguous antecedent reference ("these") without clearly identifying which of the multiple prior processors ("programmable processor," "CPUs," and/or "GPUs") the definition is referring to. Microsoft further objects to this definition as vague, ambiguous, overbroad, and requiring expert opinion because it calls for discovery on "any processor that is substantially or reasonably similar" to those listed, which has no clear meaning because Xockets has failed to identify any specific criteria by which similarity should be assessed. Microsoft will treat "Data Processing Unit" or "DPU" as

referring to the NVIDIA BlueField, ConnectX (ConnectX-5 and later), and NVLink Switch (Third Generation and later).

10.    Microsoft objects to the definitions of "NVIDIA Accused Instrumentalities" as vague, ambiguous, overbroad, and requiring expert opinion because it calls for discovery on "any NVIDIA product or service that is substantially or reasonably similar" to those listed, which has no clear meaning because Xockets has failed to identify any specific criteria by which similarity should be assessed.  Microsoft further objects to this definition because identifying "any NVIDIA product or service that is substantially or reasonably similar" may require confidential, internal NVIDIA information to which Microsoft does not have access.   Microsoft will treat "NVIDIA Accused Instrumentalities" as referring to the NVIDIA BlueField, ConnectX (ConnectX-5 and later), NVLink Switch (Third Generation and later), and Hopper and Blackwell GPU-enabled server systems in DGX, HGX, or MGX configurations.

11.    Microsoft objects to the definition of "Microsoft Accused Instrumentalities" with respect to its inclusion of products that incorporate Fungible and/or Azure Boost products because those products are outside the scope of the First Amended Complaint and not properly subject to discovery in this case, as explained above.  Microsoft will not provide any discovery with respect to Fungible and/or Azure Boost.  Microsoft further objects to this definition as vague, ambiguous, overbroad, and requiring expert opinion because it calls for discovery on "any Microsoft product or service that is substantially or reasonably similar" to those listed, which has no clear meaning because Xockets has failed to identify any specific criteria by which similarity should be assessed. Microsoft will treat "Microsoft Accused Instrumentalities" as referring to Microsoft's Azure server systems that use and/or incorporate NVIDIA BlueField, ConnectX (ConnectX-5 and later), or NVLink Switch (Third Generation and later).

12.     Microsoft objects to the definition of "Person" to the extent it requires Microsoft to make a legal judgment (e.g., what constitutes a "partnership" or "joint venture").  Microsoft further objects to this definition as vague because what constitutes a "subdivision" of a governmental agency, department or "units" is not clearly delineated.  Microsoft will treat "Person" as referring to a natural or legal person.

13.     Microsoft objects to the definition of "Document" as overbroad and not proportional to the needs of the case.  For example, the definition requires Microsoft to produce "the original and each non-identical copy of any . . . material, in whatever form" without regard to whether copies of the original would suffice, whether changes between copies are relevant to the case, or whether production in a given form would pose an undue burden to Microsoft.  Microsoft will respond in accordance with the meaning of "document" as used by the Federal Rules of Evidence and Federal Rules of Civil Procedure, subject to the Court's limitations in any future orders governing this proceeding.   The parties are negotiating a separate order addressing the appropriate scope and form of email discovery, and consistent with Xockets' proposal that e-mail should not be subject to ordinary discovery requests, Microsoft will not include "e-mail" within the meaning of "Document" in answering these Interrogatories.   Microsoft also objects to the definition as it seeks information that is not reasonably accessible (e.g., computer tapes and "any other information stored in any magnetic or electronic format").  Microsoft is not presently aware of potentially responsive non-duplicative documents in locations that are not reasonably accessible and is not required under the rules and applicable law to search or preserve information that is not reasonably accessible such as, for example, back up tapes.  Microsoft also objects to any request to produce duplicates as that would be unduly burdensome and not proportional to the needs of the case.

14.     Microsoft objects to the definitions of "Communication" as overbroad to the extent it includes obligations beyond what is required in the Federal Rules of Civil Procedure, this district's local rules, and any order by this Court governing proceedings.  As explained above with respect to "Document," Microsoft will not treat email as falling within the scope of the term "Communication" for these Interrogatories because the parties are negotiating a separate order addressing the appropriate scope and form of email discovery.

15.     Microsoft objects to the definition of "Identify" as overbroad, not proportional to the needs of the case, and inconsistent with the Federal Rules of Civil Procedure.  For example, the definition of "Identify" with respect to documents requires information such as "type," "subject matter," "date," and "author(s), addressee(s), and recipient(s)," whereas Rule 33(d) only requires an identification "in sufficient to detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Microsoft will respond in accordance with the Federal Rules of Civil Procedure and will identify only the responsive information required by the Rules.

16.     Microsoft objects to Instruction No. 3 as exceeding the requirements of the Federal Rules of Civil Procedure.  Rule 33(d) only requires an identification "in sufficient to detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Xockets has no authority to require any information beyond that required by Rule 33(d), and Microsoft will respond in accordance with the Federal Rules of Civil Procedure and will identify only the responsive information required by the Rules.

17.     Microsoft objects to Instruction No. 6 because it purports to require Microsoft to provide discovery on information not reasonably within its custody or control, such as "things contained in any personal files of Your present or past employees).  Microsoft further objects to

the extent this Instruction requires identification of documents not reasonably accessible, such as documents on back up tapes, and incorporates its objection to the term "Identify" above.

18.      Microsoft objects to Instruction No. 7 to the extent it requires Microsoft to obtain or construct information that is not within its possession, custody, or control.

19.      Microsoft further objects to Instruction No. 2, 4, 7 and 8 because they attempt to impose an obligation on Microsoft different from or greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, the Court's rules and orders entered in this action, and any agreements between the parties.

## RESPONSE TO INTERROGATORIES

## INTERROGATORY NO. 1:

Identify each Instrumentality You use, sell, offer for sale, own, or otherwise make use of or control that has any DPUs, or other programmable processor with hardware acceleration technology capable of offloading, accelerating, and isolating workloads (e.g., infrastructure tasks like networking, security, and storage) from CPUs, GPUs, and/or hybrid server processors in a server system, independent of whether You contend such capability or functionality is enabled, used, or configured for use, from September 5, 2018, to the present, and identify the three (3) most knowledgeable people about each such Instrumentality.

## RESPONSE:

Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery.  Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined terms "DPUs" and "You."  Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft further objects to this Interrogatory as vague, ambiguous, requiring expert analysis, and/or requiring third-party information because the phrase

"programmable processor with hardware acceleration technology capable of offloading, accelerating, and isolating workloads" requires a hypothetical determination of whether a processor is "capable" of offloading, accelerating, or isolating, which would require expert analysis and may require third-party information for processors not designed by Microsoft. Microsoft further objects that the phrase "programmable processor with hardware acceleration technology capable of offloading, accelerating, and isolating workloads" is overbroad because any processor, including conventional CPUs that long pre-date the asserted patents, might be "capable" of offloading or isolating workloads. Microsoft further objects because this Interrogatory fails to provide any criteria for determining who is most knowledgeable. Microsoft further objects that this Interrogatory lacks a geographic limit. Microsoft will limit any response as described in its objection to the term "Microsoft Accused Instrumentalities," i.e. as referring to Microsoft's server systems that use and/or incorporate NVIDIA BlueField, ConnectX (ConnectX-5 and later), or NVLink Switch (Third Generation and later).

**INTERROGATORY NO. 2:**

For each Instrumentality identified in Your response to Interrogatory No. 1, including but not limited to each of the Accused Instrumentalities, identify every customer, user, and/or vendor for each such Instrumentality, including the date on which each such Instrumentality was first purchased, used, offered for sale, or sold in the United States.

**RESPONSE:**

Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including, without limitation, its objections to "Microsoft Accused

Instrumentalities" (incorporated by the definition of "Accused Instrumentalities"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Interrogatory as seeking information not in its possession, custody, or control because it seeks a response identifying all customers, users, and vendors for the NVIDIA Accused Instrumentalities. Microsoft further objects to this Interrogatory as overbroad, unduly burdensome and disproportionate to the needs of the case because it calls for discovery on *every* customer, user, and/or vendor, even though, for example, vendors of components not at issue in this case are not relevant and not proportional to the needs of this case. Microsoft further objects that this Interrogatory is compound and seeks discovery on at least three different subjects (1. customers/users; 2. vendors; 3. date of first purchase, use, offer for sale, sale) and should therefore count as three distinct interrogatories.

**INTERROGATORY NO. 3:**

On a month-by-month basis, from September 5, 2018, to the present, provide the gross revenue, net profit, expenses, and cost(s) of goods or services sold for each customer and/or user of each of the Accused Instrumentalities, and identify the three (3) most knowledgeable people about such financial information.

**RESPONSE:**

Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including, without limitation, its objections to "Microsoft Accused Instrumentalities" and "NVIDIA Accused Instrumentalities" (both of which are incorporated in the definition of "Accused Instrumentalities"). Microsoft will respond in accordance with the

limitations stated in its objections to these terms above. Microsoft objects to this Interrogatory as seeking information not in its possession, custody, or control because it seeks a response identifying financials for the NVIDIA Accused Instrumentalities. Microsoft further objects to this Interrogatory as overbroad, unduly burdensome and disproportionate to the needs of the case because it calls for discovery on *every* customer, user, and/or vendor, even though, for example, vendors of components not at issue in this case are not relevant. Microsoft further objects to the extent this Interrogatory seeks financial information that Microsoft does not maintain in the ordinary course of business or in a format not maintained by Microsoft in the ordinary course of business, for example by demanding gross revenue, net profit, expenses, and costs on an individual customer or user basis. Microsoft will only respond with respect to financial information in the format that it maintains in the ordinary course of business. Microsoft also objects to the lack of a geographic limitation as overbroad and disproportionate to the needs of the case. Microsoft further objects because this Interrogatory fails to provide any criteria for determining who is most knowledgeable.


**INTERROGATORY NO. 4:**

 Describe in detail the circumstances of when You first learned of Xockets and/or any of the Xockets Patents, including the date(s) of Your first knowledge, the person(s) involved in obtaining Your first knowledge, and identify the production number(s) of any documents relating or referring to Xockets and/or any of the Xockets Patents.

**RESPONSE:**

 Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections

to Definitions and Instructions, including, without limitation, its objections to "You / Your," "Xockets," and "Person." Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft further objects to this Interrogatory as overbroad and seeking irrelevant discovery because it seeks information regarding Microsoft's knowledge of Xockets and/or the Asserted Patents without respect to whether that knowledge relates to the alleged infringement of the Asserted Patents or any Asserted Claim in this case. Microsoft further objects to the extent this Interrogatory seeks information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the common-interest privilege, or the work product doctrine, and will not provide any privileged information. Microsoft further objects because this Interrogatory uses vague and overbroad terms such as "involved in obtaining." Microsoft further objects because this Interrogatory seeks information such as all "documents relating or referring to Xockets and/or any of the Xockets Patents" without limiting the Interrogatory to relevant issues, i.e., alleged infringement of the Patents in Suit by the Accused Instrumentalities. Microsoft further objects to this Interrogatory to the extent it seeks any information restricted from disclosure or use by contractual agreements made by Xockets and/or its agents.


**INTERROGATORY NO. 5:**

Describe in detail any steps or efforts You have taken to avoid infringing any of the Xockets Patents since Your first knowledge thereof, and identify by production number(s) any document referring or relating to such steps or efforts.

**RESPONSE:**

Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions. Microsoft objects to this Interrogatory as vague, ambiguous and based on a false premise. Microsoft objects to this Interrogatory as prematurely calling for expert opinion to the extent it requires the parties' legal positions on non-infringement. Microsoft further objects to this Interrogatory to the extent it requires the production of information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the common-interest privilege, or the work product doctrine. Microsoft further objects to this Interrogatory to the extent it calls for production of documents or things prepared in anticipation of litigation.

**INTERROGATORY NO. 6:**

Identify the five (5) most knowledgeable people for each of the (i) research, (ii) design, and (iii) development of each of the Accused Instrumentalities, including each such person's name, date(s) of employment, title(s), and role(s) with respect to each of the Accused Instrumentalities.

**RESPONSE:**

Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including, without limitation, its objections to "Microsoft Accused Instrumentalities" and "NVIDIA Accused Instrumentalities" (both of which are incorporated in the definition of "Accused Instrumentalities"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Interrogatory as seeking information not in its possession, custody, or control because it seeks a response

identifying persons knowledgeable regarding the research, design, or development of the NVIDIA Accused Instrumentalities, as well as information about such persons. Microsoft further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of this case, given that the infringement allegations within the scope of the First Amended Complaint depend on the operation of the NVIDIA Accused Instrumentalities, and thus seeking information on the research, design and development of Microsoft server systems that incorporate the NVIDIA Accused Instrumentalities include numerous unrelated components and technologies not relevant to any claims or defenses in this case. Microsoft further objects to this Interrogatory because it fails to provide any criteria for determining who is most knowledgeable in this context. Microsoft also objects because this Interrogatory is not limited to relevant aspects of the Microsoft Accused Instrumentalities.

**INTERROGATORY NO. 7:**

Provide a list of all licenses, agreements, or contracts to which You are party, or of which You are aware, that purport to (i) transfer any rights in patents, copyrights, trademarks, trade knowledge, know how, technology, or other property associated with server systems, including but not limited to DPU technologies, capabilities, or functionalities, or that (ii) agree to purchase or sell any products associated with server systems, including but not limited to DPU technologies, capabilities, or functionalities. For the avoidance of doubt, the list should include the production number(s) of the license, agreement, or contract, all parties thereto, all relevant dates and terms thereof, all property transferred (e.g., patent numbers) thereby and all consideration (monetary or otherwise) associated therewith.

**RESPONSE:**

Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including, without limitation, its objections to the definition of "DPU" and "You." Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft further objects to this Interrogatory as vague, overbroad and unduly burdensome because it is unlimited in time or scope, seeks discovery into contracts that involve "any rights in patents, copyrights, trademarks, trade knowledge, know how, technology, or other property associated with server systems" or the purchase and sale of "any products associated with server systems," regardless of any degree of comparability or any connection or lack thereof to the Xockets Patents, and even if unrelated to any accused product or technology. Microsoft further objects that the term "associated with server systems" is vague, overbroad, and not proportional to the needs of this case because they are not limited to relevant issues. Microsoft further objects to this Interrogatory to the extent it seeks confidential information of third parties to which Microsoft owes an obligation of confidentiality or duty to prevent disclosure, including but not limited to information subject to confidentiality agreements, nondisclosure agreements, or protective orders. Microsoft will provide any such third-party confidential information only after affording such party an opportunity to object to disclosure.

**INTERROGATORY NO. 8:**

Describe each instance or circumstance in which You have explained, touted, or promoted the benefits, advantages, or promise of DPU technology, including the offloading, acceleration,

and isolation capabilities and functionalities of any of the Accused Instrumentalities, including who, when, where, and how.

**RESPONSE:**

Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including, without limitation, its objections to the definition of "DPU," "Microsoft Accused Instrumentalities" (incorporated within the definition of "Accused Instrumentalities"), and "You." Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft further objects to this Interrogatory as overbroad and not proportional to the needs of this case in seeking "each" instance of any communication "explain[ing], tout[ing], or promot[ing]" the functionalities of the Accused Instrumentalities, which is an unreasonable burden in light of Microsoft's extensive documentation and communication relating to its own products, much of which is publicly available and thus equally accessible to Xockets. Microsoft further objects that the phrase "benefits, advantages, or promise" is vague, overbroad, and not proportional to the needs of this case because they are not limited to relevant issues. Microsoft further objects because this Interrogatory lacks time or geographic limits.

**INTERROGATORY NO. 9:**

Describe the complete legal and factual basis for Your contention, if any, that the Accused Instrumentalities do not infringe any one or more Asserted Claims of any one or more of the Asserted Patents, including, for each such contention, (i) the identity of all persons knowledgeable about the contention and (ii) all documents supporting or refuting the contention.

**RESPONSE:**

Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including, without limitation, its objections to "Microsoft Accused Instrumentalities" (incorporated within the definition of "Accused Instrumentalities"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Interrogatory as seeking information not in its possession, custody, or control because it seeks a response regarding non-infringement for the NVIDIA Accused Instrumentalities, which would depend on NVIDIA confidential information about the operation of the NVIDIA Accused Instrumentalities. Microsoft objects that this Interrogatory prematurely seeks expert discovery regarding non-infringement, and Microsoft will not provide expert discovery at this time, but only in accordance with the Court's schedule. Microsoft further objects to this Interrogatory because terms such as "complete" and "all" are disproportionate to the needs of the case.

**INTERROGATORY NO. 10:**

Identify any product, solution, service, or other instrumentality that You contend is or was an available, acceptable, non-infringing alternative to the Accused Instrumentalities and the Xockets Patents, including all costs associated with implementing the alleged alternative (e.g., additional operational costs, hardware, energy use, housing, planning, research, design, development, creation, integration, testing, coding, marketing, the time to market, and/or support and switching of customer deployments).

**RESPONSE:**

Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery.  Microsoft incorporates by reference its Objections to Definitions and Instructions, including, without limitation, its objections to "Microsoft Accused Instrumentalities" (incorporated within the definition of "Accused Instrumentalities").  Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Interrogatory as seeking information not in its possession, custody, or control because it seeks a response regarding alternatives to the NVIDIA Accused Instrumentalities and their costs, which would depend on NVIDIA confidential information about the operation of the NVIDIA Accused Instrumentalities.  Microsoft objects that this Interrogatory prematurely seeks expert discovery regarding non-infringement and non-infringing alternatives, and Microsoft will not provide expert discovery at this time, but only in accordance with the Court's schedule.   Microsoft further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information about a laundry list of alleged types of costs including costs that may be borne by third parties, such as NVIDIA and/or customers.

**INTERROGATORY NO. 11:**

Set forth in detail the complete legal and factual basis for the amount of damages You contend Xockets is entitled to should You be found to infringe the Asserted Claims of the Asserted Patents, and include in Your answer an identification of the date of any hypothetical negotiation and any evidence You contend supports Your contention.

**RESPONSE:**

Microsoft objects that this Interrogatory is premature and subject to a live dispute before the Court regarding the schedule for discovery.  Microsoft incorporates by reference its Objections to Definitions and Instructions.  Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft objects that this Interrogatory prematurely seeks expert discovery regarding damages, and Microsoft will not provide expert discovery at this time, but only in accordance with the Court's schedule.  Microsoft objects that this Interrogatory on the basis that it is a downstream customer and Xockets' patent claims against Microsoft would be exhausted.  Microsoft further objects that this Interrogatory improperly seeks to shift the burden of proving damages, which belongs to Xockets alone, and is based on a false premise that Microsoft is required to quantify Xockets' damages at all.  Microsoft also objects because terms such as "complete" are disproportionate to the needs of the case.

Dated: January 10, 2025                 WINSTON & STRAWN LLP


                                        By:    */s/ Kelly C. Hunsaker*
                                               Thomas M. Melsheimer
                                               State Bar No. 13922550
                                               Samuel W. Riebe
                                               State Barn No. 24136101
                                               **WINSTON & STRAWN LLP**
                                               2121 N. Pearl Street, Suite 900
                                               Dallas, TX 75201
                                               Tel: (214) 453-6500
                                               Fax: (214) 453-6400
                                               tmelsheimer@winston.com
                                               sriebe@winston.com

                                               Kelly C. Hunsaker
                                               CA Bar No. 168307
                                               Matthew R. McCullough (*pro hac vice*)

**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Tel. (650) 858-6500
Fax (650) 858-6559
khunsaker@winston.com
mrmccullough@winston.com

Jeffrey L. Kessler (*pro hac vice*)
Aldo A. Badini (*pro hac vice*)
Susannah P. Torpey (*pro hac vice*)
Lauren E. Duxstad (*pro hac vice*)
Artem Khrapko (*pro hac vice*)
Rebecca Ou (*pro hac vice*)
Daniel Marzagalli (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com
abadini@winston.com
storpey@winston.com
lduxstad@winston.com
akhrapko@winston.com
rou@winston.com
dmarzagalli@winston.com

Scott M. Border (*pro hac vice*)
**WINSTON & STRAWN LLP**
1901 L Street, N.W.
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100
sborder@winston.com

Nasir Hussain (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL  60601-9703
Tel: (312) 558-5600
Fax: (312) 558-5700
nhussain@winston.com

Bruce A. Koehler

Andres E. Almanzan
**MOUNCE, GREEN, MYERS, SAFI, PAXSON
& GALATZAN, P.C.**
P.O. Box 1977
El Paso, TX 79950
Tel: (915) 532-2000
Fax: (915) 541-1548
koehler@mgmsg.com
almanzan@mgmsg.com

*Attorneys for Defendant
Microsoft Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on January 10, 2025, all counsel of record for Plaintiff who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

*/s/ Kelly C. Hunsaker*      
Kelly C. Hunsaker
