# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| XOCKETS, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>MICROSOFT CORPORATION<br><br>                   Defendant. | Case No. 6:24-cv-00453-LS<br><br>**DEFENDANT MICROSOFT CORPORATION'S OBJECTIONS TO PLAINTIFF XOCKETS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (Nos. 1-31)** |

**PROPOUNDING PARTY**:  PLAINTIFF XOCKETS, INC.

**RESPONDING PARTY**:   DEFENDANT MICROSOFT CORPORATION

**SET NO.**:                    ONE (Nos. 1-31)

       Pursuant to Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Western District of Texas, Defendant Microsoft Corporation ("Microsoft"), by and through its attorneys, hereby responds to Plaintiff Xockets, Inc.'s ("Xockets") First Set of Requests for Production of Documents and Things (Nos. 1 – 31) as follows.

<u>**OBJECTIONS**</u>

       1.     Microsoft objects to these Requests as premature because it is common practice in this district that discovery does not open until after the Markman hearing, and the parties have a live dispute before the Court as to when discovery should begin.  *See* Dkts. 133, 135, 136. Xockets' attempt to force discovery to open by serving these discovery requests improperly attempts to usurp the Court's authority to decide the parties' dispute.  Microsoft therefore serves these objections but will not provide substantive discovery responses or production while this

dispute remains pending because it is the province of the Court to set an appropriate schedule for discovery.

2.      Microsoft objects to these Requests to the extent that they attempt to impose an obligation on Microsoft different from or greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, the Court's rules and orders entered in this action, and any agreements between the parties.

3.      Microsoft objects to these Requests, the Definitions, and the Instructions because they purport to require Microsoft to provide discovery relating to Fungible and/or Azure Boost products which are not properly at issue in this case.  These products are not included in the definition of "Microsoft Accused Products" in the First Amended Complaint (Dkt. 7 ¶¶ 188, 209, 244) and are thus outside the scope of the First Amended Complaint making Xockets' discovery requests relating to Fungible and/or Azure Boost     not "relevant to any party's claim or defense" under Rule 26 and not a proper subject of discovery.  Further, Xockets cannot assert infringement claims for any Fungible and/or Azure Boost product in this case, further supporting that discovery into these products is not proper, because joining such claims in a case involving NVIDIA would violate both the patent joinder statute (35 U.S.C. § 299) and Federal Rule of Civil Procedure 20. Microsoft incorporates by reference its argument in its Motion to Sever and Stay Patent Claims Under the Customer-Suit Exception explaining why these products are not properly at issue in this case, which makes them not "relevant to any party's claim or defense" under Rule 26 and not a proper subject of discovery.  *See* Dkt. 139 at 13-17.

4.      Microsoft further objects that these discovery requests are not "proportional to the needs of the case" under Rule 26 because, among other reasons, Microsoft is merely a customer of NVIDIA with respect to the only properly accused products.  Xockets' discovery requests to

NVIDIA and Microsoft are substantially identical, which is not warranted given Microsoft's status as a customer and the Federal Circuit's clear guidance "to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). Microsoft therefore will not substantively respond to these overbroad requests because Xockets has not even attempted to tailor its discovery requests to only that information truly needed from a customer such as Microsoft.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

5.      Microsoft objects to the definitions of "Plaintiff" and "Xockets" (which further refer to the definition of "person") as overbroad and not proportional to the needs of the case in purporting to include numerous entities not named in this case (e.g., "predecessors," "attorneys," "partners," "attorneys," "agents," "representatives," "consultants," and "any person acting on its behalf"), not reasonably identifiable (e.g., "any person acting on its behalf"), and not relevant to any claim or defense (e.g., "attorneys"). Microsoft will treat this term as referring to Plaintiff Xockets, Inc. alone.

6.      Microsoft objects to the definition of "NVIDIA" (which further refers to the definition of "person") as overbroad and not proportional to the needs of the case in purporting to include numerous entities not named in this case (e.g., "predecessors"), not within the control of NVIDIA (e.g. "consultants"), not reasonably identifiable (e.g. "any person acting on its behalf"), and not relevant to any claim or defense (e.g., "attorneys"). Microsoft will treat this term as referring to Defendant NVIDIA Corporation alone.

7.      Microsoft objects to the definitions of "Microsoft," "You," and "Your" (which further refer to the definition of "person") as overbroad and not proportional to the needs of the case in purporting to include numerous entities not named in this case (e.g., "predecessors"), not

within the control of Microsoft (e.g. "consultants"), not reasonably identifiable (e.g. "any person acting on its behalf"), and not relevant to any claim or defense (e.g., "attorneys"). Microsoft will respond on behalf of itself, Microsoft Corporation, only.

8.    Microsoft objects to the definition of "RPX" (which further refers to the the definition of "person") as overbroad and not proportional to the needs of the case in purporting to include numerous entities not named in this case (e.g., "predecessors"), not within the control of RPX (e.g. "consultants"), not reasonably identifiable (e.g. "any person acting on its behalf"), and not relevant to any claim or defense (e.g., "attorneys"). Microsoft will treat this term as referring to Defendant RPX Corporation alone.

9.    Microsoft objects to the definition of "Data Processing Unit" or "DPU" as vague, overbroad, and requiring expert opinion because the definition requires an assessment of whether a processor has "hardware acceleration technology for offloading, accelerating, and isolating workloads … from central processing units (CPUs), graphics processing units (GPUs), and/or hybrids of these server processors in a server system." Microsoft further objects to this definition as vague and ambiguous because it is unclear what constitutes "hybrids of these server processors" because this does not have a readily ascertainable meaning and uses an ambiguous antecedent reference ("these") without clearly identifying which of the multiple prior processors ("programmable processor," "CPUs," and/or "GPUs") the definition is referring to. Microsoft further objects to this definition as vague, ambiguous, overbroad, and requiring expert opinion because it calls for discovery on "any processor that is substantially or reasonably similar" to those listed, which has no clear meaning because Xockets has failed to identify any specific criteria by which similarity should be assessed. Microsoft will treat "Data Processing Unit" or "DPU" as

referring to the NVIDIA BlueField, ConnectX (ConnectX-5 and later), and NVLink Switch (Third Generation and later).

10.    Microsoft objects to the definitions of "NVIDIA Accused Instrumentalities" as vague, ambiguous, overbroad, and requiring expert opinion because it calls for discovery on "any NVIDIA product or service that is substantially or reasonably similar" to those listed, which has no clear meaning because Xockets has failed to identify any specific criteria by which similarity should be assessed.  Microsoft further objects to this definition because identifying "any NVIDIA product or service that is substantially or reasonably similar" may require confidential, internal NVIDIA information to which Microsoft does not have access.   Microsoft will treat "NVIDIA Accused Instrumentalities" as referring to the NVIDIA BlueField, ConnectX (ConnectX-5 and later), NVLink Switch (Third Generation and later), and Hopper and Blackwell GPU-enabled server systems in DGX, HGX, or MGX configurations.

11.    Microsoft objects to the definition of "Microsoft Accused Instrumentalities" with respect to its inclusion of products that incorporate Fungible and/or Azure Boost products because those products are outside the scope of the First Amended Complaint and not properly subject to discovery in this case, as explained above.  Microsoft will not provide any discovery with respect to Fungible and/or Azure Boost.  Microsoft further objects to this definition as vague, ambiguous, overbroad, and requiring expert opinion because it calls for discovery on "any Microsoft product or service that is substantially or reasonably similar" to those listed, which has no clear meaning because Xockets has failed to identify any specific criteria by which similarity should be assessed. Microsoft will treat "Microsoft Accused Instrumentalities" as referring to Microsoft's Azure server systems that use and/or incorporate NVIDIA BlueField, ConnectX (ConnectX-5 and later), or NVLink Switch (Third Generation and later).

12.     Microsoft objects to the definition of "Person" to the extent it requires Microsoft to make a legal judgment (e.g., what constitutes a "partnership" or "joint venture"). Microsoft further objects to this definition as vague because what constitutes a "subdivision" of a governmental agency, department or "units" is not clearly delineated. Microsoft will treat "Person" as referring to a natural or legal person.

13.     Microsoft objects to the definition of "Document" as overbroad and not proportional to the needs of the case. For example, the definition requires Microsoft to produce "the original and each non-identical copy of any . . . material, in whatever form" without regard to whether copies of the original would suffice, whether changes between copies are relevant to the case, or whether production in a given form would pose an undue burden to Microsoft. Microsoft will respond in accordance with the meaning of "document" as used by the Federal Rules of Evidence and Federal Rules of Civil Procedure, subject to the Court's limitations in any future orders governing this proceeding. The parties are negotiating a separate order addressing the appropriate scope and form of email discovery, and consistent with Xockets' proposal that e-mail should not be subject to ordinary discovery requests, Microsoft will not include "e-mail" within the meaning of "Document" in answering these Interrogatories. Microsoft also objects to the definition as it seeks information that is not reasonably accessible (e.g., computer tapes and "any other information stored in any magnetic or electronic format"). Microsoft is not presently aware of potentially responsive non-duplicative documents in locations that are not reasonably accessible and is not required under the rules and applicable law to search or preserve information that is not reasonably accessible such as, for example, back up tapes. Microsoft also objects to any request to produce duplicates as that would be unduly burdensome and not proportional to the needs of the case.

14.     Microsoft objects to the definitions of "Communication" as overbroad to the extent it includes obligations beyond what is required in the Federal Rules of Civil Procedure, this district's local rules, and any order by this Court governing proceedings.  As explained above with respect to "Document," Microsoft will not treat email as falling within the scope of the term "Communication" for these Interrogatories because the parties are negotiating a separate order addressing the appropriate scope and form of email discovery.

15.     Microsoft objects to the definition of "Identify" as overbroad, not proportional to the needs of the case, and inconsistent with the Federal Rules of Civil Procedure.  The definition of "Identify" purports to require Microsoft to provide a narrative response beyond document production and no such narrative response is required by the Rules.  Microsoft will respond in accordance with the Federal Rules of Civil Procedure.

16.     Microsoft objects to the requested location of production as unduly burdensome.

17.     Microsoft object to instruction Nos 2, 4, 5, and 6 because they attempt to impose an obligation on Microsoft different from or greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, the Court's rules and orders entered in this action, and any agreements between the parties.

18.     Microsoft objects to Instruction No. 4 to the extent it requires Microsoft to obtain or construct information that is not within its possession, custody, or control.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating or referring to Xockets, Parin Dalal, Stephen Belair, Dan Alvarez, Ron Melanson, Greg Lavender, Tom Kelly, John Blair, or any patent or patents owned by or assigned to Xockets, including but not limited to any of the Xockets Patents.

**RESPONSE TO REQUEST NO. 1.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions.  Microsoft further objects that this Request seeks information that is either publicly available and/or in the possession of Xockets, and Microsoft will not collect or produce such documents.   Microsoft also objects to this Request as overbroad and seeking discovery that is not relevant to the extent it goes beyond documents related to the alleged infringement of the Asserted Patents (e.g., "not limited to any of the Xockets Patents") by the Accused Instrumentalities.  Microsoft further objects to this Request as overbroad and seeking discovery that is not relevant to the case by seeking "all" documents relating to Xockets and the named individuals.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating or referring to the capability or functionality of any DPU (or other programmable processor with hardware acceleration technology capable of offloading, accelerating, and isolating workloads from CPUs, GPUs, and/or hybrid server processors in a server system) in any Accused Instrumentality, including but not limited to all source code for each Accused Instrumentality.

**RESPONSE TO REQUEST NO. 2.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined terms "Microsoft   Accused   Instrumentality"   (incorporated   within   the   definition   of   "Accused

Instrumentality") and "DPU."  Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents relating to the NVIDIA Accused Instrumentalities.  Microsoft further objects to this Request as vague, ambiguous, requiring expert analysis, and/or requiring third-party information because the phrase "programmable processor with hardware acceleration technology capable of offloading, accelerating, and isolating workloads" requires a hypothetical determination of whether a processor is "capable" of offloading, accelerating, or isolating, which would require expert analysis and may require third-party information for processors not designed by Microsoft.  Microsoft further objects that the phrase "programmable processor with hardware acceleration technology capable of offloading, accelerating, and isolating workloads" is overbroad because any processor, including conventional CPUs that long pre-date the asserted patents, might be theoretically "capable" of offloading or isolating workloads.  Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" source code for the accused instrumentalities, including, for example, source code for unrelated components not at issue in this case (which may be further subject to confidentiality restrictions involving one or more third-parties).  Microsoft will not produce any source code for aspects of the Microsoft Accused Instrumentalities not at issue in this case. Microsoft further objects that this Request lacks a geographic or time limitation.  Microsoft further objects to this Request as overbroad and disproportionate to the needs of the case because the term "capability or functionality" is not limited to any functionalities accused in this case. Microsoft further objects to this request because "all documents relating" and "all source code" are disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to, referring to, or constituting design documents, technical specifications, technical requirements, technical diagrams (including but not limited to circuit diagrams, block diagrams, architecture diagrams, state diagrams), schematics, artwork, blueprints, flow charts, formulas, system plans, system layouts, system designs, or minimum system requirements relating to any of the Accused Instrumentalities.

**RESPONSE TO REQUEST NO. 3.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks technical documents relating to the NVIDIA Accused Instrumentalities. Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" of the listed technical documents for the accused instrumentalities, including, for example, design documents for unrelated components not at issue in this case (which may be further subject to confidentiality restrictions involving one or more third-parties). Microsoft will not produce any documents for aspects of the Microsoft Accused Instrumentalities not at issue in this case. Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 4:**

Source code (including configuration files, build scripts, programmer-visible software interfaces, Linux kernel, drivers, firmware, Verilog, RTL, and/or HDL), specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality or any product that is substantially similar to an Accused Instrumentality, including the products identified in response to Plaintiff's Interrogatory No. 1.

**RESPONSE TO REQUEST NO. 4.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks source code relating to the NVIDIA Accused Instrumentalities. Microsoft further objects to this Request as vague, ambiguous, overbroad, and requiring expert opinion because it calls for discovery on "any product that is substantially similar to an Accused Instrumentality," which has no clear meaning because Xockets has failed to identify any specific criteria by which similarity should be assessed. Microsoft will respond with respect to the Microsoft Accused Instrumentalities" only, subject to its objections. Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks code for "any" aspect or element of the Accused Instrumentalities, including, for example, unrelated components not at issue in this case (which may be further subject to

confidentiality restrictions involving one or more third-parties).  Microsoft will not produce any source code for aspects or elements of the Microsoft Accused Instrumentalities not at issue in this case.  Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating or referring to the research, design, or development of any of the Accused Instrumentalities.

**RESPONSE TO REQUEST NO. 5.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality").  Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents relating to the research, design, and development of the NVIDIA Accused Instrumentalities.  Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" documents relating to research, design or development for the accused instrumentalities, including, for example, design documents for unrelated components not at issue in this case (which may be further subject to confidentiality restrictions involving one or more third-parties).  Microsoft will not produce any documents for aspects of the Microsoft Accused Instrumentalities not at issue in this case.  Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 6:**

All documents evidencing or reflecting Your investment in any DPU technology, capability, or functionality, including any DPU technology, capability, or functionality in any Accused Instrumentality.

**RESPONSE TO REQUEST NO. 6.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Accused Instrumentality," "Microsoft Accused Instrumentality," and "DPU."   Microsoft will respond in accordance with the limitations stated in its objections to these terms above.   Microsoft further objects to this Request as overbroad because it concerns Microsoft's investment in "any DPU technology, capability, or functionality" regardless of whether that investment is related to the issues of the case.   Microsoft further objects that this request lacks a geographic or time limitation.   Microsoft objects that the term "investment in any DPU technology, capability, or functionality" is not limited to functionalities accused in this case.   Microsoft also objects because "all documents" is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to, referring to, or constituting instruction manuals or guides, training materials, specifications, suggested configurations, configuration options, implementation guides, or deployment guides for any of the Accused Instrumentalities.

**RESPONSE TO REQUEST NO. 7.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.  Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality").  Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents such as specifications for the NVIDIA Accused Instrumentalities.  Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" documents, including, for example, guides or specifications for unrelated components not at issue in this case (which may be further subject to confidentiality restrictions involving one or more third-parties).  Microsoft will not produce any documents for aspects of the Microsoft Accused Instrumentalities not at issue in this case.  Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to, referring to, or constituting employee instruction manuals or guides, training materials, or other employee educational materials for any of the Accused Instrumentalities.

**RESPONSE TO REQUEST NO. 8.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.  Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term

"Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents such as employee guides for the NVIDIA Accused Instrumentalities. Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" documents, including, for example, guides and other documents for unrelated components not at issue in this case (which may be further subject to confidentiality restrictions involving one or more third-parties). Microsoft will not produce any documents for aspects of the Microsoft Accused Instrumentalities not at issue in this case. Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 9:**

All documents or other media relating to, referring to, or constituting marketing, advertising, or other pitch material for any of the Accused Instrumentalities, including but not limited to presentations, PowerPoint files, videos, pamphlets, handouts, press releases, blog posts, website pages, links, or files, or other promotional materials.

**RESPONSE TO REQUEST NO. 9.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Request as seeking documents not in its possession,

custody, or control because it seeks documents such as advertisements for the NVIDIA Accused Instrumentalities. Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" documents, including, for example, marketing or advertising for unrelated components not at issue in this case (which may be further subject to confidentiality restrictions involving one or more third-parties). Microsoft will not produce any documents for aspects of the Microsoft Accused Instrumentalities not at issue in this case. Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 10:**

Original copies of all videos of Your executive officers (including Your CEO) discussing or relating to the Accused Instrumentalities, including but not limited to the recorded conference presentations and interviews cited in Xockets' complaints and infringement contentions.

**RESPONSE TO REQUEST NO. 10.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" videos, including, for example, videos discussing or relating to unrelated components not at issue in this case (which may be further subject to confidentiality restrictions involving one or more third-parties). Microsoft will not produce any documents for aspects of the Microsoft Accused Instrumentalities not at issue in

this case.  Microsoft further objects that this Request is unreasonably burdensome as there is no

practical way to identify videos based on the words spoken in the video and requiring someone to

manually review every video of a Microsoft executive to determine whether particular topics are

discussed is not proportional to the needs of this case.  Microsoft further objects that the request

for originals is unduly burdensome.  Accordingly, Microsoft will limits its response to the specific

videos identified by Xockets in the First Amended Complaint and infringement contentions.

Microsoft further objects that this Request lacks a geographic or time limitation.


**REQUEST FOR PRODUCTION NO. 11:**

All documents relating or referring to any cost savings or other benefits You or Your

customers derive, directly or indirectly, from any DPU technology, capability, or functionality,

including any DPU technology, capability, or functionality in any Accused Instrumentality.

**RESPONSE TO REQUEST NO. 11.**

Microsoft objects that this Request is premature and subject to a live dispute before the

Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to

Definitions and Instructions, including without limitation its objections to the defined terms

"DPU" and "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused

Instrumentality").  Microsoft will respond in accordance with the limitations stated in its objections

to these terms above.  Microsoft objects to this Request as seeking documents not in its possession,

custody, or control because it seeks documents reflecting cost savings for the NVIDIA Accused

Instrumentalities or reflecting cost savings for unspecified customers.  Microsoft further objects to

this Request as overbroad, requiring expert analysis, unduly burdensome, and disproportionate to

the needs of the case because it seeks "all" documents regarding "direct" or "indirect" cost savings,

and the attribution of cost savings to particular technologies may require expert opinion. Microsoft further objects that this Request lacks a geographic or time limitation. Microsoft further objects to this Request as overbroad and disproportionate to the needs of the case because the term "DPU technology, capability, or functionality" is not limited to functionalities accused in this case, and the phrase "all documents" is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12:**

All documents describing or relating to the advantages or disadvantages of the Accused Instrumentalities, including but not limited to test results and surveys of customers relating to the Accused Instrumentalities.

**RESPONSE TO REQUEST NO. 12.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality").  Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents such as test results or surveys for the NVIDIA Accused Instrumentalities.   Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" documents, including, for example, test results or surveys relating to unrelated components not at issue in this case.   Microsoft will not produce any documents for aspects of the Microsoft Accused

Instrumentalities not at issue in this case. Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 13:**

All business cases or other documents relating or referring to financial or business justification for any of the Accused Instrumentalities.

**RESPONSE TO REQUEST NO. 13.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality").  Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents such as documents with business or financial justification for the NVIDIA Accused Instrumentalities.  Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" documents, including, for example, documents with financial or business justifications for unrelated components not at issue in this case (which may be further subject to confidentiality restrictions involving one or more third-parties).  Microsoft will not produce any documents for aspects of the Microsoft Accused Instrumentalities not at issue in this case Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to any of Your or Your customers' usage, configuration, deployment, or enablement of any DPU technology, capability, or functionality in any Accused Instrumentality.

**RESPONSE TO REQUEST NO. 14.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents such as usage, configuration, deployment, or enablement for the NVIDIA Accused Instrumentalities or documents regarding customers' usage, configuration, and deployment. Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" documents, including, for example, documents reflecting usage for unrelated components not at issue in this case (which may be further subject to confidentiality restrictions involving one or more third-parties). Microsoft will not produce any documents for aspects of the Microsoft Accused Instrumentalities not at issue in this case. Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to identify any data center (e.g., by name and address, provider, or other identifying basis) where or with whom You or Your customers operate any of the Accused Instrumentalities.

**RESPONSE TO REQUEST NO. 15.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality").   Microsoft will respond in accordance with the limitations stated in its objections to these terms above.   Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents identifying data centers for the NVIDIA Accused Instrumentalities and data centers used by customers, for which Microsoft may not have any knowledge. Microsoft further objects that this Request lacks a geographic or time limitation. Microsoft further objects to this Request as overbroad and disproportionate to the needs of the case because it is not limited to functionalities accused in this case.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show the amount or volume of data You or Your customers parse, process, or transfer using any of the Accused Instrumentalities on a month-by-month basis since September 5, 2018.

**RESPONSE TO REQUEST NO. 16.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents showing data usage for the NVIDIA Accused Instrumentalities and by customers, for which Microsoft may not have any knowledge. Microsoft further objects to this Request as ambiguous with respect to what it means for data to be "parsed," "processed" or "transferred" (for example, it is unclear whether merely transferring data from one component of a server to another is included, and if that data is transferred back, whether the return trip also qualifies). Microsoft further objects to this Request as seeking information not in the possession, custody, or control of Microsoft by seeking data about customers' usage, which may also be subject to contractual, confidentiality, privacy, and/or other restrictions that preclude Microsoft from disclosing such information. Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information on all data transferred, regardless of whether that transfer relates to any of the accused functionality, which is not relevant to any claim or defense. Microsoft will not produce any documents for aspects of the Microsoft Accused Instrumentalities not at issue in this case.

**REQUEST FOR PRODUCTION NO. 17:**

All documents referring to, relating to, or constituting contracts or agreements relating or referring to the Accused Instrumentalities, including but not limited to any contracts or agreements with any customers, users, vendors, or suppliers for the Accused Instrumentalities.

**RESPONSE TO REQUEST NO. 17.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality").   Microsoft will respond in accordance with the limitations stated in its objections to these terms above.   Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents such as contracts or agreements for the NVIDIA Accused Instrumentalities.   Microsoft further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all" contracts or agreements, including, for example, for unrelated components not at issue in this case (which may be further subject to confidentiality restrictions involving one or more third-parties).   Microsoft will not produce any documents for aspects of the Microsoft Accused Instrumentalities not at issue in this case.   Moreover, this request seeks all documents constituting, referring to or relating to contracts or agreements regardless if they are relevant to an issue in this case. Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show Your revenues, profits, costs, benefits, expenses, and/or savings on a product, specific customer, and month-to-month basis since September 5, 2018, related to any one or more of the Accused Instrumentalities.

**RESPONSE TO REQUEST NO. 18.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including, without limitation, its objections to "Microsoft Accused Instrumentalities" and "NVIDIA Accused Instrumentalities" (both of which are incorporated in the definition of "Accused Instrumentalities").   Microsoft will respond in accordance with the limitations stated in its objections to these terms above.   Microsoft objects to this Request as seeking information not in its possession, custody, or control because it seeks financials for the NVIDIA Accused Instrumentalities.   Microsoft further objects to the extent this Request seeks financial information that Microsoft does not maintain in the ordinary course of business or in a format not maintained by Microsoft in the ordinary course of business, for example by demanding financials on a product, specific customer, and month-to-month basis.   Microsoft will only produce financial information in the format that it maintains in the ordinary course of business.   This request also lacks a geographic limitation.

**REQUEST FOR PRODUCTION NO. 19:**

All licenses, agreements, or contracts to which You are party, or of which You are aware, that purport to (i) transfer any rights in patents, copyrights, trademarks, trade knowledge, know how, technology, or other property associated with server systems, including but not limited to

DPU technologies, capabilities, or functionalities, or that (ii) agree to purchase or sell any products associated with server systems, including but not limited to DPU technologies, capabilities, or functionalities.

**RESPONSE TO REQUEST NO. 19.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including, without limitation, its objections to the definition of "DPU" and "You."   Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft further objects to this Request as vague, overbroad and unduly burdensome because it is unlimited in time or scope, seeks discovery into contracts that involve "any rights in patents, copyrights, trademarks, trade knowledge, know how, technology, or other property associated with server systems" or the purchase and sale of "any products associated with server systems," regardless of any degree of comparability or any connection or lack thereof to patents in suit, and even if unrelated to any accused product or technology. Microsoft further objects that the term "associated with server systems" is vague, overbroad, and not proportional to the needs of this case because they are not limited to relevant issues.  Microsoft further objects to this Request to the extent it seeks confidential information of third parties to which Microsoft owes an obligation of confidentiality or duty to prevent disclosure, including but not limited to information subject to confidentiality agreements, nondisclosure agreements, or protective orders. Microsoft will provide any such third-party confidential information only after affording such party an opportunity to object to disclosure.  Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 20:**

All contracts or agreements between or among any one or more of parties ever identified as a named Defendant in this action, including NVIDIA, Microsoft, and/or RPX.

**RESPONSE TO REQUEST NO. 20.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined terms "NVIDIA," "Microsoft," and "RPX."   Microsoft will respond in accordance with the limitations stated in its objections to these terms above.   Microsoft further objects that this Request is not proportional to the needs of this case because it seeks all "agreements" without being limited in time or geography or to the issues of this case and could encompass, for example, agreements between Microsoft and RPX for patents that are completely unrelated to the technology at issue in this case.   Microsoft further objects that this Request improperly seeks agreements, such as any agreement relating to the defense of this action, that are protected by any applicable privilege, including, without limitation, the attorney-client privilege, the common-interest privilege, or the work product doctrine.   Microsoft will not produce any document protected by privilege.

**REQUEST FOR PRODUCTION NO. 21:**

All documents supporting or refuting any alleged defense in this action, including any alleged defense premised on 35 U.S.C. §§ 101, 102, 103, and/or 112.

**RESPONSE TO REQUEST NO. 21.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to

Definitions and Instructions.  Microsoft objects that this Request prematurely seeks contentions and expert discovery regarding invalidity, and Microsoft will not provide its invalidity contentions or expert discovery at this time, but only in accordance with the Court's schedule.  Microsoft further objects that this Request is overbroad and fails to identify the requested documents with particularity because it seeks "all" documents relating to "any" defense, with no limitation as to time, subject matter, custodian, or any other possible limitation.

**REQUEST FOR PRODUCTION NO. 22:**

Any documents received from any third-party in response to any subpoena or other formal or informal discovery process.

**RESPONSE TO REQUEST NO. 22.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.  Microsoft further objects to this Request as overbroad because it is not limited in any way to this case or the asserted patents or relevant technology. Microsoft further objects to the phrase "informal discovery process" as unreasonably vague and seeking to intrude on any applicable privilege, including, without limitation, the attorney-client privilege, the common-interest privilege, or the work product doctrine, for example by seeking privileged common interest communications between and among one or more defendants.

**REQUEST FOR PRODUCTION NO. 23:**

Organizational charts sufficient to show Your internal corporate structure.

**RESPONSE TO REQUEST NO. 23.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions.  Microsoft further objects to this Request as not seeking relevant discovery because it is does not contain any limitations tying this request to any issue in this case and because Microsoft's organizational structure is not relevant to any claim or defense.  Microsoft further objects that, as of June 30, 2024, Microsoft had approximately 228,000 employees worldwide, and a large number of internal divisions, making the request to produce documents showing its entire internal corporate structure unreasonably burdensome. Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 24:**

Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of any Accused Instrumentality.

**RESPONSE TO REQUEST NO. 24.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined terms "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality").  Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks documents showing an organizational chart for the NVIDIA

Accused Instrumentalities. Microsoft further objects to this Request as not seeking relevant discovery because Microsoft's organizational structure is not relevant to any claim or defense. Microsoft further objects that it has a large number of employees and a large number of internal divisions, making the request to produce documents showing its internal corporate structure unreasonably burdensome. Microsoft further objects that this Request lacks a geographic or time limitation. Microsoft further objects to this Request as overbroad and disproportionate to the needs of the case because "all" persons involved in a number of disparate functions is not limited to the issues in the case such as any aspect of the specific accused functionality.

**REQUEST FOR PRODUCTION NO. 25:**

Samples of each Accused Instrumentality.

**RESPONSE TO REQUEST NO. 25.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined term "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Request as seeking documents not in its possession, custody, or control because it seeks samples of the NVIDIA Accused Instrumentalities. Microsoft objects that product samples are not reasonably proportional to the needs of this case, including in light of the large size and expensive nature of the accused products and because Xockets has not identified any particular need for a physical sample rather than relying on documents and source

code, and Microsoft will not produce any product samples. Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 26:**

All communications between You and Xockets or any person acting on Xockets' behalf.

**RESPONSE TO REQUEST NO. 26.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined terms "Xockets," "You," "communication," and "Person." Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft further objects to this Request as seeking documents already within Xockets' possession, custody, or control. Microsoft further objects to this Request as unreasonably vague with respect to "any person acting on Xockets' behalf" because Microsoft does not know what persons are or may have been acting on Xockets' behalf, and therefore cannot identify any responsive documents. Microsoft further objects because the parties are negotiating a separate order addressing the appropriate scope and form of email discovery, and consistent with Xockets' proposal that e-mail should not be subject to ordinary discovery requests, Microsoft will not include any e-mail within the scope of any search for documents or production responsive to this Request. Microsoft further objects that this Request lacks a geographic or time limitation. Microsoft further objects that "all communications" is disproportionate to the needs of the case and goes beyond any issue in the case.

**REQUEST FOR PRODUCTION NO. 27:**

All communications between You and any one or more of Parin Dalal, Stephen Belair, Dan Alvarez, Ron Melanson, Greg Lavender, Tom Kelly, and John Blair.

**RESPONSE TO REQUEST NO. 27.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined terms "You" and "communication."   Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft further objects to this Request as overbroad and seeking irrelevant information because it is not in any way limited to the issues in this case and instead seeks "all" communications with the named persons.  Microsoft further objects because the parties are negotiating a separate order addressing the appropriate scope and form of email discovery, and consistent with Xockets' proposal that e-mail should not be subject to ordinary discovery requests, Microsoft will not include any e-mail within the scope of any search for documents or production responsive to this Request. Microsoft further objects that this Request lacks a geographic or time limitation.

**REQUEST FOR PRODUCTION NO. 28:**

All communications between You and any one or more of the other named defendants in this lawsuit referring or relating to Xockets or the Asserted Patents.

**RESPONSE TO REQUEST NO. 28.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to

Definitions and Instructions, including without limitation its objections to the defined terms "Xockets," "You," and "communication."  Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft further objects to this request as seeking to intrude on any applicable privilege, including, without limitation, the attorney-client privilege, the common-interest privilege, or the work product doctrine, for example by seeking privileged common interest communications between and among one or more defendants, and Microsoft will not search for, log, or produce any documents reflecting communications after this lawsuit was filed.  Microsoft further objects because the parties are negotiating a separate order addressing the appropriate scope and form of email discovery, and consistent with Xockets' proposal that e-mail should not be subject to ordinary discovery requests, Microsoft will not include any e-mail within the scope of any search for documents or production responsive to this Request. Microsoft further objects that this Request lacks a geographic or time limitation. Microsoft further objects that "all communications" is disproportionate to the needs of the case and goes beyond any issue in the case.

**REQUEST FOR PRODUCTION NO. 29:**

    All communications internal to You referring or relating to Xockets or the Asserted Patents.

**RESPONSE TO REQUEST NO. 29.**

    Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.   Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined terms "Xockets," "You," and "communication."   Microsoft will respond in accordance with the

limitations stated in its objections to these terms above.  Microsoft further objects to this request as seeking to intrude on any applicable privilege, including, without limitation, the attorney-client privilege, the common-interest privilege, or the work product doctrine, for example by seeking internal privileged communications related to this lawsuit, and Microsoft will not search for, log, or produce any documents reflecting internal communications after this lawsuit was filed. Microsoft further objects because the parties are negotiating a separate order addressing the appropriate scope and form of email discovery, and consistent with Xockets' proposal that e-mail should not be subject to ordinary discovery requests, Microsoft will not include any e-mail within the scope of any search for documents or production responsive to this Request. Microsoft further objects that this Request lacks a geographic or time limitation. Microsoft further objects that "all communications" is disproportionate to the needs of the case and goes beyond any issue in the case.

**REQUEST FOR PRODUCTION NO. 30:**

All communications between You and any third party referring or relating to Xockets or the Asserted Patents.

**RESPONSE TO REQUEST NO. 30.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery.  Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined terms "Xockets," "You," and "communication."  Microsoft will respond in accordance with the limitations stated in its objections to these terms above.  Microsoft further objects to this request as seeking to intrude on any applicable privilege, including, without limitation, the attorney-client

privilege, the common-interest privilege, or the work product doctrine, for example by seeking privileged common interest communications between and among one or more defendants, and Microsoft will not search for, log, or produce any documents reflecting communications after this lawsuit was filed. Microsoft further objects because the parties are negotiating a separate order addressing the appropriate scope and form of email discovery, and consistent with Xockets' proposal that e-mail should not be subject to ordinary discovery requests, Microsoft will not include any e-mail within the scope of any search for documents or production responsive to this Request. Microsoft further objects that this Request lacks a geographic or time limitation. Microsoft further objects that "all communications" is disproportionate to the needs of the case and goes beyond any issue in the case.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications referring or relating to RPX or NVIDIA in connection any of the Accused Instrumentalities.

**RESPONSE TO REQUEST NO. 31.**

Microsoft objects that this Request is premature and subject to a live dispute before the Court regarding the schedule for discovery. Microsoft incorporates by reference its Objections to Definitions and Instructions, including without limitation its objections to the defined terms "Xockets," "You," "RPX," "NVIDIA," "document," "communication," and "Microsoft Accused Instrumentality" (incorporated within the definition of "Accused Instrumentality"). Microsoft will respond in accordance with the limitations stated in its objections to these terms above. Microsoft objects to this Request as overbroad and not proportional to the needs of this case because it is not limited in time and is not limited to the features actually accused of infringement. Microsoft

further objects to this request as seeking to intrude on any applicable privilege, including, without limitation, the attorney-client privilege, the common-interest privilege, or the work product doctrine, for example by seeking privileged common interest communications between and among one or more defendants, and Microsoft will not search for, log, or produce any documents reflecting communications after this lawsuit was filed. Microsoft further objects because the parties are negotiating a separate order addressing the appropriate scope and form of email discovery, and consistent with Xockets' proposal that e-mail should not be subject to ordinary discovery requests, Microsoft will not include any e-mail within the scope of any search for documents or production responsive to this Request. Microsoft further objects that this Request lacks a geographic or time limitation. Microsoft further objects that "all communications" is disproportionate to the needs of the case and goes beyond any issue in the case.

Dated: January 10, 2025                    WINSTON & STRAWN LLP


By:    */s/ Kelly C. Hunsaker*
       Thomas M. Melsheimer
       State Bar No. 13922550
       Samuel W. Riebe
       State Barn No. 24136101
       **WINSTON & STRAWN LLP**
       2121 N. Pearl Street, Suite 900
       Dallas, TX 75201
       Tel: (214) 453-6500
       Fax: (214) 453-6400
       tmelsheimer@winston.com
       sriebe@winston.com

       Kelly C. Hunsaker
       CA Bar No. 168307
       Matthew R. McCullough (*pro hac vice*)
       **WINSTON & STRAWN LLP**
       255 Shoreline Drive, Suite 520
       Redwood City, CA 94065
       Tel. (650) 858-6500
       Fax (650) 858-6559
       khunsaker@winston.com
       mrmccullough@winston.com

       Jeffrey L. Kessler (*pro hac vice*)
       Aldo A. Badini (*pro hac vice*)
       Susannah P. Torpey (*pro hac vice*)
       Lauren E. Duxstad (*pro hac vice*)
       Artem Khrapko (*pro hac vice*)
       Rebecca Ou (*pro hac vice*)
       Daniel Marzagalli (*pro hac vice*)
       **WINSTON & STRAWN LLP**
       200 Park Avenue
       New York, NY 10166
       Tel: (212) 294-6700
       Fax: (212) 294-4700
       jkessler@winston.com
       abadini@winston.com
       storpey@winston.com
       lduxstad@winston.com
       akhrapko@winston.com
       rou@winston.com
       dmarzagalli@winston.com

Scott M. Border (*pro hac vice*)
**WINSTON & STRAWN LLP**
1901 L Street, N.W.
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100
sborder@winston.com

Nasir Hussain (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL  60601-9703
Tel: (312) 558-5600
Fax: (312) 558-5700
nhussain@winston.com

Bruce A. Koehler
Andres E. Almanzan
**MOUNCE, GREEN, MYERS, SAFI, PAXSON
& GALATZAN, P.C.**
P.O. Box 1977
El Paso, TX 79950
Tel: (915) 532-2000
Fax: (915) 541-1548
koehler@mgmsg.com
almanzan@mgmsg.com

*Attorneys for Defendant
Microsoft Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 10, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

*/s/ Kelly C. Hunsaker*
Kelly C. Hunsaker