# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| XOCKETS, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 6:24-cv-453-LS |
| NVIDIA CORPORATION, MICROSOFT CORPORATION, and RPX CORPORATION, | |
| Defendants. | |

**DEFENDANT NVIDIA CORPORATION'S OBJECTIONS AND RESPONSES TO
PLAINTIFF XOCKETS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-11)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Defendant NVIDIA Corporation ("NVIDIA") hereby provides these responses to the First Set of Interrogatories (Nos. 1-11) by Plaintiff Xockets, Inc. ("Plaintiff") as follows:

**GENERAL STATEMENT AND OBJECTIONS**

1.     NVIDIA objects to these interrogatories on the grounds that they are premature and unduly burdensome given that there is no case schedule in place.  The parties have a dispute over when fact discovery opens, and this dispute is currently pending before the Court.  Dkts. 133, 135. Therefore, at the time of service of these interrogatories by Xockets, no scheduling order existed and fact discovery had not yet opened.  As a result, these interrogatories are premature.

2.     NVIDIA objects to each interrogatory, definition and instruction to the extent that it seeks to impose duties or obligations on NVIDIA beyond those set forth in the Federal Rules of Evidence, Federal Rules of Civil Procedure, the Local Court Rules of the United States District Court for the Western District of Texas, the Court's orders, or any agreement reached between the parties.  In this regard, to the extent that an interrogatory requires, explicitly or implicitly, the

1

construction of one or more patent claim terms, the comparison of the asserted claims and the prior art, NVIDIA's positions regarding non-infringement, information regarding core technical documents, or sales information before Plaintiff's service of sufficient identification of accused products and complete infringement contentions, such interrogatory is premature. NVIDIA further objects to instructions 2, 4-5 on the same grounds.

3.      Discovery has not yet begun, and these responses are therefore subject to revision. It is anticipated that further discovery, investigation, and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial changes, additions, or variations to the information set forth herein.

4.      In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, NVIDIA objects generally to each interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product doctrine, joint defense and/or common interest privilege or other applicable privileges or doctrines.

5.      The following responses are given without prejudice to NVIDIA's right to produce evidence of any subsequently discovered fact or facts that NVIDIA may later recall or produce. NVIDIA accordingly reserves the right to change the responses herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made. Nothing in these responses shall limit NVIDIA's ability to conduct further investigation, research, or analysis, or to amend the responses as necessary at or before trial.

6.      These responses are made solely for the purpose of discovery in this action. Nothing herein is intended to waive the following objections, which are expressly reserved: all objections as to competency, relevancy, authenticity, propriety, materiality and admissibility of the subject matter of the interrogatories; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any information provided in response to these interrogatories; all objections on any ground to any interrogatory for further responses to these or other interrogatories; and any and all other objections and ground that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and ground are reserved and may be interposed at the time of trial.

7.      NVIDIA objects to each interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as separate interrogatories in accordance with FRCP 33.

8.      NVIDIA objects to each interrogatory to the extent that it seeks confidential or proprietary information pertaining to NVIDIA's business, trade secrets and/or economic relationships, or to the extent that it seeks confidential information which would impinge upon any protected right to privacy. NVIDIA will provide such information subject to a Protective Order to be entered into by the Court.

9.      NVIDIA further objects to each interrogatory to the extent that it seeks information that contains confidential, proprietary or trade secret information of third parties.  NVIDIA will provide such information in response to such interrogatories subject to the Protective Order to be entered into by the Court, and any provision of any such information will be subject to any consent required by third parties.

10.    NVIDIA objects to the definition of "Data Processing Unit", "DPU", "NVIDIA Accused Instrumentalities", "Accused Instrumentalities", "Instrumentality" and "Instrumentalities" as vague and ambiguous.  NVIDIA further objects to the definitions of these terms to the extent that they purport to cover products that are outside the scope of this action or products that were sold, shipped, and delivered outside the United States. NVIDIA objects to the definitions of these terms to the extent that they seek information concerning products that are not imported into or made, used, offered for sale or sold in the United States or products that are imported into or made, used, offered for sale or sold in the United States by an entity other than NVIDIA.  NVIDIA further objects to the definitions of these terms on the ground that they are overly broad as to time. NVIDIA further objects to providing information on products that have not yet been released.  To the extent that it seeks information from NVIDIA, NVIDIA further objects to the definition of "Microsoft Accused Instrumentalities" to the extent it seek information regarding products outside the scope of the complaint and given Microsoft's motion to stay the litigation.

11.    NVIDIA objects to each interrogatory, definition and instruction to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.    NVIDIA objects to each interrogatory to the extent that it seeks to impose an obligation to identify or search for documents or information at any location other than that at which they would be stored in the ordinary course of business.

13.    NVIDIA objects to each interrogatory to the extent that it is cumulative and duplicative of other forms of discovery that are more convenient and less burdensome. NVIDIA further objects to each interrogatory to the extent that it seeks to require NVIDIA to do more

than conduct an examination of those files or sources that reasonably may be expected to yield responsive information or an inquiry of those persons who reasonably may be expected to possess responsive information.

14. NVIDIA objects to the definition of the terms "NVIDIA," "Defendant," "you" and "your" as overly broad and unduly burdensome to the extent that it includes "all of [NVIDIA's] predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA further objects to the definition of the terms "NVIDIA," "Defendant," "you" and "your" on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys. NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity. NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.

15. NVIDIA objects to the definition of the term "Xockets" as overly broad and unduly burdensome to the extent that it includes "all of its predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA cannot know all of those individuals without further information from Xockets. Without further information from Xockets, NVIDIA will construe this term to mean Xockets, Inc.

16. NVIDIA objects to the definition of the term "Microsoft" as overly broad and unduly burdensome to the extent that it includes "all of its predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA expressly disclaims any undertaking or obligation to provide information for

or on behalf of any other person or entity. NVIDIA will construe this term to mean Microsoft Corporation.

17.     NVIDIA objects to the definition of the term "RPX" as overly broad and unduly burdensome to the extent that it includes "all of its predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity. NVIDIA will construe this term to mean RPX Corporation.

18.     NVIDIA objects to the definition of the term "Document" to the extent that it purports to impose burdens on NVIDIA greater than, inconsistent with, or not authorized by, the F.R.C.P., the Local Rules, the Court's orders, or any agreement regarding electronically stored information ("ESI") reached between the parties and/or endorsed by the Court.  NVIDIA further objects to each interrogatory to the extent it seeks the discovery of email communications.  The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore these requests are premature, overbroad, and unduly burdensome.

19.     NVIDIA objects generally to the temporal scope of the interrogatories as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it does not contain any reasonable or appropriate temporal limitation.

20.     NVIDIA objects generally to these interrogatories to the extent they seek a legal conclusion or expert opinion.

21.    NVIDIA objects generally to these interrogatories to the extent they seek information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.

22.    No incidental or implied admissions are intended by the responses herein.  The fact that NVIDIA has answered or objected to any interrogatory should not be taken as an admission that NVIDIA accepts or admits the existence of any "facts" set forth or assumed by such interrogatory.  The fact that NVIDIA has answered part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by NVIDIA of any part or any objection to any interrogatory.

23.    The General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce information contained in any such response is subject to the limitations, objections and exceptions set forth herein.

Subject to the foregoing General Statement and Objections, NVIDIA responds as follows:

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Instrumentality You use, sell, offer for sale, own, or otherwise make use of or control that has any DPUs, or other programmable processor with hardware acceleration technology capable of offloading, accelerating, and isolating workloads (e.g., infrastructure tasks like networking, security, and storage) from CPUs, GPUs, and/or hybrid server processors in a server system, independent of whether You contend such capability or functionality is enabled, used, or configured for use, from September 5, 2018, to the present, and identify the three (3) most knowledgeable people about each such Instrumentality.

**RESPONSE TO INTERROGATORY NO. 1:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this interrogatory on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the terms "Data Processing Unit", "DPU" and "Instrumentality" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any processor that is substantially or reasonably similar." NVIDIA objects to a request regarding "other programmable processor[s] with hardware acceleration technology" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. NVIDIA objects to this interrogatory on the ground that the terms and phrases "each Instrumentality You use, . . . own, or otherwise make use of or control", "hardware acceleration technology," "hybrid server processors in a server system," and "each Instrumentality…independent of whether You contend such capability or functionality is enabled, used, or configured for use" are vague, ambiguous, and unintelligible. NVIDIA objects to this interrogatory to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to the scope of this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it does not contain any reasonable or appropriate geographic limitation. NVIDIA objects to this

interrogatory to the extent it improperly shifts the burden of identifying accused products and instrumentalities from Plaintiff to NVIDIA.

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

NVIDIA will supplement to provide a further response once discovery opens.

## INTERROGATORY NO. 2:

For each Instrumentality identified in Your response to Interrogatory No. 1, including but not limited to each of the Accused Instrumentalities, identify every customer, user, and/or vendor for each such Instrumentality, including the date on which each such Instrumentality was first purchased, used, offered for sale, or sold in the United States.

## RESPONSE TO INTERROGATORY NO. 2:

NVIDIA incorporates by reference its General Statement and Objections, as well as its objections to Interrogatory No. 1, as though fully set forth herein.  NVIDIA objects to this interrogatory on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened.  NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to this interrogatory on the ground that the terms and phrases "user and/or vendorI", "Instrumentality", "used" are vague, ambiguous and unintelligible.  NVIDIA objects to this interrogatory as seeking information that is overly burdensome, not proportional to the needs of the case, and not relevant to any party's claim or defense.  NVIDIA objects to this interrogatory to

the extent it requests NVIDIA create or produce information that NVIDIA does not maintain in the ordinary course of its business or to the extent it requests that NVIDIA create or produce information in a particular format or at a particular level of detail that NVIDIA does not maintain in the ordinary course of its business.  NVIDIA objects to the scope of this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it does not contain any reasonable or appropriate geographic limitation.  NVIDIA objects to this interrogatory to the extent that it seeks confidential or proprietary information pertaining to NVIDIA's business, trade secrets and/or economic relationships.

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

NVIDIA will supplement to provide a further response once discovery opens.

**INTERROGATORY NO. 3:**

On a month-by-month basis, from September 5, 2018, to the present, provide the gross revenue, net profit, expenses, and cost(s) of goods or services sold for each customer and/or user of each of the Accused Instrumentalities, and identify the three (3) most knowledgeable people about such financial information.

**RESPONSE TO INTERROGATORY NO. 3:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this interrogatory on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives,

consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the terms "Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action. NVIDIA objects to this interrogatory to the extent it requests NVIDIA create or produce information that NVIDIA does not maintain in the ordinary course of its business or to the extent it requests that NVIDIA create or produce information in a particular format or at a particular level of detail that NVIDIA does not maintain in the ordinary course of its business. NVIDIA objects to the terms and phrases "gross revenue, net profit, expenses, and cost(s) of good or services" and "for each customer and/or user" as vague, ambiguous and unintelligible. NVIDIA objects to the scope of this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it does not contain any reasonable or appropriate geographic limitation.

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

NVIDIA will supplement to provide a further response once discovery opens.

**INTERROGATORY NO. 4:**

Describe in detail the circumstances of when You first learned of Xockets and/or any of the Xockets Patents, including the date(s) of Your first knowledge, the person(s) involved in obtaining Your first knowledge, and identify the production number(s) of any documents relating or referring to Xockets and/or any of the Xockets Patents.

**RESPONSE TO INTERROGATORY NO. 4:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this interrogatory on the grounds that it is premature and

unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA further objects to the definition of these terms on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys. NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity. NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the terms "Plaintiff" or "Xockets" as overly broad and unduly burdensome to the extent that it includes all of Xockets' "predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe this term to mean Xockets, Inc in this response. NVIDIA objects to this interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine and will not produce privileged information in response to this interrogatory. NVIDIA objects to this interrogatory to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA further objects to the request "identify the production number(s) of any documents relating or referring to Xockets and/or any of the Xockets Patents" as overly broad, unduly burdensome, vague, and ambiguous.

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

NVIDIA will supplement to provide a further response once discovery opens.

**INTERROGATORY NO. 5:**

Describe in detail any steps or efforts You have taken to avoid infringing any of the Xockets Patents since Your first knowledge thereof, and identify by production number(s) any document referring or relating to such steps or efforts.

**RESPONSE TO INTERROGATORY NO. 5:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this interrogatory on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA further objects to the definition of these terms on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys. NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity. NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to this interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine and will not produce privileged information in response to this interrogatory. NVIDIA objects to the terms and phrases "steps or efforts", "avoid", and "referring or relating to such steps or efforts" as vague and ambiguous.

13

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

NVIDIA will supplement to provide a further response once discovery opens.

**INTERROGATORY NO. 6:**

Identify the five (5) most knowledgeable people for each of the (i) research, (ii) design, and (iii) development of each of the Accused Instrumentalities, including each such person's name, date(s) of employment, title(s), and role(s) with respect to each of the Accused Instrumentalities.

**RESPONSE TO INTERROGATORY NO. 6:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this interrogatory on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened.  NVIDIA objects to this interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as at least three (3) separate interrogatories in accordance with FRCP 33.  NVIDIA further objects to this interrogatory as unduly burdensome in that it seeks the identification of five most knowledgeable people for each Accused Instrumentality.  NVIDIA objects to the definition of the term "Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar."  NVIDIA further objects to this interrogatory as vague and ambiguous as to the terms and phrases "most knowledgeable," "research, (ii) design and (iii) development" and "role(s) with respect to each of the Accused Instrumentalities".

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

14

NVIDIA will supplement to provide a further response once discovery opens.

**INTERROGATORY NO. 7:**

Provide a list of all licenses, agreements, or contracts to which You are party, or of which You are aware, that purport to (i) transfer any rights in patents, copyrights, trademarks, trade knowledge, know how, technology, or other property associated with server systems, including but not limited to DPU technologies, capabilities, or functionalities, or that (ii) agree to purchase or sell any products associated with server systems, including but not limited to DPU technologies, capabilities, or functionalities. For the avoidance of doubt, the list should include the production number(s) of the license, agreement, or contract, all parties thereto, all relevant dates and terms thereof, all property transferred (e.g., patent numbers) thereby and all consideration (monetary or otherwise) associated therewith.

**RESPONSE TO INTERROGATORY NO. 7:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this interrogatory to the extent that it includes multiple subparts that should be propounded, numbered, or counted as at least two (2) separate interrogatories in accordance with FRCP 33.  NVIDIA objects to this interrogatory on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened.  NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the terms "Data Processing Unit" or "DPU" as overly broad, unduly burdensome, and not

proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any processor that is substantially or reasonably similar." NVIDIA objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an unlimited array of information relating to "licenses, agreements, or contracts…of which [NVIDIA] is aware" that "transfer any rights in patents, copyrights, trademarks, trade knowledge, know how, technology, or other property associated with server systems" or "agree to purchase or sell any products associated with server systems." NVIDIA objects to this interrogatory to the extent that it seeks information that contains confidential, proprietary or trade secret information of third parties and will produce responsive information, if any, after receiving any necessary permissions.

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

NVIDIA will supplement to provide a further response once discovery opens.

## INTERROGATORY NO. 8:

Describe each instance or circumstance in which You have explained, touted, or promoted the benefits, advantages, or promise of DPU technology, including the offloading, acceleration, and isolation capabilities and functionalities of any of the Accused Instrumentalities, including who, when, where, and how.

## RESPONSE TO INTERROGATORY NO. 8:

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this interrogatory on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly

burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the terms "Data Processing Unit" or "DPU" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any processor that is substantially or reasonably similar." NVIDIA objects to the definition of the term "Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an unlimited array of information relating to "each instance or circumstance in which [NVIDIA has] explained, touted, or promoted the benefits, advantages, or promise of DPU technology." NVIDIA objects to this interrogatory on the ground that the phrases "offloading, acceleration, and isolation capabilities and functionalities" and "functionalities of any of the Accused Instrumentalities, including who, when, where, and how" are vague, ambiguous, and unintelligible. NVIDIA objects to this interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine and will not produce privileged information in response to this interrogatory.

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

NVIDIA will supplement to provide a further response once discovery opens.

**INTERROGATORY NO. 9:**

Describe the complete legal and factual basis for Your contention, if any, that the Accused Instrumentalities do not infringe any one or more Asserted Claims of any one or more of the Asserted Patents, including, for each such contention, (i) the identity of all persons knowledgeable about the contention and (ii) all documents supporting or refuting the contention. To be complete, Your answer should also include the entire legal and factual basis for Your statement at the hearing on Xockets' motion for preliminary injunction that You do not infringe the Asserted Patents.

**RESPONSE TO INTERROGATORY NO. 9:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this interrogatory on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA further objects to the definition of these terms on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys. NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity. NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action,

particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine and will not produce privileged information in response to this interrogatory. NVIDIA objects to this interrogatory to the extent it seeks a legal conclusion. NVIDIA objects to this interrogatory to the extent it prematurely calls for expert analysis, testimony, opinions or documents. NVIDIA objects to this interrogatory on the grounds that it is premature as it seeks discovery prior to Plaintiff's service of sufficient infringement contentions in this case. NVIDIA further objects to this interrogatory to the extent that it improperly seeks to create a burden on NVIDIA of demonstrating the non-infringement where Plaintiff bears the burden of proving infringement. NVIDIA objects to this interrogatory as compound to the extent that it contains multiple discrete subparts and seeks information for multitude of claims, patents and products. NVIDIA further objects to the interrogatory as overly broad and unduly burdensome as it requests an identification of "all persons" and "all documents".

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

NVIDIA will supplement to provide a further response once discovery opens.

**INTERROGATORY NO. 10:**

Identify any product, solution, service, or other instrumentality that You contend is or was an available, acceptable, non-infringing alternative to the Accused Instrumentalities and the Xockets Patents, including all costs associated with implementing the alleged alternative (e.g., additional operational costs, hardware, energy use, housing, planning, research, design,

development, creation, integration, testing, coding, marketing, the time to market, and/or support and switching of customer deployments).

**RESPONSE TO INTERROGATORY NO. 10:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this interrogatory on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA further objects to the definition of these terms on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys.  NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity.  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar."  NVIDIA objects to this interrogatory to the extent it seeks a legal conclusion. NVIDIA objects to this interrogatory to the extent it prematurely calls for expert analysis, testimony, opinions or documents.  NVIDIA objects to this interrogatory on the ground that the terms "additional operational costs," "energy use," "housing," "planning," "creation," "the time to market," and "support and switching of customer deployments" are vague, ambiguous, and

unintelligible.  NVIDIA objects to this interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine and will not produce privileged information in response to this interrogatory.

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

NVIDIA will supplement to provide a further response once discovery opens.

**INTERROGATORY NO. 11:**

Set forth in detail the complete legal and factual basis for the amount of damages You contend Xockets is entitled to should You be found to infringe the Asserted Claims of the Asserted Patents, and include in Your answer an identification of the date of any hypothetical negotiation and any evidence You contend supports Your contention.

**RESPONSE TO INTERROGATORY NO. 11:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this interrogatory on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA further objects to the definition of these terms on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys.  NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity.  NVIDIA will construe these terms to

21

mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the terms "Plaintiff" or "Xockets" as overly broad and unduly burdensome to the extent that it includes all of Xockets' "predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe this term to mean Xockets, Inc. NVIDIA objects to this interrogatory to the extent it seeks a legal conclusion. NVIDIA objects to this interrogatory to the extent it prematurely calls for expert analysis, testimony, opinions or documents. NVIDIA objects to this interrogatory on the grounds that it is premature as it seeks discovery prior to Plaintiff's service of sufficient infringement contentions in this case. NVIDIA further objects to this interrogatory to the extent that it improperly seeks to create a burden on NVIDIA of demonstrating the non-infringement where Plaintiff bears the burden of proving infringement.

Subject to and without waiving the foregoing general and specific objections, NVIDIA responds as follows:

NVIDIA will supplement to provide a further response once discovery opens.

Date: January 10, 2025                         Respectfully submitted,

                                              /s/ Mark N. Osborn
                                              Mark N. Osborn
                                              Texas Bar No. 15326700
                                              Valerie R. Auger
                                              Texas Bar No. 24076251
                                              **KEMP SMITH LLP**
                                              221 N. Kansas, Suite 1700
                                              El Paso, Texas 79901
                                              915 546-5214
                                              mosborn@kempsmith.com
                                              valerie.auger@kempsmith.com

John M. Guaragna
Texas Bar No. 24043308
Michael Saulnier
Texas Bar No. 24131647
**DLA Piper LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701
Tel: 512.457.7000
Fax: 512.457.7001
John.guaragna@us.dlapiper.com
Michael.saulnier@dlapiper.com

Mark Fowler
Jake Zolotorev (*Pro hac vice*)
Carrie Williamson (*Pro hac vice*)
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
East Palo Alto, CA  94304
Tel: 650.833.2000
Fax: 650.833.2001
Mark.fowler@us.dlapiper.com
Jake.zolotorev@us.dlapiper.com
Carrie.williamson@us.dlapiper.com

Clayton Thompson (*Pro Hac Vice*)
**DLA Piper LLP (US)**
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309-3449
Tel: 404.736.7800
Fax: 404.682.7800
clayton.thompson@dlapiper.com

Catherine Huang  (*Pro Hac Vice*)
**DLA Piper LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Tel: 858.677.1400
Fax: 858.677.1401
Catherine.huang@us.dlapiper.com

Peter F. Nelson (*Pro Hac Vice*)
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Tel: 202.799.4000
Fax: 202.799.5000
Peter.nelson@us.dlapiper.com

Charles Loughlin (*Pro Hac Vice*)
Christopher Fitzpatrick (*Pro Hac Vice*)
Justin Bernick *(Pro Hac Vice)*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Tel: 202.637.5661

**ATTORNEYS FOR DEFENDANT
NVIDIA CORPORATION**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, on January 10, 2025, I caused the foregoing document to be served on all counsel of record by email.

/s/ Mark N. Osborn
Mark N. Osborn