# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| XOCKETS, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 6:24-cv-453-LS |
| NVIDIA CORPORATION, MICROSOFT CORPORATION, and RPX CORPORATION, | |
| Defendants. | |

**NVIDIA CORPORATION'S RESPONSES TO XOCKET, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-31)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Defendant NVIDIA Corporation ("NVIDIA") hereby provides its responses and objections to Plaintiff Xockets, Inc.'s ("Xockets") First Set of Requests for Production as follows:

**GENERAL STATEMENT AND OBJECTIONS**

1.      NVIDIA objects to these requests on the grounds that they are premature and unduly burdensome given that there is no case schedule in place. The parties have a dispute over when fact discovery opens, and this dispute is currently pending before the Court. Dkts. 133, 135. Therefore, at the time of service of these requests by Xockets, no scheduling order existed and fact discovery had not yet opened. As a result, these requests are premature.

2.      NVIDIA is committed to a reasonable, proportionate, and sensible discovery process, consistent with the Federal Rules of Civil Procedure. NVIDIA seeks to work cooperatively with Plaintiff on the appropriate scope and timing of productions to ensure that the requested discovery is proportional to the needs of the case and to provide each side an opportunity to develop the facts necessary to address their claims and defenses. On their face, Plaintiff's

1

requests for production take a different approach, pursuing scorched-earth discovery through requests seeking massive productions of "all" documents on wide-ranging topics, regardless of relevance or burden. Plaintiff's requests are the type of abusive discovery practices the Federal and Local Rules are designed to prevent. As a result of Plaintiff's improper requests, NVIDIA provides the following objections and responses.

3.      NVIDIA objects to the location identified for production of documents.  NVIDIA will meet and confer regarding location and format of documents for production.

4.      NVIDIA objects to each request, definition and instruction to the extent that it seeks to impose duties or obligations on NVIDIA beyond those set forth in the Federal Rules of Evidence, Federal Rules of Civil Procedure, the Local Court Rules of the United States District Court for the Western District of Texas, the Court's orders, or any agreement reached between the parties.  In this regard, to the extent that a request requires, explicitly or implicitly, document regarding the construction of one or more patent claim terms, the comparison of the asserted claims and the prior art, NVIDIA's positions regarding non-infringement, information regarding core technical documents, or sales information before Plaintiff's service of sufficient identification of accused products and complete infringement contentions, such requests are premature.  NVIDIA further objects to instructions 2, 4-5 on the same grounds. NVIDIA will further meet and confer regarding production of privilege logs.

5.      NVIDIA objects to each request to the extent that they request production of "any" or "all" documents or agreements relating to particular subject matter on the grounds that such a request is overly broad and unduly burdensome, and neither relevant nor proportional to the needs of the case.  Unless otherwise indicated NVIDIA will produce documents sufficient to show or disclose the requested information.

6.      NVIDIA objects to each request to the extent it seeks the discovery of email communications.  The parties are currently negotiating an ESI Order which would govern email discovery, among other sources to be searched, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore these requests are premature, overbroad, and unduly burdensome.

7.      NVIDIA objects to each request as premature, overbroad, and unduly burdensome on the grounds that it seeks source code or other highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued.

8.      Discovery has not yet begun, and these responses are therefore subject to revision. It is anticipated that further discovery, investigation, and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial changes, additions, or variations to the information set forth herein.

9.      The following responses are given without prejudice to NVIDIA's right to produce evidence of any subsequently discovered fact or facts that NVIDIA may later recall or produce. NVIDIA accordingly reserves the right to change the responses herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.  Nothing in these responses shall limit NVIDIA's ability to conduct further investigation, research, or analysis, or to amend the responses as necessary at or before trial.

10.     In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, NVIDIA objects generally to each request to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege,

protection or doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product doctrine, joint defense and/or common interest privilege or other applicable privileges or doctrines.

11.    These responses are made solely for the purpose of discovery in this action. Nothing herein is intended to waive the following objections, which are expressly reserved: all objections as to competency, relevancy, authenticity, propriety, materiality and admissibility of the subject matter of the requests; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any information provided in response to these requests; all objections on any ground to any request for further responses to these or other request; and any and all other objections and ground that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and ground are reserved and may be interposed at the time of trial.

12.    NVIDIA objects to each request to the extent that it includes multiple subparts that should be propounded, numbered, or counted as separate requests for production given the limitations on service of requests for production in this case.

13.    NVIDIA objects to each request to the extent that it seeks confidential or proprietary information pertaining to NVIDIA's business, trade secrets and/or economic relationships, or to the extent that it seeks confidential information which would impinge upon any protected right to privacy. NVIDIA will provide such information subject to a Protective Order to be entered into by the Court.

14.    NVIDIA further objects to each request to the extent that it seeks information that contains confidential, proprietary or trade secret information of third parties.  NVIDIA will provide such information in response to such request subject to the Protective Order to be entered into by

the Court, and any provision of any such information will be subject to any consent required by third parties.

15.     NVIDIA objects to the definition of "Data Processing Unit", "DPU", "NVIDIA Accused Instrumentalities", "Accused Instrumentalities", "Instrumentality" and "Instrumentalities" as vague and ambiguous.  NVIDIA further objects to the definitions of these terms to the extent that they purport to cover products that are outside the scope of this action or products that were sold, shipped, and delivered outside the United States. NVIDIA objects to the definitions of these terms to the extent that they seek information concerning products that are not imported into or made, used, offered for sale or sold in the United States or products that are imported into or made, used, offered for sale or sold in the United States by an entity other than NVIDIA.  NVIDIA further objects to the definitions of these terms on the ground that they are overly broad as to time. NVIDIA further objects to providing information on products that have not yet been released.  To the extent that it seeks information from NVIDIA, NVIDIA further objects to the definition of "Microsoft Accused Instrumentalities" as vague and ambiguous, to the extent it seek information regarding products outside the scope of the complaint, and given Microsoft's motion to stay the litigation.

16.     NVIDIA objects to each request, definition and instruction to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

17.     NVIDIA objects to each request to the extent that it seeks to impose an obligation to identify or search for documents or information at any location other than that at which they would be stored in the ordinary course of business.

18.     NVIDIA objects to each request to the extent that it is cumulative and duplicative of other forms of discovery that are more convenient and less burdensome. NVIDIA further objects to each request to the extent that it seeks to require NVIDIA to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information or an inquiry of those persons who reasonably may be expected to possess responsive information.

19.     NVIDIA objects to the definition of the terms "NVIDIA," "Defendant," "You" and "Your" as overly broad and unduly burdensome to the extent that it includes "all of [NVIDIA's] predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA further objects to the definition of the terms "NVIDIA," "Defendant," "You" and "Your" on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys. NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity.  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.

20.     NVIDIA objects to the definition of the term "Xockets" as overly broad and unduly burdensome to the extent that it includes "all of its predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA cannot know all of those individuals without further information from Xockets.  Without further information from Xockets, NVIDIA will construe this term to mean Xockets, Inc.

21.     NVIDIA objects to the definition of the term "Microsoft" as overly broad and unduly burdensome to the extent that it includes "all of its predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity. NVIDIA will construe this term to mean Microsoft Corporation.

22.     NVIDIA objects to the definition of the term "RPX" as overly broad and unduly burdensome to the extent that it includes "all of its predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity. NVIDIA will construe this term to mean RPX Corporation.

23.     NVIDIA objects to the definition of the term "Document" to the extent that it purports to impose burdens on NVIDIA greater than, inconsistent with, or not authorized by, the F.R.C.P., the Local Rules, the Court's orders, or any agreement regarding electronically stored information ("ESI") reached between the parties and/or endorsed by the Court.  NVIDIA further objects to each request to the extent it seeks the discovery of email communications.  The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore these requests are premature, overbroad, and unduly burdensome.

24.     NVIDIA objects generally to the temporal scope of the requests as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it does not contain any reasonable or appropriate temporal limitation.

25.     NVIDIA objects generally to these requests to the extent they seek a legal conclusion or expert opinion.

26.     NVIDIA objects generally to these requests to the extent they seek information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.

27.     NVIDIA objects to each request to the extent it calls for information not within the possession, custody or control of NVIDIA.  The responses given herein are based upon information reasonably available to NVIDIA.

28.     NVIDIA objects to each request to the extent that it requires NVIDIA to search for and reveal privileged information or communications from its or its attorneys' litigation files pertaining to the case.

29.     No incidental or implied admissions are intended by the responses herein. The fact that NVIDIA has answered or objected to any request should not be taken as an admission that NVIDIA accepts or admits the existence of any "facts" set forth or assumed by such request.  The fact that NVIDIA has answered any request is not intended to be, and shall not be construed to be, a waiver by NVIDIA of any part or any objection to any request.

30. The failure to include a general objection in any specific objection does not waive any general objection to that request. Moreover, any statement of intent to provide information responsive to a particular request is not, and shall not be deemed, a representation that any such information exists or is in the possession, custody or control of NVIDIA.

31.     The General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce information contained in any such response is subject to the limitations, objections and exceptions set forth herein.

Subject to the foregoing General Statement and Objections, NVIDIA responds as follows:

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

All documents relating or referring to Xockets, Parin Dalal, Stephen Belair, Dan Alvarez, Ron Melanson, Greg Lavender, Tom Kelly, John Blair, or any patent or patents owned by or assigned to Xockets, including but not limited to any of the Xockets Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the term "Xockets" as overly broad and unduly burdensome to the extent that it includes all of Xockets' "predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf" particularly as NVIDIA cannot be aware of all of those individuals without more information from Xockets. As such, NVIDIA will construe this term to mean Xockets, Inc. NVIDIA objects to this request to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine and will not produce privileged information in response to this request. NVIDIA objects to the scope of this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it does not contain any reasonable or appropriate temporal or geographic limitation. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request to the extent it seeks information regarding any individual outside of the context of Xockets or Xockets patents. NVIDIA objects to this request

to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose.  NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case.  NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome.  NVIDIA objects to this request as including multiple subparts that should be propounded, numbered, or counted as separate requests for production given the limitations on service of requests for production in this case.

## REQUEST FOR PRODUCTION NO. 2:

All documents relating or referring to the capability or functionality of any DPU (or other programmable processor with hardware acceleration technology capable of offloading, accelerating, and isolating workloads from CPUs, GPUs, and/or hybrid server processors in a server system) in any Accused Instrumentality, including but not limited to all source code for each Accused Instrumentality.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "Data Processing Unit" or "DPU" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any

processor that is substantially or reasonably similar." NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request on the ground that the terms and phrases "the capability or functionality of any DPU," "or other programmable processor," "hardware acceleration technology", "technology capable of offloading, accelerating, and isolating workloads" and "hybrid server processors in a server system" are vague, ambiguous, and unintelligible. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks source code and other highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request as including

multiple subparts that should be propounded, numbered, or counted as separate requests for production given the limitations on service of requests for production in this case. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

## REQUEST FOR PRODUCTION NO. 3:

All documents relating to, referring to, or constituting design documents, technical specifications, technical requirements, technical diagrams (including but not limited to circuit diagrams, block diagrams, architecture diagrams, state diagrams), schematics, artwork, blueprints, flow charts, formulas, system plans, system layouts, system designs, or minimum system requirements relating to any of the Accused Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to this request on the ground that the terms "design documents," "technical requirements," "state diagrams," "artwork," "blueprints," "flow charts," "formulas," "system plans," "system layouts," "system designs," and "minimum system requirements" are vague, ambiguous, and unintelligible. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or

issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued.  NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show.  NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case.  NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case.  NVIDIA objects to this request as including multiple subparts that should be propounded, numbered, or counted as separate requests for production given the limitations on service of requests for production in this case.  NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.  NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

## **REQUEST FOR PRODUCTION NO. 4:**

Source code (including configuration files, build scripts, programmer-visible software interfaces, Linux kernel, drivers, firmware, Verilog, RTL, and/or HDL), specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the

operation of any aspects or elements of an Accused Instrumentality or any product that is substantially similar to an Accused Instrumentality, including the products identified in response to Plaintiff's Interrogatory No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA incorporates its objections to Interrogatory No. 1. NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks source code and other highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the terms "configuration files," "build scripts," "programmer-visible software interfaces," "drivers", "artwork", are vague, ambiguous, and unintelligible. NVIDIA objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information relating to "any product that is substantially similar to an Accused Instrumentality." NVIDIA objects to this request on the ground that the request to produce all of the types of documents listed renders this request overly broad, unduly burdensome and harassing. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third

party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request as including multiple subparts that should be propounded, numbered, or counted as separate requests for production given the limitations on service of requests for production in this case.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating or referring to the research, design, or development of any of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to the terms "research, design, or development", in the context of the request for "all documents", as overly broad and unduly burdensome. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and

no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents evidencing or reflecting Your investment in any DPU technology, capability, or functionality, including any DPU technology, capability, or functionality in any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly

burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the terms "Data Processing Unit" or "DPU" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any processor that is substantially or reasonably similar." NVIDIA objects to the phrase "investment in" and "any DPU technology, capability or functionality" as vague, ambiguous and overly broad. NVIDIA objects to this request to the extent it seeks a legal conclusion. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor

proportional to the needs of the case. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to, referring to, or constituting instruction manuals or guides, training materials, specifications, suggested configurations, configuration options, implementation guides, or deployment guides for any of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request on the ground that the terms "suggested configurations, configuration options, implementation guides, or deployment guides" are vague, ambiguous, and unintelligible. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore

this request is premature, overbroad, and unduly burdensome.  NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued.  NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show.  NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose.  NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case.  NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case.  NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.  NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to, referring to, or constituting employee instruction manuals or guides, training materials, or other employee educational materials for any of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to the terms "employee instruction manual or guides" and "employee educational materials" as vague and ambiguous. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request to the extent it seeks

information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

## REQUEST FOR PRODUCTION NO. 9:

All documents or other media relating to, referring to, or constituting marketing, advertising, or other pitch material for any of the Accused Instrumentalities, including but not limited to presentations, PowerPoint files, videos, pamphlets, handouts, press releases, blog posts, website pages, links, or files, or other promotional materials.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and

proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request as including multiple subparts that should be propounded, numbered, or counted as separate requests for production given the limitations on service of requests for production in this case. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 10:**

Original copies of all videos of Your executive officers (including Your CEO) discussing or relating to the Accused Instrumentalities, including but not limited to the recorded conference presentations and interviews cited in Xockets' complaints and infringement contentions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the terms "Plaintiff" or "Xockets" as overly broad and unduly burdensome to the extent that it includes all of Xockets' "predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Xockets, Inc. NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "original copies of all videos Your executive officers (including Your CEO) discussing or relating to the Accused Instrumentalities." NVIDIA further objects to the request as seeking "original copies of videos" as vague, ambiguous and unintelligible. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from

public sources. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating or referring to any cost savings or other benefits You or Your customers derive, directly or indirectly, from any DPU technology, capability, or functionality, including any DPU technology, capability, or functionality in any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives,

24

consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the terms "Data Processing Unit" or "DPU" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any processor that is substantially or reasonably similar." NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request on the ground that the phrase "cost savings or other benefits You or Your customers derive, directly or indirectly, form any DPU technology" is vague, ambiguous, and unintelligible. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective

25

Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents describing or relating to the advantages or disadvantages of the Accused Instrumentalities, including but not limited to test results and surveys of customers relating to the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request on the ground that the terms "advantages or disadvantages", "test results" and "surveys" are vague, ambiguous, and unintelligible. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which

would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome.  NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued.  NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show.  NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case.  NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case.  NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.  NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All business cases or other documents relating or referring to financial or business justification for any of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request on the ground that the phrases "[a]ll business cases or other documents" and "referring or relating to a business or financial justification" are vague, ambiguous, and unintelligible. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the

confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

## REQUEST FOR PRODUCTION NO. 14:

All documents relating to any of Your or Your customers' usage, configuration, deployment, or enablement of any DPU technology, capability, or functionality in any Accused Instrumentality.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the terms "Data Processing

Unit" or "DPU" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any processor that is substantially or reasonably similar." NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request to the extent it requests NVIDIA create or produce information that NVIDIA does not maintain in the ordinary course of its business or to the extent it requests that NVIDIA create or produce information in a particular format or at a particular level of detail that NVIDIA does not maintain in the ordinary course of its business. NVIDIA objects to this request on the ground that the phrase "customers' usage, configuration, deployment, or enablement of any DPU technology" is vague, ambiguous, and unintelligible. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose.

NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case.  NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case.  NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.  NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to identify any data center (e.g., by name and address, provider, or other identifying basis) where or with whom You or Your customers operate any of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the

case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request to the extent that it calls for information not within the possession, custody or control of NVIDIA. The responses given herein are based upon information reasonably available to NVIDIA. NVIDIA objects to this request on the ground that the term "data center" is vague, ambiguous, and unintelligible. NVIDIA objects to this request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an unlimited array of information that is not tied to the asserted patents or accused products in this case. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request as including multiple subparts that should be propounded, numbered, or counted as separate requests for production given the limitations on service of requests for production in this case. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally

available to Plaintiff from public sources.    NVIDIA objects to "sufficient to identify any data center (e.g., by name and address, provider, or other identifying basis) where or with whom You or Your customers operate any of the Accused Instrumentalities" as vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show the amount or volume of data You or Your customers parse, process, or transfer using any of the Accused Instrumentalities on a month-by-month basis since September 5, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."   NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar."   NVIDIA objects to this request on the ground that the phrase "data You or Your customers parse, process, or transfer using any of the Accused Instrumentalities" is vague, ambiguous, and unintelligible.  NVIDIA objects to this request to the extent it requests NVIDIA create or produce information that NVIDIA does not maintain in the ordinary course of its business

or to the extent it requests that NVIDIA create or produce information in a particular format or at a particular level of detail that NVIDIA does not maintain in the ordinary course of its business. NVIDIA objects to this request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an unlimited array of information that is not tied to the asserted patents or accused products in this case. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product

doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents referring to, relating to, or constituting contracts or agreements relating or referring to the Accused Instrumentalities, including but not limited to any contracts or agreements with any customers, users, vendors, or suppliers for the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA further objects to the definition of these terms on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys.  NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity.  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar."  NVIDIA objects to the terms "users, vendors, or suppliers" as vague and

ambiguous. NVIDIA objects to this request to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine and will not produce privileged information in response to this request. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show Your revenues, profits, costs, benefits, expenses, and/or savings on a product, specific customer, and month-to-month basis since September 5, 2018, related to any one or more of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar."  NVIDIA objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests NVIDIA create or produce information that NVIDIA does not maintain in the ordinary course of its business or to the extent it requests that NVIDIA create or produce information in a particular format or at a particular level of detail that NVIDIA does not maintain in the ordinary course of its business.  NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued.  NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case.  NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest

privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All licenses, agreements, or contracts to which You are party, or of which You are aware, that purport to (i) transfer any rights in patents, copyrights, trademarks, trade knowledge, know how, technology, or other property associated with server systems, including but not limited to DPU technologies, capabilities, or functionalities, or that (ii) agree to purchase or sell any products associated with server systems, including but not limited to DPU technologies, capabilities, or functionalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."   NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the terms "Data Processing Unit" or "DPU" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any processor that is substantially or reasonably similar."  NVIDIA objects to this request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not tied to the asserted patents or accused products

in this case. NVIDIA objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks an unlimited array of information relating to "licenses, agreements, or contracts…of which [NVIDIA] is aware" that "transfer any rights in patents, copyrights, trademarks, trade knowledge, know how, technology, or other property associated with server systems" or "agree to purchase or sell any products associated with server systems." NVIDIA objects to the scope of this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it does not contain any reasonable or appropriate temporal or geographic limitation. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case.

**REQUEST FOR PRODUCTION NO. 20:**

All contracts or agreements between or among any one or more of parties ever identified as a named Defendant in this action, including NVIDIA, Microsoft, and/or RPX.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly

burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to this request to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine and will not produce privileged information in response to this request. NVIDIA objects to this request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not tied to the asserted patents or accused products in this case. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 21:**

All documents supporting or refuting any alleged defense in this action, including any alleged defense premised on 35 U.S.C. §§ 101, 102, 103, and/or 112.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks NVIDIA's invalidity contentions when no case schedule or Order Governing Proceedings has yet issued, and fact discovery has not opened.  NVIDIA will comply with the Court's case schedule and Order Governing Proceedings once they are issued.  NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing.  NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose.  NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case.  NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case.  NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.  NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 22:**

Any documents received from any third-party in response to any subpoena or other formal or informal discovery process.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to this request on the ground that the term "formal or informal discovery process" is vague, ambiguous, and unintelligible. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad and unduly burdensome. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege and/or any other applicable privileges, protections, or immunities and will not produce privileged information in response to this request. This request has no connection to this litigation the asserted patents or accused products and is thus vague, unduly burdensome and overly broad and harassing.

**REQUEST FOR PRODUCTION NO. 23:**

Organizational charts sufficient to show Your internal corporate structure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to this request to the extent it requests NVIDIA create or produce information that NVIDIA does not maintain in the ordinary course of its business or to the extent it requests that NVIDIA create or produce information in a particular format or at a particular level of detail that NVIDIA does not maintain in the ordinary course of its business. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce organizational charts to show "internal corporate structure" and thus renders this request overly broad, unduly burdensome, unintelligible. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request as including multiple subparts that should be propounded, numbered, or counted as separate requests for production given the limitations on service of requests for production in this case. There is no connection of this request to anything regarding this litigation or the accused products. NVIDIA objects to this request as overly broad, unduly burdensome, and harassing.

**REQUEST FOR PRODUCTION NO. 24:**

Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of any Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar."  NVIDIA objects to this request to the extent it requests NVIDIA create or produce information that NVIDIA does not maintain in the ordinary course of its business or to the extent it requests that NVIDIA create or produce information in a particular format or at a particular level of detail that NVIDIA does not maintain in the ordinary course of its business.  NVIDIA objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not tied to the asserted patents or accused products in this case.  NVIDIA objects to this request on the ground that the terms "positions," "titles," "duties,

"reporting relationship" and "other personnel" are vague, ambiguous, and unintelligible. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request as including multiple subparts that should be propounded, numbered, or counted as separate requests for production given the limitations on service of requests for production in this case. NVIDIA objects to this request as overly broad, unduly burdensome, and harassing.

**REQUEST FOR PRODUCTION NO. 25:**

Samples of each Accused Instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports

to cover products that are outside the scope of this action, particularly to the extent it includes "any NVIDIA product or service that is substantially or reasonably similar." NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request as overly broad and unduly burdensome, harassing and neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 26:**

All communications between You and Xockets or any person acting on Xockets' behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein. NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Defendant NVIDIA Corporation. NVIDIA objects to the definition of the terms "Plaintiff" or "Xockets" as overly broad and unduly burdensome to the extent that it includes all of Xockets' "predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf." NVIDIA will construe these terms to mean Xockets, Inc. NVIDIA objects to the phrase "any person acting on Xockets' behalf" as vague and ambiguous. NVIDIA objects to this request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently

negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome.  NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued.  NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose.  NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case.  NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.

## REQUEST FOR PRODUCTION NO. 27:

All communications between You and any one or more of Parin Dalal, Stephen Belair, Dan Alvarez, Ron Melanson, Greg Lavender, Tom Kelly, and John Blair.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to this request to the extent it seeks information

47

already in Plaintiff's possession or that is equally available to Plaintiff from public sources. NVIDIA objects to this request as seeking information that is not relevant to any party's claim or defense and not proportional to the needs of the case. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing and unless otherwise noted NVIDIA will produce documents sufficient to show. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request as including multiple subparts that should be propounded, numbered, or counted as separate requests for production given the limitations on service of requests for production in this case. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.

**REQUEST FOR PRODUCTION NO. 28:**

All communications between You and any one or more of the other named defendants in

this lawsuit referring or relating to Xockets or the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA further objects to the definition of these terms on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys.  NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity.  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the terms "Plaintiff" or "Xockets" as overly broad and unduly burdensome to the extent that it includes all of Xockets' "predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA will construe these terms to mean Xockets, Inc.  NVIDIA objects to this request to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine and will not produce privileged information in response to this request.  NVIDIA objects to this request to the extent it seeks the discovery of email communications.  The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet

49

been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome.  NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued.  NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing.

### REQUEST FOR PRODUCTION NO. 29:

All communications internal to You referring or relating to Xockets or the Asserted Patents.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA further objects to the definition of these terms on the ground that it calls for the production of information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine in so far as the definition purports to include attorneys.  NVIDIA expressly disclaims any undertaking or obligation to provide information for or on behalf of any other person or entity.  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the terms "Plaintiff" or "Xockets" as overly broad and unduly burdensome to the extent that it includes all of Xockets'

50

"predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA will construe these terms to mean Xockets, Inc.  NVIDIA objects to this request to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, joint defense, common interest and/or any other applicable privilege, protection or doctrine and will not produce privileged information in response to this request.  NVIDIA objects to this request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case.  NVIDIA objects to this request to the extent it seeks the discovery of email communications.  The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing.  NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose.  NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case.  NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 30:**

All communications between You and any third party referring or relating to Xockets or

51

the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

      NVIDIA incorporates by reference its General Statement and Objections as though fully set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly burdensome given that there is no case schedule in place and fact discovery has not opened. NVIDIA objects to the definition of the terms "NVIDIA" and "You" as overly broad and unduly burdensome to the extent that it includes all of NVIDIA's "predecessors, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA will construe these terms to mean Defendant NVIDIA Corporation.  NVIDIA objects to the definition of the terms "Plaintiff" or "Xockets" as overly broad and unduly burdensome to the extent that it includes all of Xockets' "predecessors, officers, directors, employees, partners, attorneys, agents, representatives, consultants, and any person acting on its behalf."  NVIDIA will construe these terms to mean Xockets, Inc.  NVIDIA objects to this request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case.  NVIDIA objects to this request to the extent it seeks the discovery of email communications.  The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome.  NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued.  NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly

burdensome and harassing.  NVIDIA objects to this request to the extent it seeks the confidential

information of third parties that NVIDIA is under an obligation not to disclose.  NVIDIA will

disclose or produce such information subject to any third party required consent or permission and

pursuant to the Protective Order to be entered in this case.  NVIDIA objects to the temporal scope

of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the

needs of the case.  NVIDIA objects to this request to the extent that it seeks to elicit information

subject to and protected by the attorney-client privilege, the attorney work product doctrine, joint

defense or common interest privilege and/or any other applicable privileges, protections, or

immunities and will not produce any privileged information in response to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications referring or relating to RPX or Microsoft in connection

any of the Accused Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

NVIDIA incorporates by reference its General Statement and Objections as though fully

set forth herein.  NVIDIA objects to this request on the grounds that it is premature and unduly

burdensome given that there is no case schedule in place and fact discovery has not opened.

NVIDIA objects to the definition of the term "NVIDIA Accused Instrumentalities" as overly

broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports

to cover products that are outside the scope of this action, particularly to the extent it includes "any

NVIDIA product or service that is substantially or reasonably similar."  NVIDIA objects to this

request to the extent that it seeks disclosure of information that is protected by the attorney-client

privilege, the attorney work product doctrine, joint defense, common interest and/or any other

applicable privilege, protection or doctrine and will not produce privileged information in response

to this request.  NVIDIA objects to this request as irrelevant, overbroad, unduly burdensome, and

not proportional to the needs of this case to the extent it seeks information that is not tied to the asserted patents or accused products in this case. NVIDIA objects to this request to the extent it seeks the discovery of email communications. The parties are currently negotiating an ESI Order which would govern email discovery, but as of the date of these responses, no such order has yet been submitted to, or issued by, the Court, and therefore this request is premature, overbroad, and unduly burdensome. NVIDIA objects to this request as premature, overbroad, and unduly burdensome on the grounds that it seeks highly sensitive and proprietary material when no Protective Order and no case schedule or Order Governing Proceedings have yet issued. NVIDIA objects to this request on the ground that the request to produce "all" of the types of documents that are listed renders this request overly broad, unduly burdensome and harassing. NVIDIA objects to this request to the extent it seeks the confidential information of third parties that NVIDIA is under an obligation not to disclose. NVIDIA will disclose or produce such information subject to any third party required consent or permission and pursuant to the Protective Order to be entered in this case. NVIDIA objects to the temporal scope of this request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of the case. NVIDIA objects to this request to the extent it seeks information already in Plaintiff's possession or that is equally available to Plaintiff from public sources.

Date: January 10, 2025                          Respectfully submitted,

                                                /s/ Mark N. Osborn
                                                Mark N. Osborn
                                                Texas Bar No. 15326700
                                                Valerie R. Auger
                                                Texas Bar No. 24076251
                                                **KEMP SMITH LLP**
                                                221 N. Kansas, Suite 1700
                                                El Paso, Texas 79901

915 546-5214
mosborn@kempsmith.com
valerie.auger@kempsmith.com

John M. Guaragna
Texas Bar No. 24043308
Michael Saulnier
Texas Bar No. 24131647
**DLA Piper LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701
Tel:  512.457.7000
Fax:  512.457.7001
John.guaragna@us.dlapiper.com
Michael.saulnier@dlapiper.com

Mark Fowler
Jake Zolotorev (*Pro hac vice*)
Carrie Williamson (*Pro hac vice*)
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
East Palo Alto, CA  94304
Tel:  650.833.2000
Fax:  650.833.2001
Mark.fowler@us.dlapiper.com
Carrie.williamson@us.dlapiper.com

Clayton Thompson (*Pro Hac Vice*)
**DLA Piper LLP (US)**
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309-3449
Tel: 404.736.7800
Fax: 404.682.7800
clayton.thompson@dlapiper.com

Catherine Huang  (*Pro Hac Vice*)
**DLA Piper LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Tel: 858.677.1400
Fax: 858.677.1401
Catherine.huang@us.dlapiper.com

Peter F. Nelson (*Pro Hac Vice*)
**DLA Piper LLP (US)**
500 Eighth Street, NW

55

Washington, DC 20004
Tel: 202.799.4000
Fax: 202.799.5000
Peter.nelson@us.dlapiper.com

Charles Loughlin (*Pro Hac Vice*)
Christopher Fitzpatrick (*Pro Hac Vice*)
Justin Bernick *(Pro Hac Vice)*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Tel: 202.637.5661

**ATTORNEYS FOR DEFENDANT
NVIDIA CORPORATION**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, on January 10, 2025, I caused the foregoing document to be served on all counsel of record by email.

/s/ Mark N. Osborn
Mark N. Osborn

56