# EXHIBIT 7

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| XOCKETS, INC.,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>NVIDIA CORPORATION, MICROSOFT<br>CORPORATION, and RPX CORPORATION,<br>　　　　　　Defendants. | Case No.: 6:24-cv-453-LS |

## DEFENDANT RPX CORPORATION'S OBJECTIONS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES TO RPX CORPORATION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant RPX Corporation ("RPX") hereby objects to Plaintiff Xockets, Inc.'s ("Plaintiff" or "Xockets") interrogatories directed to RPX, dated December 11, 2024 (the "Interrogatories"), as follows:

### GENERAL STATEMENT AND OBJECTIONS

The General Objections set forth below apply to the Interrogatories generally and to each Definition and Instruction included in the Interrogatory, and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Interrogatory, Definition, and Instruction.

1.　　RPX objects to these Interrogatories on the grounds that they are premature and unduly burdensome given that there is no case schedule in place. The parties have a dispute over when fact discovery opens, and this dispute is currently pending before the Court. Dkts. 133, 135. As a result, when Xockets served these Interrogatories, no scheduling order existed and fact discovery had not yet opened, making these Interrogatories premature.

2.　　Because discovery has not yet begun, these objections are subject to revision, and these objections will be supplemented with responses once discovery begins. It is

-1-

anticipated that further discovery, investigation, and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial changes, additions, or variations to the objections set forth herein.

3.      The following objections are made without prejudice to RPX's right to produce evidence of any subsequently discovered fact or facts that RPX may later recall or produce.  RPX accordingly reserves the right to further object or respond as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.  Nothing in these objections shall limit RPX's ability to conduct further investigation, research, or analysis, or to amend objections and responses as necessary at or before trial.

4.      RPX objects to the Interrogatories to the extent that they purport to impose burdens or obligations on Defendants that exceed the requirements or permissible scope of discovery under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, any order of the Court (including the anticipated Electronically Stored Information ("ESI") Protocol and Protective Order in this case) or any other applicable rules or statutes (collectively, the "Applicable Rules"), including to the extent that they contain compound, conjunctive, or disjunctive questions and thus constitute multiple interrogatories in one.

5.      RPX objects to producing information before entry of the anticipated Scheduling Order and Order Governing Proceedings which will establish, among other discovery limitations, the timing and extent of proper written discovery (including the number of Interrogatories allowed per side).

6.      RPX objects to the Interrogatories to the extent that they seek information or documents that contain or include trade secrets, proprietary commercial information, information subject to a confidentiality agreement between RPX and any other person or entity, confidential information protected by constitutional, statutory or common law rights of privacy, or information that is otherwise confidential in nature.  RPX will make any such responsive information or documents available for inspection only pursuant to the terms of a protective order agreed upon by the parties and entered by the Court in this action.

7.      RPX objects to the Interrogatories to the extent they seek information subject to the non-disclosure agreement entered into between Xockets and RPX on June 11, 2024 (the "NDA").  (Dkt. 88-16.)  Pursuant to the terms of the NDA, which Xockets and RPX entered into each receiving advice from counsel and negotiating its terms, Xockets and RPX "agree[d] not to seek or cause to issue governmental, judicial or regulatory requests either by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand or other legally binding process for information regarding the parties' discussions of a business opportunity, the parties' discussions of patents, RPX's evaluation of the patents, RPX's engagement in discussions concerning the contemplated business opportunity with any RPX Members, or RPX Members' evaluation of the patents or related materials in connection with the contemplated business opportunity."

8.      RPX objects to the Interrogatories to the extent they seek documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common-interest privilege or any other applicable privilege, protection, immunity, law or rule.  Any disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common-interest

privilege or any other applicable privilege, immunity, protection, law or rule is inadvertent and shall not constitute a waiver.

9.      RPX objects to the Interrogatories to the extent that they seek information that is already in the possession or custody of Plaintiff, that is publicly available, or that is more readily available to Plaintiff from another source without imposing unnecessary burden and expense on RPX.

10.      RPX objects to the Interrogatories to the extent that they seek information that is not relevant to the claims, defenses or subject matter of the case, or that is not proportional to the needs of the case.

11.      RPX objects to the Interrogatories to the extent that they imply the existence of facts or circumstances that do not or did not exist.  In providing these objections, RPX does not admit the factual or legal premise of any of the Interrogatories.

12.      RPX objects to each of the Interrogatories to the extent that they require Defendants to make legal conclusions, or to the extent they assume disputed issues.

## OBJECTIONS TO DEFINITIONS

1.      RPX objects to the definitions of "Xockets," "NVIDIA," and "Microsoft" to the extent that they purport to require RPX to search for and produce information regarding former or unknown officers, directors, employees, partners, attorneys, agents, representatives, consultants, or any other person acting on Xockets, NVIDIA, or Microsoft's behalf.  These definitions are overly broad and unduly burdensome and cause the Interrogatories to seek information that is not reasonably ascertainable by RPX.

2.      RPX objects to the definition of "RPX" to the extent that it purports to require RPX to search for and produce information from parent companies, affiliated companies, or from former officers, directors, employees, agents or other representatives of RPX.  This

definition is overly broad and unduly burdensome. RPX will not search for or produce any information that is not on behalf of itself alone.

        3.      RPX objects to the definitions of "NVIDIA Accused Instrumentalities" and "Microsoft Accused Instrumentalities" to the extent that they purport to require RPX to search for and produce information that is neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. RPX further objects to these definitions to the extent that they cause the Interrogatories to seek information that is not reasonably ascertainable by RPX because they require RPX to determine products and services "that [are] substantially or reasonably similar."

        4.      RPX objects to the definitions of "document" and "communication" on the grounds that the definitions are overly broad, unduly burdensome and seek information that is neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTIONS TO INSTRUCTIONS

        1.      RPX objects to Instruction No. 2 to the extent that it purports to impose burdens or obligations on Defendants that exceed the requirements or permissible scope of discovery under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, any order of the Court (including the anticipated Electronically Stored Information ("ESI") Protocol and Protective Order in this case) or any other applicable rules or statutes (collectively, the "Applicable Rules").

        2.      RPX objects to Instructions Nos. 6, 7, and 8 as unduly burdensome as they seek information regarding documents not in RPX's possession, custody or control.

        3.      RPX objects to Instruction No. 9 to the extent that it purports to impose an ongoing obligation on RPX that differs from those in the Applicable Rules.

## OBJECTION TO TIME PERIOD

1.      RPX objects to the absence of a defined "Relevant Time Period" as overly broad, unduly burdensome, and unintelligible.  RPX further objects to this omission to the extent that such an omission seeks information concerning time periods that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action.  RPX further objects to the omission of a Relevant Time Period on the ground that it fails to take into account the specific claims against each Defendant and the appropriate time limitations for those claims.  Plaintiff's claims against RPX are based solely on an alleged conspiracy that Plaintiff claims began around March 27, 2024 or shortly thereafter.  (Dkt. 7 ¶¶281–82.)

## SPECIFIC OBJECTIONS

In addition and subject to the General Objections and Objections to Definitions, Instructions and Time Period described above, RPX objects to the Interrogatories as follows:

**INTERROGATORY NO. 1:**

Describe in detail the circumstances of when You first learned of Xockets and/or any of the Xockets Patents, including the date(s) of Your first knowledge, the person(s) involved in obtaining Your first knowledge, and identify the production number(s) of any documents relating or referring to Xockets and/or any of the Xockets Patents.

**RESPONSE TO INTERROGATORY NO. 1:**

RPX incorporates by reference its above-stated objections.  RPX further objects to this Interrogatory on the grounds that it contains compound, conjunctive, or disjunctive questions and thus constitutes multiple interrogatories in one.  RPX also objects to this Interrogatory to the extent that it seeks information that is already in the possession or custody of Plaintiff, that is publicly available, or that is more readily available to Plaintiff from another source without imposing unnecessary burden and expense on RPX.  RPX additionally objects to this Interrogatory

as unduly burdensome on the grounds that its request that RPX "identify the production number(s) of any documents relating or referring to Xockets and/or any of the Xockets Patents" asks for a compilation of documents or information that would require undue effort and is beyond the scope of standard discovery requests. RPX further objects to this Interrogatory as unduly burdensome on the grounds that it is overly broad, vague, and ambiguous as to the scope of "any documents relating or referring to Xockets or any of the Xockets Patents."

DATED:  January 10, 2024                    Respectfully submitted,

                                                   /s/ *Adam S. Paris*
                                              Deron R. Dacus
                                              Texas Bar No. 00790553
                                              THE DACUS FIRM, P.C.
   821 ESE Loop 323, Suite 430
   Tyler, Texas 75701
   Telephone: (903) 705-1117
   E-mail: ddacus@dacusfirm.com

   Garrard R. Beeney (*pro hac vice*)
   Steven L. Holley (*pro hac vice*)
   SULLIVAN & CROMWELL LLP
   125 Broad Street
   New York, NY 10004
   Telephone: (212) 558-4000
   beeneyg@sullcrom.com
   holleys@sullcrom.com

   Adam S. Paris (*pro hac vice*)
   Caroline M.L. Black (*pro hac vice*)
   SULLIVAN & CROMWELL LLP
   1888 Century Park East
   Los Angeles, CA 90067
   Telephone: (310) 712-6600
   parisa@sullcrom.com
   blackcar@sullcrom.com

   *Attorneys for Defendant*
   *RPX Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 10, 2025, I caused the foregoing document to be served on all counsel of record by email.


/s/ *Seth F. Wacks*
Seth F. Wacks