# EXHIBIT 8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| XOCKETS, INC., <br>    Plaintiff, <br><br>vs. <br><br>NVIDIA CORPORATION, MICROSOFT CORPORATION, and RPX CORPORATION, <br>    Defendants. | Case No.: 6:24-cv-453-LS |

**DEFENDANT RPX CORPORATION'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION TO RPX CORPORATION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant RPX Corporation ("RPX") hereby objects to Plaintiff Xockets, Inc.'s ("Plaintiff" or "Xockets") requests for production directed to RPX, dated December 11, 2024 (the "Requests"), as follows:

**GENERAL STATEMENT AND OBJECTIONS**

The General Objections set forth below apply to the Requests generally and to each Definition and Instruction included in the Requests, and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Request, Definition, and Instruction.

1. RPX objects to these Requests on the grounds that they are premature and unduly burdensome given that there is no case schedule in place. The parties have a dispute over when fact discovery opens, and this dispute is currently pending before the Court. Dkts. 133, 135. As a result, when Xockets served these Requests, no scheduling order existed and fact discovery had not yet opened, making these Requests premature.

2. Because discovery has not yet begun, these objections are subject to revision, and these objections will be supplemented with responses once discovery begins. It is anticipated that further discovery, investigation, and analysis may supply additional facts and add

meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial changes, additions, or variations to the objections set forth herein.

3. The following objections are made without prejudice to RPX's right to produce evidence of any subsequently discovered fact or facts that RPX may later recall or produce. RPX accordingly reserves the right to further object or respond as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made. Nothing in these objections shall limit RPX's ability to conduct further investigation, research, or analysis, or to amend objections and responses as necessary at or before trial.

4. RPX objects to the Requests to the extent that they purport to impose burdens or obligations on Defendants that exceed the requirements or permissible scope of discovery under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, any order of the Court (including the anticipated Electronically Stored Information ("ESI") Protocol and Protective Order in this case) or any other applicable rules or statutes (collectively, the "Applicable Rules").

5. RPX objects to producing information before entry of the anticipated Scheduling Order and Order Governing Proceedings which will establish, among other discovery limitations, the timing and extent of proper document discovery (including the number of Requests for Production allowed per side).

6. RPX objects to the Requests to the extent that they seek information or documents that contain or include trade secrets, proprietary commercial information, information subject to a confidentiality agreement between RPX and any other person or entity, confidential information protected by constitutional, statutory or common law rights of privacy, or information

that is otherwise confidential in nature. RPX will make any such responsive information or documents available for inspection only pursuant to the terms of a protective order agreed upon by the parties and entered by the Court in this action.

7. RPX objects to the Requests to the extent they seek information subject to the non-disclosure agreement entered into between Xockets and RPX on June 11, 2024 (the "NDA"). (Dkt. 88-16.) Pursuant to the terms of the NDA, which Xockets and RPX entered into each after receiving advice of counsel and negotiating its terms, Xockets and RPX "agree[d] not to seek or cause to issue governmental, judicial or regulatory requests either by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand or other legally binding process for information regarding the parties' discussions of a business opportunity, the parties' discussions of patents, RPX's evaluation of the patents, RPX's engagement in discussions concerning the contemplated business opportunity with any RPX Members, or RPX Members' evaluation of the patents or related materials in connection with the contemplated business opportunity."

8. RPX objects to the Requests to the extent they seek documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common-interest privilege or any other applicable privilege, protection, immunity, law or rule. Any disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common-interest privilege or any other applicable privilege, immunity, protection, law or rule is inadvertent and shall not constitute a waiver.

9. RPX objects to the Requests to the extent that they seek information that is already in the possession or custody of Plaintiff, that is publicly available, or that is more readily

available to Plaintiff from another source without imposing unnecessary burden and expense on RPX.

10. RPX objects to the Requests to the extent that they seek documents that are not relevant to the claims, defenses or subject matter of the case, or that are not proportional to the needs of the case.

11. RPX objects to the Requests to the extent that they seek documents that are not in RPX's possession, custody or control.

12. RPX objects to the Requests to the extent that they imply the existence of facts or circumstances that do not or did not exist. In providing these objections, RPX does not admit the factual or legal premise of any of the Requests.

13. RPX objects to each Request to the extent it is unreasonably cumulative or duplicative of any other Request.

14. RPX objects to each of the Requests to the extent that they require Defendants to make legal conclusions, or to the extent they assume disputed issues.

15. RPX objects to each of the Requests to the extent that they call for the identification or production of "all" or "any" documents or communications under circumstances in which a subset of documents would be sufficient to show the pertinent information, on the grounds that the Requests are overly broad and unduly burdensome. RPX objects to the Requests if responding will require making duplicative productions of documents or data.

16. RPX objects to the Requests to the extent they seek production of any form of document or information that is not accessible without undue burden or unreasonable expense or that are otherwise beyond the scope of the Applicable Rules. RPX objects to making any search

that is not limited to documents in the possession, custody or control of agreed-upon custodians reasonably believed to possess responsive information.

17. RPX objects to the Requests to the extent that they purport to require RPX to create documents or metadata that do not exist, and RPX makes no representations that any documents responsive to the Requests exist.

## OBJECTIONS TO DEFINITIONS

1. RPX objects to the definitions of "Xockets," "NVIDIA," and "Microsoft" to the extent that they purport to require RPX to search for and produce information or documents from former or unknown officers, directors, employees, partners, attorneys, agents, representatives, consultants, or any other person acting on Xockets, NVIDIA, or Microsoft's behalf. These definitions are overly broad and unduly burdensome, and cause the Requests to seek information and documents that are not within RPX's possession, custody or control and are not reasonably ascertainable by RPX.

2. RPX objects to the definition of "RPX" to the extent that it purports to require RPX to search for and produce information or documents from parent companies, affiliated companies, or from former officers, directors, employees, agents or other representatives of RPX. This definition is overly broad and unduly burdensome, and causes the Requests to seek information and documents that are not within RPX's possession, custody or control. RPX will not search for or produce any documents that are not on behalf of itself alone.

3. RPX objects to the definitions of "NVIDIA Accused Instrumentalities" and "Microsoft Accused Instrumentalities" to the extent that they purport to require RPX to search for and produce information that is neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. RPX further objects to these definitions to the extent that they cause the Requests to seek information and documents that

are not within RPX's possession, custody or control and are not reasonably ascertainable by RPX because they require RPX to determine products and services "that [are] substantially or reasonably similar."

4.    RPX objects to the definitions of "document" and "communication" on the grounds that the definitions are overly broad, unduly burdensome and seek information that is neither relevant to the claims or defenses at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTIONS TO INSTRUCTIONS

1.    RPX objects to Instructions Nos. 4 and 5 as unduly burdensome as they seek information regarding documents not in RPX's possession, custody or control.

2.    RPX objects to Instruction No. 6 to the extent that it purports to impose an ongoing obligation on RPX that differs from those in the Applicable Rules.

## OBJECTION TO TIME PERIOD

1.    RPX objects to the absence of a defined "Relevant Time Period" as overly broad, unduly burdensome, and unintelligible.  RPX further objects to this omission to the extent that such an omission seeks documents concerning time periods that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action.  RPX further objects to the omission of a Relevant Time Period on the ground that it fails to take into account the specific claims against each Defendant and the appropriate time limitations for those claims. Plaintiff's claims against RPX are based solely on an alleged conspiracy that Plaintiff claims began around March 27, 2024 or shortly thereafter.  (Dkt. 7 ¶¶281–82.)

## SPECIFIC OBJECTIONS

In addition and subject to the General Objections and Objections to Definitions, Instructions and Time Period described above, RPX objects to the Requests as follows:

**REQUEST NO. 1:**

All documents relating or referring to Xockets, Parin Dalal, Stephen Belair, Dan Alvarez, Ron Melanson, Greg Lavender, Tom Kelly, John Blair, or any patent or patents owned by or assigned to Xockets, including but not limited to any of the Xockets Patents.

**RESPONSE TO REQUEST NO. 1:**

RPX incorporates by reference its above-stated objections. RPX further objects to this Request to the extent that it seeks information that is already in the possession or custody of Plaintiff, that is publicly available, or that is more readily available to Plaintiff from another source without imposing unnecessary burden and expense on RPX. RPX further objects to this Request to the extent that it is not reasonably limited in scope, time, or subject matter to the claims and defenses of this action, and is therefore overbroad, unduly burdensome, and not proportionate to the needs of this litigation. RPX further objects to this Request on the grounds that it is duplicative of other discovery requests, specifically Request Nos. 7, 8, 9, 10, and 11 and, therefore, is unduly burdensome.

**REQUEST NO. 2:**

All contracts or agreements between or among any one or more of parties ever identified as a named Defendant in this action, including NVIDIA, Microsoft, and/or RPX.

**RESPONSE TO REQUEST NO. 2:**

RPX incorporates by reference its above-stated objections. RPX further objects to this Request to the extent that it seeks information that is not in RPX's possession, custody, or control, since RPX is not party or otherwise privy to contracts or agreements between Microsoft and NVIDIA. RPX further objects to this Request to the extent that it is not reasonably limited in scope, time, or subject matter to the claims and defenses of this action, and is therefore overbroad, unduly burdensome, and not proportionate to the needs of this litigation.

**REQUEST NO. 3:**

Documents, including all contracts and agreements, sufficient to show the members of RPX.

**RESPONSE TO REQUEST NO. 3:**

RPX incorporates by reference its above-stated objections. RPX further objects to this Request to the extent that it purports to demand documents—"all contracts and agreements"—not necessary to identify RPX's members and there is therefore overbroad, unduly burdensome, and not proportionate to the needs of this litigation.

**REQUEST NO. 4:**

All documents supporting or refuting any alleged defense in this action, including any alleged defense premised on 35 U.S.C. §§ 101, 102, 103, and/or 112.

**RESPONSE TO REQUEST NO. 4:**

RPX incorporates by reference its above-stated objections. RPX further objects to this request to the extent that it requires RPX to make legal conclusions and generate work product, specifically with regards to which documents "support[] or refut[e] any alleged defense in this action." RPX further objects to this request to the extent that it seeks documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common-interest privilege or any other applicable privilege, protection, immunity, law or rule. RPX further objects to this Request to the extent that it seeks information that is already in the possession or custody of Plaintiff, that is publicly available, or that is more readily available to Plaintiff from another source without imposing unnecessary burden and expense on RPX.

**REQUEST NO. 5:**

Any documents received from any third-party in response to any subpoena or other formal or informal discovery process.

**RESPONSE TO REQUEST NO. 5:**

RPX incorporates by reference its above-stated objections. RPX further objects to this Request to the extent that it is not reasonably limited in scope, time, or subject matter to the claims and defenses of this action, and is therefore overbroad, unduly burdensome, and not proportionate to the needs of this litigation. RPX further objects to this Request to the extent that it seeks information that is already in the possession or custody of Plaintiff, that is publicly available, or that is more readily available to Plaintiff from another source without imposing unnecessary burden and expense on RPX.

**REQUEST NO. 6:**

Organizational charts sufficient to show Your internal corporate structure.

**RESPONSE TO REQUEST NO. 6:**

RPX incorporates by reference its above-stated objections.

**REQUEST NO. 7:**

All communications between You and Xockets or any person acting on Xockets' behalf.

**RESPONSE TO REQUEST NO. 7:**

RPX incorporates by reference its above-stated objections. RPX further objects to this Request to the extent that it seeks information that is already in the possession or custody of Plaintiff or that is more readily available to Plaintiff from another source without imposing unnecessary burden and expense on RPX because it seeks communications with Plaintiff and Plaintiff's representatives. This Request further assumes, without specifying any particular people

or organizations, that RPX can determine who was acting on Xockets' behalf at all times, and is for that reason is vague and ambiguous. RPX further objects to this Request on the grounds that it is duplicative of other discovery requests, specifically Request Nos. 1 and 8, and, therefore, is unduly burdensome.

**REQUEST NO. 8:**

All communications between You and any one or more of Parin Dalal, Stephen Belair, Dan Alvarez, Ron Melanson, Greg Lavender, Tom Kelly, and John Blair.

**RESPONSE TO REQUEST NO. 8:**

RPX incorporates by reference its above-stated objections. RPX further objects to this Request to the extent that it seeks information, to the extent it exists, that is already in the possession or custody of Plaintiff or that is more readily available to Plaintiff from another source without imposing unnecessary burden and expense on RPX because it seeks communications with Plaintiff's employees and investors or former employees and investors. RPX further objects to this Request on the grounds that it is duplicative of other discovery requests, specifically Request Nos. 1 and 7, and, therefore, is unduly burdensome.

**REQUEST NO. 9:**

All communications between You and any one or more of the other named defendants in this lawsuit referring or relating to Xockets or the Xockets Patents.

**RESPONSE TO REQUEST NO. 9:**

RPX incorporates by reference its above-stated objections. RPX further objects to this request to the extent that it seeks documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common-interest privilege or any other applicable privilege, protection, immunity, law or rule. RPX further objects to this Request to the extent that it is not reasonably limited in scope, time, or subject matter

to the claims and defenses of this action, and is therefore overbroad, unduly burdensome, and not proportionate to the needs of this litigation. RPX further objects to this Request on the grounds that it is duplicative of other discovery requests, specifically Request No. 1, and, therefore, is unduly burdensome.

**REQUEST NO. 10:**

All communications internal to You referring or relating to Xockets or the Xockets Patents.

**RESPONSE TO REQUEST NO. 10:**

RPX incorporates by reference its above-stated objections. RPX further objects to this request to the extent that it seeks documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common-interest privilege or any other applicable privilege, protection, immunity, law or rule. RPX further objects to this Request to the extent that it is not reasonably limited in scope, time, or subject matter to the claims and defenses of this action, and is therefore overbroad, unduly burdensome, and not proportionate to the needs of this litigation. RPX further objects to this Request on the grounds that it is duplicative of other discovery requests, specifically Request No. 1, and, therefore, is unduly burdensome.

**REQUEST NO. 11:**

All communications between You and any third party referring or relating to Xockets or the Xockets Patents.

**RESPONSE TO REQUEST NO. 11:**

RPX incorporates by reference its above-stated objections. RPX further objects to this Request to the extent that it is not reasonably limited in scope, time, or subject matter to the claims and defenses of this action, and is therefore overbroad, unduly burdensome, and not

proportionate to the needs of this litigation. RPX further objects to this Request on the grounds that it is duplicative of other discovery requests, specifically Request No. 1, and, therefore, is unduly burdensome.

**REQUEST NO. 12:**

All documents and communications referring or relating to NVIDIA or Microsoft.

**RESPONSE TO REQUEST NO. 12:**

RPX incorporates by reference its above-stated objections. RPX further objects to this Request to the extent that it is not reasonably limited in scope, time, or subject matter to the claims and defenses of this action, and is therefore overbroad, unduly burdensome, and not proportionate to the needs of this litigation. Specifically, this Request calls for any document or communication from any time relating to NVIDIA or Microsoft regardless of its subject matter or relevance to Plaintiff's claims in this Action. RPX further objects to this Request on the grounds that it is duplicative of other discovery requests, specifically Request Nos. 2, 9, and 10, and, therefore, is unduly burdensome.

DATED:  January 10, 2024

Respectfully submitted,

 /s/ *Adam S. Paris*
Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
E-mail: ddacus@dacusfirm.com

Garrard R. Beeney (*pro hac vice*)
Steven L. Holley (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
beeneyg@sullcrom.com
holleys@sullcrom.com

Adam S. Paris (*pro hac vice*)
Caroline M.L. Black (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA 90067
Telephone: (310) 712-6600
parisa@sullcrom.com
blackcar@sullcrom.com

*Attorneys for Defendant*
*RPX Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 10, 2025, I caused the foregoing document to be served on all counsel of record by email.

    /s/ *Seth F. Wacks*
    Seth F. Wacks