**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

|  |  |
|---|---|
| **XOCKETS, INC.,** | |
| Plaintiff, | |
| v. | Civil Action No. 6:24-cv-00453-LS |
| **NVIDIA CORPORATION,** **MICROSOFT CORPORATION,** and **RPX CORPORATION** | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF XOCKETS, INC.'S REPLY IN SUPPORT OF**
**XOCKETS' OPPOSED MOTION TO COMPEL DISCOVERY**

Defendants do not dispute that the parties have held a Rule 26(f) conference. Therefore, under the Federal Rules of Civil Procedure, discovery is open absent a Court order to the contrary. (ECF No. 170 at 3–4.) This Court has issued no such Order, and Defendants cannot unilaterally refuse to substantively respond to Xockets' discovery requests. This is the single issue on which Xockets' Motion to Compel turns.

Contrary to Defendants' claim, as they know all too well, it is not Xockets that "declared fact discovery open" (ECF No. 174 at 1.)—it is the Federal Rules of Civil Procedure that dictate that discovery is open. (ECF No. 170 at 3–4 (Xockets' opening brief discussing Rule 26(d)).)

Further, Xockets did not—and does not—dispute that the Court has the authority to set a case schedule. As Xockets itself noted in its Motion to Compel, Xockets has a motion requesting entry of a scheduling order pending before the Court, with competing schedules, that was fully briefed in November 2024. (*See, e.g.*, ECF No. 133 (Motion for Entry of Scheduling Order, fully briefed and awaiting Court's adjudication).) The dispute over which Scheduling Order the Court should adopt, however, does not render the Federal Rules of Civil Procedure moot. Indeed, the Federal Rules are clear on how to proceed in a situation without a Court Order: Move forward without delay. Defendants point to no authority suggesting otherwise. (ECF No. 170 at 3–4.)

Under Defendants' argument, any party could unilaterally avoid its discovery obligations and delay a case by simply manufacturing a dispute about the case schedule.[1] Such a self-granted

---

[1] Defendants' forcing Xockets to seek the Court's assistance on a matter that is governed by the Rules is Defendants' latest delay tactics under Defendants' practice of "efficient infringement" or "predatory infringement." Per this practice, the infringer simply adopts the technology, leaving the small company to enforce its legal rights, with the infringer knowing very few such companies will have the wherewithal to withstand a war of attrition with their army of lawyers. *See* Kristen Osenga, "The Loss of Injunctions under eBay: Evidence of the Negative Impact on the Innovation Economy," Hudson Institute (2024), available at https:// www. hudson.org/regulation/loss-injunctions-under-ebay-evidence-negative-impact-innovation-economy (discussing "efficient"/"predatory" infringement).

stay of discovery would then be in place unless and until the Court were to resolve the concocted dispute. But that flies in the face of the plain language of Rule 26(d) and would permit a party usurp control of the Court's docket. That cannot be correct, and Defendants fail to point to any legal authority supporting such a strained understanding of the Federal Rules of Civil Procedure.

Defendants' reliance on Federal Rules of Civil Procedure 16(b)(1) and (c)(2)(f) is misplaced. (*See* ECF No. 174 at 3.) Rule 16(b)(1) merely directs the Court to enter a Scheduling Order after the Rule 26(f) conference. Rule 16(c)(2)(f) simply identifies that "controlling and scheduling discovery" is a topic for discussion at a pretrial conference. Neither Rule supersedes or sets aside the operation of Rule 26(d).

Defendants' reliance on "practices" or orders adopted in other courts (for which they cite no support) also is misplaced. (*See* ECF No. 174 at 1.) The general "practices" in other courts are not an Order superseding or setting aside the operation of Rule 26(d) ***in this case***.

Defendants also incorrectly argue that Xockets' motion for venue discovery is inconsistent with Xockets' position that discovery already is open. (ECF No. 174 at 4, fn. 1.) Xockets moved for venue discovery as part of a change to the briefing schedule because otherwise Xockets' opposition would have been due before it could conduct appropriate venue discovery. Thus, Xockets' motion merely allows Xockets leave to conduct the venue discovery before briefing is closed on the venue issues and is in no way inconsistent with Xockets' position that discovery already is open. (*See* ECF No. 150 at 1 (Xockets, Inc.'s Opposed Motion for Expedited Venue Discovery).) Indeed, Xockets has already served some of its venue discovery as fact discovery is open under the Federal Rules. Xockets' moving for venue discovery also ensures that Xockets' venue discovery requests (which Xockets specifically labeled as such) would be counted against

venue discovery limits, and not against Xockets' general discovery limits. (*See* ECF No. 150 at 2 (Xockets, Inc.'s Opposed Motion for Expedited Venue Discovery).)

Defendants' unilateral refusal to follow the Federal Rules of Civil Procedure and self-grant of a discovery stay based on the pending Scheduling Order briefing is not a "substantially justified" reason for refusing to substantively respond to Xockets' discovery requests. (*See* ECF No. 150 at 4 (discussing Rule 37(a)(5)(A)).) Accordingly, awarding Xockets attorneys' fees and costs is warranted.

Nothing in Defendants' opposition changes the key undisputed facts: (1) the parties held a Rule 26(f) conference long ago; and (2) there is no Court Order overriding the application of the Federal Rules of Civil Procedure. As such, Rule 26(d) opened discovery as of the date of the Parties' Rule 26(f) conference and Xockets discovery is timely and proper. The Court should grant Xockets' Motion to Compel.

Dated: January 28, 2025

Respectfully submitted,

*/s/ Jamie H. McDole*

**Henry J. Paoli**         (SBN 24032926)
**SCOTT HULSE PC**
One San Jacinto Plaza
201 E. Main St., Ste. 1100
P.O. Box 99123
El Paso, Texas 79999
Tel.: (915) 533-2493
Fax: (915) 546-8333
Email: hpao@scotthulse.com

**Max Ciccarelli**         (SBN 00787242)
**CICCARELLI LAW FIRM**
100 N 6th Street, Suite 503
Waco, Texas 76701
Telephone: 214-444-8869
Email: max@ciccarellilawfirm.com

**Jason G. Sheasby** *(pro hac vice)*          **Jamie H. McDole**     (SBN 24082049)
**IRELL & MANELLA LLP**                             Lead Counsel
1800 Avenue of the Stars                     **Phillip B. Philbin**     (SBN 15909020)
Suite 900                                    **Michael D. Karson**   (SBN 24090198)
Los Angeles, CA 90067                        **David W. Higer**       (SBN 24127850)
Tel.: 310.277.1010                           **Miranda Y. Jones**     (SBN 24065519)
Fax: 310.203.7199                            **Matthew L. Vitale**    (SBN 24137699)
Email: jsheasby@irell.com                    **Cody M. Carter**       (SBN 24131091)
                                             **David A. Neal**        (SBN 24144868)
                                             **WINSTEAD PC**
                                             2728 N. Harwood Street
                                             Suite 500
                                             Dallas, Texas 75201
                                             Tel.: (214) 745-5400
                                             Fax: (214) 745-5390
                                             Email: jmcdole@winstead.com
                                                    pphilbin@winstead.com
                                                    mkarson@winstead.com
                                                    dhiger@winstead.com
                                                    mjones@winstead.com
                                                    mvitale@winstead.com
                                                    ccarter@winstead.com
                                                    dneal@winstead.com

**Austin C. Teng**      (SBN 24093247)
**Nadia E. Haghighatian** (SBN 24087652)
**WINSTEAD PC**
600 W. 5th Street
Suite 900
Austin, Texas 78701
Tel.: (512) 370-2800
Fax: (512) 370-2850
Email: ateng@winstead.com
         nhaghighatian@winstead.com

**ATTORNEYS FOR XOCKETS, INC.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on January 28, 2025, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

*/s/ Jamie H. McDole*
Jamie H. McDole
