IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| XOCKETS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION, MICROSOFT CORPORATION, and RPX CORPORATION,<br><br>    Defendants. | Civil Action No. 6:24-cv-453-LS |

**DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO XOCKETS'
<u>MOTION TO COMPEL VENUE DISCOVERY</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ........................................................................................................................ 2

    A.    The Microsoft Fungible and Azure Boost DPU products are outside the scope of the complaint and are not proper subjects of venue discovery. ............................... 2

    B.    Microsoft has identified relevant employees (ROG 2). .......................................... 4

    C.    Microsoft has provided sufficient information about its servers that use the NVIDIA accused products. ...................................................................................... 6

        1.    Xockets fails to justify any further response (ROGs 2–3; RFPs 1–7, 10). . 6

        2.    Microsoft agreed to provided testimony reasonably pertinent to the case, and Xockets fails to identify topics with "reasonable particularity" as required by Rule 30(b)(6). ............................................................................ 7

    D.    Microsoft has provided adequate information on its activities and customers (ROG 1; RFPs 3, 6, and 10). ................................................................................... 8

    E.    Microsoft has produced Texas marketing documents (RFP 7). ............................... 9

    F.    Microsoft has provided sufficient information regarding its datacenters and Xockets' request for governmental submissions is overbroad and disproportionate to the needs of the case (RFP 9). ........................................................................... 9

    G.    Xockets is not entitled to fees. .............................................................................. 10

III. CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*eCardless Bancorp, Ltd. v. PayPal Holdings, Inc. et al.*,
  Case No. 7:22-cv-00245-ADA-DTG, ECF No. 68 (W.D. Tex. Nov. 21, 2023) ........................4

*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012).................................................................................................3

*Mullen Indus. LLC v. Apple Inc.*,
  No. 6:22-CV-00145-ADA, 2022 WL 4747627 (W.D. Tex. Sept. 30, 2022) ............................5

*Neural AI, LLC v. NVIDIA Corp.*,
  CA 7:24-cv-221, Dkt. 64 (W.D. Tex. May 6, 2025)........................................................1, 2, 3, 5

*In re Nintendo Co.*,
  544 F. App'x 934 (Fed. Cir. 2013) ....................................................................................1, 4, 6

*In re Nintendo of Am., Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014).................................................................................................1

*Reeves v. Wells Fargo Bank, NA*,
  2015 U.S. Dist. LEXIS 182901 (W.D. Tex. Apr. 14, 2015).......................................................7

*S.M.R Innovs. LTD v. Apple Inc.*,
  756 F. Supp. 3d 453 (W.D. Tex. 2024)....................................................................................10

*Vervain, LLC v. Phison Elecs. Corp.*,
  No. 1-24-CV-00259-ADA, 2024 WL 5707827 (W.D. Tex. Dec. 2, 2024)...............................3

**Statutes**

35 U.S.C. § 299(a) ...........................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 20............................................................................................................................3

Fed. R. Civ. P. 26(b)(1)...................................................................................................................5

Fed. R. Civ. P. 37(a)(5)(A) ...........................................................................................................10

Fed. R. Civ. P. 37(a)(5)(A)(ii-iii)..................................................................................................10

Rule 30(b)(6)................................................................................................................................7, 8

I.      INTRODUCTION

Xockets' complaint in this case alleges infringement by certain NVIDIA accused products, for which Microsoft is a mere customer. Xockets alleges that NVIDIA developed and sold the accused products, and that Microsoft purchased them and incorporated them into Microsoft servers. The complaint alleges infringement against Microsoft based *solely* on Microsoft's use of the *NVIDIA* accused products. The knowledge and relevant evidence in Microsoft's possession, custody and control is limited accordingly. Despite Xockets' own allegations, and despite the Court's order permitting only "limited" venue discovery directed to defendants' ties to the district "as they pertain to this case" (Dkt. 177), Xockets moves to compel overbroad and disproportionate discovery from Microsoft untethered to the allegations of its complaint. In doing so, Xockets ignores the issues before the Court on a motion to transfer venue and disregards the Federal Circuit's mandate that, under the customer-suit exception, the court should "protect litigants … against unnecessary inconvenience and expense." *In re Nintendo Co.*, 544 F. App'x 934, 940 (Fed. Cir. 2013) ("*Nintendo II*"); *see also In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (it is "the manufacturer who is generally the 'true defendant' in the dispute").

In response to this Court's order, Microsoft provided substantial venue discovery to Xockets pertaining to the case, including identifying individuals with primary responsibilities for Microsoft's use of the NVIDIA accused products including 5 architects, 11 engineers, and 8 individuals with responsibility for validation, testing, and reliability functions, their work and home locations, Microsoft's real property in Texas, Microsoft's datacenters in Texas, the specific number of Microsoft servers with NVIDIA accused products in Texas, the server locations where Microsoft's internal documents are stored, and a list of Microsoft customers with billing addresses in Texas that use servers with the NVIDIA accused products. Microsoft provided venue discovery

1

in compliance with this Court's order and the norms in this district, and in meet and confers offered to provide more as a compromise to avoid burdening the Court with another unnecessary motion. Xockets refused to consider any compromise and instead filed this motion seeking far more than Microsoft's ties to this district as they pertain to the case, particularly as a customer defendant.

Accordingly, Microsoft respectfully requests that the Court deny Xockets' Motion.

## II. ARGUMENT

### A. The Microsoft Fungible and Azure Boost DPU products are outside the scope of the complaint and are not proper subjects of venue discovery.

Xockets' allegations in its First Amended Complaint are centered entirely on the *NVIDIA* accused products, and Microsoft's use of those products as a customer of NVIDIA. *See generally* Dkt. 8.[1] There is not a single reference to any Microsoft "Fungible" or "Azure Boost DPU" product anywhere in the complaint. *Id.* Xockets' preliminary injunction motion similarly references the *NVIDIA* accused products repeatedly, not any Microsoft Fungible or Azure Boost DPU product. Dkt. 5. At the preliminary injunction hearing, Xockets reiterated to the Court the basis of its complaint against Microsoft was that "Microsoft ultimately adopts the NVIDIA technology." Dkt. 122, 39:19-20. And in its recent motion to compel venue discovery from NVIDIA, Xockets admitted that it is NVIDIA (and Mellanox, the company NVIDIA acquired) "whose DPU activities lie at the heart of Xockets' infringement case." Dkt. 182 at 1. Thus, at every turn, Xockets has made clear this case is about the *NVIDIA* accused products, which are the only products within the scope of the complaint and thus the only products that "pertain to this case." Dkt. 177 at 1.

Despite Xockets' own complaint and repeated statements that this case is about *NVIDIA* accused products, Xockets seeks burdensome and disproportionate venue discovery into Microsoft

---

[1] The complaint repeatedly refers to NVIDIA's products. Dkt. 8 (ConnectX: 68 mentions, Bluefield: 102 mentions, NVLink: 180 mentions, Hopper: 10 mentions, Blackwell: 73 mentions).

2

"Fungible" and "Azure Boost DPU" products outside the scope of the complaint. Xockets' justification for this request is facially unsupported. Xockets falsely argues it "has accused Microsoft's Fungible and Azure Boost products of infringement in [] its First Amended Complaint…" Mot. at 4 (citing Dkt. 7, ¶¶ 324, 430, 482, 531, 581-582, 631). This is inaccurate. Fungible and Azure Boost DPU are not mentioned anywhere in Xockets' complaint. Rather, each of the paragraphs cited by Xockets references only an *NVIDIA* product.[2]

Xockets also argues Fungible and Azure Boost DPU are accused in Xockets' Preliminary Infringement Contentions. Mot. at 4. But infringement contentions cannot expand the scope of allegations beyond the bounds of the complaint. *Vervain, LLC v. Phison Elecs. Corp.*, No. 1-24-CV-00259-ADA, 2024 WL 5707827, at *3 (W.D. Tex. Dec. 2, 2024) (the Court looks at the "complaint alone," not infringement contentions, when assessing the infringement claims at issue). Further, Xockets' purported addition of allegations against Microsoft Fungible or Azure Boost DPUs is prohibited in this case under the patent joinder statute, which limits joinder against two defendants "only if" the claim is based on "the same accused product or process." 35 U.S.C. § 299(a). The unaccused Microsoft products do not meet this requirement. Nor can Xockets rely on general joinder principles, because the Federal Circuit has expressly held that "joinder is not appropriate where different products or processes are involved." *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) (applying Fed. R. Civ. P. 20). Indeed, the Federal Circuit has found an abuse of discretion and granted mandamus relief where a district court improperly considered newly-added products before deciding a motion to sever under the customer-suit exception and a motion

---

[2] Dkt. 7, ¶¶ 324 & 482 ("NVIDIA's Quantum InfiniBand"), 430 ("NVIDIA BlueField DPU"), 531 & 631 ("NVIDIA or other servers"), 581 ("NVIDIA GPU-centric server systems"), 582 ("NVIDIA NVLink Switch DPUs"). The use of generic catch-all language such as "or other" does not state any plausible infringement claim against Microsoft Fungible or Azure Boost DPU.

3

to transfer. *Nintendo II*, 544 F. App'x at 940 ("The subsequent addition of new non-Nintendo product claims against the retailer defendants does not factor into this inquiry"); *see also* Dkt. 139 (Microsoft's motion to sever and stay under the customer suit exception). So too here. Considering Xockets' attempt to add new non-NVIDIA accused products before deciding Microsoft's motion to sever and stay or NVIDIA's motion to transfer would similarly constitute error. Accordingly, the Court should deny Xockets' request for venue discovery into Microsoft "Fungible" or "Azure Boost DPU" products that outside the scope of Xockets' complaint and do not pertain to the case.

### B.     Microsoft has identified relevant employees (ROG 2).

Xockets' Interrogatory No. 1 asks for an identification of *activities* related to the accused products, and Interrogatory No. 2 asks for an identification of *individuals* involved with those activities. Microsoft provided a detailed response, identifying 43 Microsoft employees responsible for various activities related to each specific NVIDIA accused products. Mot. Ex. B at 11-14. For the NVIDIA H100 and H200 products, Microsoft identified 16 individuals; for NVIDIA GB200, it identified 21 individuals; for NVIDIA Bluefield, it identified seven individuals; and for NVIDIA ConnectX it identified 9 individuals. *Id.* Microsoft did not limit its response to selecting a single "primary" individual for each, as Xockets suggests, but instead identified individuals with responsibilities relating to the NVIDIA accused products that were identified after a diligent search and reasonable inquiry. For several activities, Microsoft identified multiple people with primary responsibility for that activity. *Id.* Thus, Microsoft's identification of these individuals as "primarily responsible for the following activities" simply reflects an accurate description of their specific role. This complies with this Court's order and exceeds the level of detail required by *eCardless Bancorp, Ltd. v. PayPal Holdings, Inc. et al.*, Case No. 7:22-cv-00245-ADA-DTG, ECF No. 68 (W.D. Tex. Nov. 21, 2023) (ordering only "high-level, general information"). Xockets fails to identify any individuals or activities related to Microsoft's use of the NVIDIA accused products

4

that it contends is missing.

Instead, Xockets demands that Microsoft produce "a complete listing of every employee in the State of Texas who has had ***any*** involvement of ***any kind*** with the accused products." Mot. at 5. (emphasis added). It apparently seeks to impose a highly burdensome requirement for Microsoft to poll each of its thousands of employees to determine if they have ever worked in Texas and, in "any" way, done "any kind" of work related to the NVIDIA accused products. In an effort to avoid motion practice, Microsoft offered to provide a list of employees in Texas who are members of the groups primarily responsible for commercially deployed servers that include the accused NVIDIA products (e.g., Azure Hardware & Infrastructure), but Xockets rejected that offer. Xockets' refusal to accept any compromise is unreasonable and unjustified.

Xockets relies on *Neural AI, LLC v. NVIDIA Corp.*, CA 7:24-cv-221, Dkt. 64 (W.D. Tex. May 6, 2025), but the facts of that case are readily distinguishable. The *Neural AI* order directed NVIDIA to produce a complete list of Texas employees regarding accused technology that *NVIDIA* developed. *Id*., 2.[3] Here, by contrast, Microsoft is a customer who incorporates the NVIDIA accused products into a cloud platform (Azure) that involves numerous other technologies running on a variety of servers. Xockets complains that the *specific* information Microsoft provided in response to Interrogatory No. 1 (Mot. Ex. B at 11-14) is not enough, but *rejected* Microsoft's offer of a *broader* list of employees within the relevant groups. Xockets seemingly wants to impose a highly burdensome requirement for Microsoft to poll thousands of employees for *any* involvement of *any* kind with the NVIDIA accused products, a request that lacks specificity, is overbroad and is disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). This is especially true for a

---

[3] The *Mullen* case similarly related to seeking discovery from Apple about its own product. *Mullen Indus. LLC v. Apple Inc.*, No. 6:22-CV-00145-ADA, 2022 WL 4747627, at *8 (W.D. Tex. Sept. 30, 2022). It is therefore distinguishable for the same reason.

5

customer, yet Xockets served almost identical requests on Microsoft as it did on NVIDIA. *See* Dkt. 169-8. The Court should deny Xockets' motion here to avoid "unnecessary inconvenience and expense." *Nintendo II*, 544 F. App'x at 940.

### C. Microsoft has provided sufficient information about its servers that use the NVIDIA accused products.

#### 1. Xockets fails to justify any further response (ROGs 2–3; RFPs 1–7, 10).

Xockets complains in highly general form that "there is much information that would be in Microsoft's possession, custody, and control—not NVIDIA's" (Mot. at 7) but does not specify what this information is or even show it is requested by Interrogatories 2–3 or RFPs 1–7 or 10. Xockets thus fails to justify compelling any further response from Microsoft. The only specific complaint Xockets makes is that Microsoft "has not produced any documents related to [] design and development work to optimize NVIDIA products for Microsoft cloud servers." Mot. at 7. But Xockets' discovery requests did not request documents related to optimizing NVIDIA products for Microsoft's cloud servers, nor would such a granular request of a customer defendant be relevant to venue. For example, Interrogatories 2–3 are directed at identifying people and customers. *See* Mot. Ex. B at 15-17. RFPs 1–7 and 10 are similarly directed at other topics. Mot. Ex. C at 8–21, 26–27. Only RFPs 3 and 10 mention "design" and "development," not optimization, but even those requests are directed to documents "sufficient to show the location and extent," which is cumulative of information Microsoft provided in its Interrogatory No. 1 response identifying relevant people and their locations (i.e., "location"), its Interrogatory No. 1 response identifying the number of servers with NVIDIA accused products (i.e., "extent"), in documents produced identifying the location of relevant employees, and in documents produced identifying the location of datacenters. Thus, Microsoft provided the relevant, responsive information on its ties to the venue that pertains to the case, Xockets fails to articulate any specific deficiency, and the Court

6

should deny Xockets' request for anything further.

### 2. Microsoft agreed to provided testimony reasonably pertinent to the case, and Xockets fails to identify topics with "reasonable particularity" as required by Rule 30(b)(6).

Microsoft has agreed to provide a witness, as requested, to "testify generally … to persons involved in Microsoft's" "marketing" (Topics 1 & 13), "design, research, and development" (Topic 3 & 13), and "verification or validation" (Topic 8 & 13) related to Microsoft's use of the NVIDIA accused products, which are the persons with primary responsibility identified in Microsoft's response to Interrogatory No. 1. Given Microsoft's role as a customer with respect to the NVIDIA accused products, this is responsive and proportional to the requested topics based on the scope of Xockets' complaint allegations. But Xockets seeks more. For example, though Microsoft has agreed to provide a witness to testify as to the people (and their locations) primarily involved in the design and development of Azure servers as it relates to use of the NVIDIA accused products, Xockets wants it to provide a witness knowledgeable about other aspects of the Azure servers unrelated to use of the NVIDIA accused products. Any such testimony is overbroad, unduly burdensome and not pertinent to the case, and thus Xockets fails to tailor its 30(b)(6) requests to the proper scope of venue discovery authorized by the Court. Dkt. 177 at 1.

Further, the additional topics on which Xockets moves to compel are not defined with "reasonable particularity" as required by Rule 30(b)(6). "This Rule [] requires that the party who notices a Rule 30(b)(6) deposition"—i.e., Xockets—"'define as clearly as possible the topics for the deposition." *Reeves v. Wells Fargo Bank, NA*, 2015 U.S. Dist. LEXIS 182901, at *2 (W.D. Tex. Apr. 14, 2015). Rather than clarify or narrow its requests, Xockets complains that Microsoft "feigned a lack of understanding about what common, well-understood words mean" (Mot. at 7), but it is Xockets who uses vague, duplicative, and overlapping words in its topics. For example, Xockets refused to clarify what it meant by "product implementation activities" (Topic 9) that

7

would not already be covered by Microsoft's responses on design, research, development, verification and validation (Topics 3, 8, 13)—all of which are aspects of how Microsoft "implements" the NVIDIA accused "products" into Microsoft servers. *See also* Topic 11 ("software and hardware integration" is similarly duplicative of the topics Microsoft already agreed to provide a witness). Xockets also refused at the meet and confer to clarify what it believed was encompassed by "advertising" (Topic 6) but not "marketing" (Topic 1, for which Microsoft agreed to provide a witness). *See also* Topics 2, 4, 5, 7 (sales, professional services, customer relations, and contracting—all further duplicative and overlapping topics for which Xockets has refused to provide the necessary particularity).

Thus, Xockets fails to meet the requirements of Rule 30(b)(6). Its refusal to identify topics with "reasonable particularity" prejudices Microsoft because it is unclear what *additional* information or topics Xockets seeks beyond what Microsoft has already agreed to provide a witness. If there is no difference, then the topics are duplicative. If there is a difference, Xockets has failed to identify it with reasonable particularity under Rule 30(b)(6). Either way, the requested relief is ambiguous and the Court should deny Xockets' Motion.

**D.    Microsoft has provided adequate information on its activities and customers (ROG 1; RFPs 3, 6, and 10).**

Xockets complains Microsoft "does not provide information about the amount of use of the accused products in Texas or about the extent of Microsoft's ties to and business relationships in Texas." Mot. at 8. Not so. Microsoft provided a customer list and the specific number of servers with the NVIDIA accused products in the state of Texas (i.e., the amount of use). Mot. Ex. B. at 10-11. And, as Xockets concedes, Microsoft produced documents showing its real property and datacenters in Texas (i.e., its ties to Texas). Rather than show any deficiency, Xockets simply repeats its argument about Microsoft allegedly failing to identify all relevant employees (for which

8

Xockets is wrong, as explained above in Section II.B) and its argument that Microsoft has not provided discovery for the unaccused Microsoft products (which are outside the scope of the complaint and not proper subjects of venue discovery as explained above in Section II.A).

### E. Microsoft has produced Texas marketing documents (RFP 7).

As it offered to do in the meet and confer, Microsoft has performed a reasonable supplemental search for additional marketing documents and provided a supplemental production of the documents Microsoft located reflecting marketing, public appearances, public statements, or public presentations in the State of Texas as to the NVIDIA accused products. As explained above, to the extent Xockets seeks information on marketing of other aspects of Azure (unrelated to the NVIDIA accused products), such a request is overbroad, unduly burdensome, and disproportionate to the needs of this case in light of Xockets' complaint (which is based entirely on the NVIDIA accused products) and the limited venue issues before the Court. The Court should therefore deny Xockets' request for any further production.

### F. Microsoft has provided sufficient information regarding its datacenters and Xockets' request for governmental submissions is overbroad and disproportionate to the needs of the case (RFP 9).

Xockets' RPF 9 seeks "all" documents relating to "past present or future" datacenter activities including submissions to "any federal, State or local authority" for datacenters "actually or potentially" used in Texas. This irrelevant request is overbroad and not proportional to the needs of this case because it is not tied, in any way, to the accusations of the complaint or the NVIDIA accused products at issue. It does not "pertain to the case." Microsoft provided a document identifying its datacenters in Texas and an interrogatory response detailing the specific number of servers with NVIDIA accused products in its Texas datacenters. Mot. Ex. B at 10-11. Xockets fails to show that Microsoft's response is in any way insufficient. Xockets thus fails to justify compelling any further production. Indeed, the only item Xockets specifically complains about

9

("tax abatements, financial benefits, grants, or economic incentive programs it receives in Texas," Mot. at 10) is the exact type of information this Court has held "is strenuously tied to this case at best." *S.M.R Innovs. LTD v. Apple Inc.*, 756 F. Supp. 3d 453, 467 (W.D. Tex. 2024) (finding strenuous connection between "tax breaks" and venue where, as here, infringement allegations "relate to [] products sold throughout the United States" and there are "specific acts related to the development of the accused products that occurred in NDCA"). Particularly in light of Microsoft's position as a customer of the accused NVIDIA products, Xockets fails to justify its overbroad, disproportionate and burdensome discovery, unbounded in scope, and "strenuously tied to this case at best." *Id.* The Court should deny Xockets' over-reaching request for further venue discovery.

### G. Xockets is not entitled to fees.

Xockets concludes with an unjustified, one-sentence request for attorneys' fees and costs under Fed. R. Civ. P. 37(a)(5)(A). Mot. at 10. That request should be denied. Microsoft made a good-faith effort to comply with this court's order of limited discovery on ties to the district as they pertain to the case. As to non-pertinent matters, Microsoft's "nondisclosure, response or objection was substantially justified" and a fee award would be "unjust" for the reasons explained above. Fed. R. Civ. P. 37(a)(5)(A)(ii-iii).

### III. CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court deny Xockets' Motion.

Dated: July 1, 2025                                  Respectfully submitted,

By: /s/ *Kelly C. Hunsaker*
    Thomas M. Melsheimer
    State Bar No. 13922550
    Samuel W. Riebe
    State Barn No. 24136101
    **WINSTON & STRAWN LLP**
    2121 N. Pearl Street, Suite 900
    Dallas, TX 75201
    Tel: (214) 453-6500
    Fax: (214) 453-6400
    tmelsheimer@winston.com
    sriebe@winston.com

    Kelly C. Hunsaker
    CA Bar No. 168307
    Matthew R. McCullough (*pro hac vice*)
    **WINSTON & STRAWN LLP**
    255 Shoreline Drive, Suite 520
    Redwood City, CA 94065
    Tel. (650) 858-6500
    Fax (650) 858-6559
    khunsaker@winston.com
    mrmccullough@winston.com

    Jeffrey L. Kessler (*pro hac vice*)
    Aldo A. Badini (*pro hac vice*)
    Susannah P. Torpey (*pro hac vice*)
    Lauren E. Duxstad (*pro hac vice*)
    Artem Khrapko (*pro hac vice*)
    Rebecca Ou (*pro hac vice*)
    Daniel Marzagalli (*pro hac vice*)
    **WINSTON & STRAWN LLP**
    200 Park Avenue
    New York, NY 10166
    Tel: (212) 294-6700
    Fax: (212) 294-4700
    jkessler@winston.com
    abadini@winston.com
    storpey@winston.com
    lduxstad@winston.com
    akhrapko@winston.com
    rou@winston.com
    dmarzagalli@winston.com

Scott M. Border (*pro hac vice*)
**WINSTON & STRAWN LLP**
1901 L Street, N.W.
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100
sborder@winston.com

Nasir Hussain (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL  60601-9703
Tel: (312) 558-5600
Fax: (312) 558-5700
nhussain@winston.com

Bruce A. Koehler
Andres E. Almanzan
**MOUNCE, GREEN, MYERS, SAFI, PAXSON & GALATZAN, P.C.**
P.O. Box 1977
El Paso, TX 79950
Tel: (915) 532-2000
Fax: (915) 541-1548
koehler@mgmsg.com
almanzan@mgmsg.com

*Attorneys for Defendant Microsoft Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2025, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                                         */s/ Kelly C. Hunsaker*
                                                         Kelly C. Hunsaker