UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| XOCKETS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 6:24-CV-00453-LS |
| | § | |
| NVIDIA CORPORATION, | § | |
| MICROSOFT CORPORATION, and | § | |
| RPX CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON DISCOVERY MOTIONS**

The parties are conducting discovery regarding Defendant NVIDIA Corporation's ("NVIDIA") motion to transfer venue. Plaintiff Xockets, Inc. ("Xockets") moves to compel discovery from NVIDIA regarding all of its Texas employees, customers, facilities, and property.[1] Xockets also seeks to compel discovery from Defendant Microsoft Corporation ("Microsoft") regarding multiple accused products, Texas employees and teams, submissions to government authorities, marketing, Texas activities, and customers' usage of Microsoft products in Texas.[2] Finally, Xockets seeks to extend the venue discovery deadlines.[3] Xockets' motions to compel are granted in part and denied in part, and its unopposed motion to extend venue discovery is granted.

**I.    LEGAL STANDARD.**

Fed. R. Civ. P. 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Rule 34 or to answer

---

[1] ECF No. 182.
[2] ECF No. 185.
[3] ECF No. 192.

interrogatories under Rule 33.[4] For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[5]

A district court has "broad discretion when deciding discovery matters."[6] Ordinarily, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[7] The Court evaluates proportionality by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[8]

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable.[9] In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."[10] And, in response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."[11]

---

[4] *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).
[5] Fed. R. Civ. P. 37(a)(4).
[6] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011) (citations omitted).
[7] Fed. R. Civ. P. 26(b)(1).
[8] *Id.*
[9] *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citations omitted).
[10] Fed. R. Civ. P. 34(b)(2)(B).
[11] Fed. R. Civ. P. 33(b)(3)–(4).

## II.    ANALYSIS.

Having reviewed the briefing and exhibits, together with relevant law, the Court orders as follows. Regarding Interrogatory No. 2, NVIDIA and Microsoft are ordered to supplement their answers to ensure that they list all their respective personnel who worked on or have individual and personal knowledge of the Accused Products[12] such that any other party during depositions can inquire into, and this Court can later gauge based on same, the extent to which each such person is a potential "witness" for purposes of venue transfer analysis. All other motions to compel, including any request for documents regarding future plans related to the Accused Products' development or marketing, are denied as disproportionate to the needs of the case[13] and beyond the scope of venue determination.

### CONCLUSION.

Xockets' motions to compel discovery [ECF Nos. 182, 185] are granted in part and denied in part as reflected above. Xockets' unopposed motion to extend deadlines [ECF No. 192] is granted. The new deadlines for venue discovery are as follows:

| Event | New Deadline |
|---|---|
| Deadline to request to extend venue discovery for good cause | August 14, 2025 |
| Close of venue discovery | August 21, 2025 |
| Deadline for Xockets to supplement its response to the pending motion to transfer venue | September 4, 2025 |

---

[12] The Court adopts Xockets' definition of "Accused Products" from its operative complaint. *See* ECF No. 7 ¶ 9 n.6.
[13] *See* Fed. R. Civ. P. 26(b)(1).

| | |
|---|---|
| Deadline for each defendant to file reply in support | September 18, 2025 |

**SO ORDERED**.

**SIGNED** and **ENTERED** on July 28, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**